JASON A. GELLER (SBN 168149)
Email:  jgeller@fisherphillips.com
HYUNKI (JOHN) JUNG (SBN 318887)
Email:  hjung@fisherphillips.com
FISHER & PHILLIPS LLP
One Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone:  (415) 490-9000
Facsimile:   (415) 490-9001

Matson Navigation Company, Inc.,
*erroneously* sued as "Matson Navigation Co."

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL B. MARTIN | CASE NO.: 3:23-cv-04859-JD |
| Plaintiff, | **DEFENDANT MATSON NAVIGATION COMPANY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS** |
| v. | |
| MASTERS, MATES & PILOTS; and | DATE:      January 11, 2024 |
| MATSON NAVIGATION CO., | TIME:      10:00 a.m. |
| Defendants. | CTRM:     11 |
| | JUDGE:    Hon. James Donato |
| | Complaint Filed: September 22, 2023 |
| | Trial Date:       None Set |

1

## NOTICE OF MOTION AND MOTION

2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3

   **PLEASE TAKE NOTICE** that on January 11, 2024, at 10:00 a.m., or as soon thereafter

4

as the matter may be heard in Courtroom 11 of the above-entitled court, located at 450 Golden

5

Gate Avenue, San Francisco, California, before the Honorable James Donato, Defendant Matson

6

Navigation Company, Inc. (erroneously sued as Matson Navigation Co.) ("Matson"), by and

7

through its undersigned counsel, will and hereby move for an order dismissing each of Plaintiff

8

Daniel B. Martin's ("Plaintiff") claims set forth in the Complaint with prejudice under the Federal

9

Rules of Civil Procedure 12(b)(6) for failure to state a claim.

10

   This motion is based on the grounds that Plaintiff's Complaint cannot "'state a claim to

11

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This motion is

12

based on this Notice of Motion and Motion, the following Memorandum of Points and

13

Authorities, the concurrently filed Declaration of Danny Defanti, Request for Judicial Notice,

14

and such other matters as may be presented to the Court at or before the hearing on this motion.

15

16

DATE:  November 21, 2023               FISHER & PHILLIPS LLP

17

                              By:   /s/ Jason A. Geller

18

                                    Jason A. Geller
                                    Hyunki (John) Jung

19

                                    Matson Navigation Company, Inc. (*erroneously
                                    named as* Matson Navigation Co.)

20

21

22

23

24

25

26

27

28

DEFENDANT MATSON'S NOTICE OF MOTION AND MOTION TO DISMISS

FP 48736715.5

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ...................................................................................................1

II.   STATEMENT OF ISSUES TO BE DECIDED ....................................................2

III.  SUMMARY OF RELEVANT FACTS .................................................................2

      A.    Plaintiff's Employment With Matson ......................................................2

      B.    Matson's COVID-19 Vaccination Policy and Plaintiff's Religious Exemption Requests ..............................................................................3

IV.  PROCEDURAL HISTORY ...................................................................................3

V.   LEGAL STANDARD ...........................................................................................4

VI.  LEGAL ARGUMENT ..........................................................................................5

      A.    All of Plaintiff's Causes of Action Should be Dismissed Because They Fail to State a Plausible Claim Upon Which Relief can be Granted. ..................5

            1.    Plaintiff's First Cause of Action for Compelled Consent Fails to State a Claim Because Employers May Lawfully Require Vaccinations as a Condition of Employment..................................5

            2.    Plaintiff's Second Cause of Action for Denial of Right to Refuse an EUA Medical Product Fails as a Matter of Law Because the EUA Statute Does not Apply to Matson...................................7

            3.    Plaintiff's Third Cause of Action for Denial of Right to Refuse Medical Treatment Should be Dismissed Because Courts Have Rejected the Existence of a Fundamental Right to Refuse Vaccination. ...................................................................................8

            4.    Plaintiff's Fourth Cause of Action for Tortious Interference with Contract Fails as the Complaint Cannot Plausibly Allege a Prima Facie Case and Matson Cannot Interfere With its Own Contract...........9

      B.    To the Extent the Court Interprets Plaintiff as Attempting to Assert a Title VII Claim, it Fails as a Matter of Law. ..............................................................10

            1.    Plaintiff's Title VII Claim Should be Dismissed Because It is Time-Barred (Counts 1-4)........................................................10

            2.    Plaintiff's Title VII Claim Should Also Be Dismissed Because the Complaint Fails to Plausibly Allege a Prima Facie Case (Counts 1-4). ............................................................................................11

      C.    Plaintiff's Complaint Should be Dismissed with Prejudice Because any Amendment Would be Futile. ...............................................................13

VII. CONCLUSION....................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*America's Frontline Doctors v. Wilcox*,
 Case No. EDCV 21-1243 JGB, 2022 WL 1514038 (C.D. Cal. May 5, 2022) ...................... 8

*Balistreri v. Pacifica Police Dept*,
 901 F.2d 696 (9th Cir. 1988) ........................................................................................... 4

*Beckerich v. St. Elizabeth Med. Ctr.*,
 563 F.Supp.3d 633 (2021) ............................................................................................... 6

*Beusgens v. Galloway*,
 No. 07-cv-43, 2007 WL 1674097 (D. Or. Jun. 7, 2007)................................................... 14

*Burcham v. City of Los Angeles*,
 562 F. Supp. 3d 694 (2022) ........................................................................................ 5, 7, 8

*Cairns v. Franklin Mint Co.*,
 24 F.Supp.2d 1013 (C.D. Cal. 1998) ................................................................................ 4

*Calhoun v. VA MC San Diego*,
 No. 08-cv-2064, 2009 WL 1227891 (S.D. Cal. May 5, 2009) ........................................... 13

*Callahan v. Woods*,
 658 F.2d 679 (9th Cir. 1981) ......................................................................................... 13

*Doe v. San Diego Unified Sch. Dist.*,
 19 F.4th 1173 (9th Cir. 2021) ........................................................................................ 13

*Epstein v. Washington Energy Co.*,
 83 F.3d 1136 (9th Cir. 1996) ......................................................................................... 10

*Ferdik v. Bonzelet*,
 963 F.2d 1258 (9th Cir. 1992) ....................................................................................... 13

*Finkbeiner v. Geisinger Clinic*,
 623 F. Supp. 3d 458 (M.D. Pa. 2022) ............................................................................. 13

*Flowers v. First Hawaiian Bank*,
 295 F.3d 966 (9th Cir. 2002) ......................................................................................... 13

*Haddock v. Board of Dental Examiners*,
 777 F 2d 462 (9th Cir. 1985) ...................................................................................... 4, 5

*Health Freedom Defense Fund v. Reilly*,
 CV 21-8688 DSF (PVCx), 2022 WL 5442479, (C.D. Cal. Sept. 2, 2022) ............................ 8

FP 48736715.5

*Intri-Plex Tech., Inc. v. Crest Grp., Inc.*,
    499 F.3d 1048 (9th Cir. 2007) ................................................................... 2

*Jacobson v. Massachusetts*,
    197 U.S. 11 (1905) ................................................................................. 8

*King v. California*,
    784 F.2d 910 (9th Cir. 1986) ................................................................... 4

*Klaassen v. Trustees of Indiana Univ.*,
    7 F.4th 592 (7th Cir. 2021) ..................................................................... 8

*Lance v. Adams*,
    No. 1:11–cv–00323 OWW GSA, 2011 WL 1813061 (E.D. Cal. May 6,
    2011) .................................................................................................. 6

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) ............................................................... 3, 9

*Lindsey v. Claremont Middle Sch.*,
    No. C 12-02639 LB, 2012 WL 5988548 (N.D. Cal. Nov. 29, 2019) ................. 12

*Liqiang Wei v. Dep't of Physics at Univ. of California at Berkeley*,
    No. 18-cv-00230-MEJ, 2018 WL 457211 (N.D. Cal. Jan. 18, 2018) ................ 11

*Marder v. Lopez*,
    450 F.3d 445 (9th Cir. 2006) ................................................................... 2

*Mason v. Gen. Brown Cent. Sch. Dist.*,
    851 F.2d 47 (2d Cir. 1988) .................................................................... 12

*McCutcheon v. Enlivant ES, LLC*,
    NO. 5:21-cv-00393, 2021 WL 5234787 (S.D.W. Va. Nov. 9, 2021) .............. 6, 7

*Name.Space, Inc. v. Internet Corp.*,
    795 F.3d 1124 (9th Cir. 2015) ................................................................. 9

*Norris v. Stanley*,
    558 F.Supp.3d 556 (W.D. Mich. Aug. 31, 2021) ......................................... 8

*Otworth v. S. Pac. Transportation Co.*,
    166 Cal. App. 3d 452 (1985) ................................................................... 9

*Passarella v. Aspirus, Inc.*,
    2023 WL 2455681 (W.D. Wis. Mar. 10, 2023) .......................................... 13

*Payan v. Aramark Management Services Ltd. Partnership*,
    495 F.3d 1119 (9th Cir. 2007) ............................................................... 11

ii

TABLE OF AUTHORITIES

*Peterson v. Hewlett-Packard Co.*,
   358 F.3d 599 (9th Cir. 2004) ................................................................ 12

*Pour v. Wells Fargo Bank*,
   No: 20-cv-02447 SBA, 2020 WL 12893826, at *8 (N.D. Cal. Dec. 1, 2020) ....................... 7

*Scholar v. Pacific Bell*,
   963 F.2d 264 (9th Cir. 1992) ................................................................ 11

*Silva v. Wells Fargo Bank, N.A.*,
   No. EDCV-14-01769-MWF, 2015 WL 12698453 (C.D. Cal. Mar. 11, 2015) .................. 6, 7

*Tiano v. Dillard Dep't Stores, Inc.*,
   139 F.3d 679 (9th Cir. 1998) ................................................................ 12

*Valdez v. Grisham*,
   559 F.Supp.3d 1161 (D.N.M. Sept. 13, 2021) ................................................ 7, 8

*We The Patriots USA, Inc. v. Hochul*,
   17 F.4th 266 (2d Cir. 2021) ................................................................ 6

*Williams v. Wolf*,
   2019 WL 6311381 (N.D. Cal. Nov. 25, 2019) ................................................ 11

*Wisconsin v. Yoder*,
   406 U.S. 205 (1972) ......................................................................... 12

*Yanik v. Countrywide Home Loans, Inc.*,
   No. CV 10–6268 CAS, 2010 WL 4256312 (C.D. Cal. Oct. 18, 2010) ........................ 9

**Statutes**

21 U.S.C. § 360bbb-3, *et seq.* ................................................................ 7

42 U.S.C. § 2000e–5(f)(1) ..................................................................... 10, 11

Civil Rights Act of 1964 Title VII or Title VII ...................................... *passim*

**Other Authorities**

Rule 12(b)(6) .................................................................................. 4

FP 48736715.5

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    <u>INTRODUCTION</u>**

3

Plaintiff filed the Complaint against Defendant Matson, and Defendant Masters, Mates

4

& Pilots ("MM&P"), alleging *largely non-cognizable* causes of action for (1) compelled consent;

5

(2) denial of right refuse an Emergency Use Authorization ("EUA") medical product; (3) denial

6

of right to refuse medical treatment; and (4) tortious interference with contract. ECF No. 1,

7

Complaint ("Compl.").

8

Although Plaintiff asserts a litany of causes of action, they are all premised on a single

9

underlying legal theory—that Matson cannot lawfully issue a COVID-19 vaccination

10

requirement for its crewmembers. While Plaintiff may disagree with the wisdom or even the

11

efficacy of Matson's mandatory vaccination policy, such a disagreement does not give rise to

12

any cognizable legal claim and Plaintiff's Complaint should be dismissed in its entirety. ***First***,

13

Plaintiff's first cause of action for compelled consent should be dismissed because requiring

14

vaccinations as a condition of employment is not against laws, especially when the policy allows

15

employees certain exemptions, as here. ***Second***, Plaintiff's second cause of action, entirely

16

relying on the EUA statute, also fails to allege a cognizable legal theory because the informed

17

consent requirements under this statute apply only to medical providers and do not apply to an

18

employer, like Matson, when it is not directly administering the vaccine. Further, to the extent that

19

the informed consent requirements under the EUA statute do not apply to a fully approved vaccine,

20

like Comirnaty, Plaintiff's allegations of denial of his right to be informed to accept or refuse

21

administration of such a vaccine simply fail to state a cognizable legal theory. ***Third***, Plaintiff's

22

third cause of action for denial of right to refuse medical treatment also fails as a matter of law

23

because the right to refuse medical treatment is not a recognized fundamental right. ***Fourth***,

24

Plaintiff's fourth cause of action for tortious interference with contract cannot survive dismissal

25

because (i) the Complaint fails to plausibly allege a prima facie case, and (ii) Matson cannot tortiously

26

interfere with a contract to which it is a party.

27

Alternatively, to the extent the Court interprets Plaintiff as attempting to assert a Title VII

28

claim – based on that all of Plaintiff's claims are solely premised upon his assertion that Matson allegedly violated Title VII when Matson was not able to accommodate his COVID-19 vaccine-related religious exemption request – the Complaint should be dismissed because his Title VII Claim is time-barred and also because the Complaint fails to plausibly allege a prima facie case.

Since the Complaint falls far short of stating a plausible claim for relief and any amendment in this case would be futile, Matson respectfully requests that the Court grant this motion to dismiss the Complaint, with prejudice and without leave to amend.

## II.   STATEMENT OF ISSUES TO BE DECIDED

The issues raised by this motion are:

(1)   whether Plaintiff's first cause of action should be dismissed because mandating vaccinations as a condition of employment is lawful and does not amount to coercion;

(2)   whether Plaintiff's second cause of action should be dismissed because the EUA statute does not apply to non-medical providers, like Matson;

(3)   whether Plaintiff's third cause of action should be dismissed because right to refuse unwarranted medical treatment is not a recognized fundamental right;

(4)   whether Plaintiff's fourth cause of action should be dismissed because he cannot plausibly allege a prima facie case and Matson cannot tortiously interfere with its own contract to which it is a party;

(5)   to the extent the Court interprets Plaintiff as attempting to assert a Title VII claim. whether Plaintiff's Title VII Claim should be dismissed because it is time-barred; and

(6)   to the extent the Court interprets Plaintiff as attempting to assert a Title VII claim, whether Plaintiff's Title VII Claim should be dismissed because the Complaint fails to plausibly allege a prima facie case.

## III.   SUMMARY OF RELEVANT FACTS[1]

### A.   Plaintiff's Employment With Matson

The Complaint avers that Matson is "an owner / operator of oceangoing U.S. flagged

---

[1] This is a mere summary of the allegations in the Complaint, and Matson does not concede the truthfulness of the same. While Matson vigorously disputes these allegations, for purposes of this motion only, it accepts the facts in the Complaint as true and supplements them only with (1) publicly available documents and information of which the Court may take judicial notice and (2) the documents attached to or incorporated by reference into the Complaint. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Intri-Plex Tech., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *see also* Request for Judicial Notice ("RJN"), concurrently filed herewith.

merchant vessels under contract with MM&P … a maritime union [whose] membership consists primarily of Deck Officers licensed by the United States Coast Guard." *See* Compl., ¶¶ 2, 3. According to the Complaint, Plaintiff is a "United States Coast Guard Licensed Deck Officer and Member of the … MM&P …." *Id.*, ¶ 1.

### B.    Matson's COVID-19 Vaccination Policy and Plaintiff's Religious Exemption Requests[2]

Plaintiff alleges that on or around August 26, 2021, "[a] notice titled 'Memorandum of Understanding' … was posted at the MM&P dispatch hall at Oakland, California … [t]he practical effect of [which] was that[,] as of October 01, 2021[,] no Member could be dispatched to work on a vessel operated by Matson either in port or at sea unless the Member provided proof of having accepted a 'vaccination' as to COVID-19." *Id.*, ¶¶ 16, 17; *see also* Declaration of Danny Defanti ("Defanti Decl."), ¶¶ 3, 4, Ex. A; RJN, ¶ 1. According to the Complaint, on September 20, 2021, shortly before Matson's vaccination requirement went into effect, Plaintiff sent a letter to Matson objecting to the vaccination requirement. Comp., ¶¶ 5, 18; Ex. B to Compl.; Defanti Decl., ¶ 5, Ex. B; RJN, ¶ 2. Plaintiff further contends after receiving Plaintiff's September 20, 2021 letter, "Matson requested that Plaintiff submit a 'request for religious exemption.'" Compl., ¶ 19; Defanti Decl., ¶ 6, Ex. C; RJN, ¶ 2. According to Plaintiff, his "request was submitted on October 08, 2021." Ex. A to Compl.; Defanti Decl., ¶ 7, Ex. D; RJN, ¶ 2. Thereafter, on October 15, 2021, Plaintiff was notified that Matson could not accommodate his religious exemption request. Compl., ¶ 19; Ex. A to Compl.; Defanti Decl., ¶ 8, Ex. E; RJN, ¶ 2.

### IV.    PROCEDURAL HISTORY

On or around March 7, 2022, Plaintiff filed a Charge with the EEOC, alleging Matson's

---

[2] The Complaint and the exhibits attached thereto make direct reference to Matson's COVID-19 vaccination policy as well as Plaintiff's religious exemption requests. Compl., ¶¶ 5, 18, 19, Exs. A, B. Because these documents are extensively referenced throughout the Complaint and form the basis for Plaintiff's entire causes of action, they are properly incorporated by reference into the Complaint. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (holding that a court may take judicial notice of facts on a 12(b)(6) motion without converting the motion into a motion for summary judgment even if the documents are not physically attached to the complaint where the documents' authenticity is not contested, and plaintiff's complaint necessarily relies on them); *see also* RJN, ¶¶ 1, 2.

FP 48736715.5

purported Title VII violation with respect to the COVID-19 vaccination policy.[3] The Charge specifically alleges that: "[o]n or around September 2021, [he] was notified by [Matson] that effective October 1, 2021[,] all employees would be required to be vaccinated, unless the employee had a religious or medical exemption." *Id.* It further states, "I sincerely hold a religious belief that conflicts with [Matson's] COVID-19 vaccination mandates. On October 15, 2021, my religious exemption was denied by [Matson]." *Id.* Based on these allegations, Plaintiff alleges that he has been "discriminated against because of [his] religion … in violation of [his] rights as protected by Title VII …." *Id.* On February 13, 2023, the EEOC issued a right-to-sue notice. *Id.* Pursuant to this notice, Plaintiff was required to file a lawsuit within 90 days of his receipt of the notice. *Id.* **221 days after the EEOC issued Plaintiff the Right-to-Sue notice**, on September 22, 2023, Plaintiff *belatedly* filed the Complaint against Matson and MM&P, alleging largely non-cognizable causes of action for (1) compelled consent, (2) denial of right to refuse an EUA medical product, (3) denial of right to refuse medical treatment, and (4) tortious interference with contract. *See generally* Compl.[4]

## V.    LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Cairns v. Franklin Mint Co.*, 24 F.Supp.2d 1013, 1023 (C.D. Cal. 1998). Dismissal under the rule may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss also is proper where, as here, a plaintiff seeks remedies to which he is not entitled as a matter of law. *See, e.g., King v. California*, 784 F.2d 910 (9th Cir. 1986). While *pro se* complaints are held to less rigorous standards than formal pleadings by lawyers, the courts are empowered, nevertheless, to dismiss *pro se* complaints where the plaintiff fails to state a claim and where it appears beyond doubt that the plaintiff cannot prove facts to support a claim that would entitle him to relief. *Haddock v.*

---

[3] RJN, ¶ 3, Ex. 1 (Plaintiff's EEOC Charge of Discrimination, and the Right-to-Sue Letter).
[4] Tellingly, Plaintiff alleges his EEOC action "commenced on March 01, 2022, **remains ongoing** as regards violations of Plaintiff's religious rights by MM&P / Matson" despite receiving the EEOC's right-to-sue letter dated February 13, 2023. Compl., ¶ 20 (emphasis added); RJN, ¶ 3, Ex. 1.

4

1    *Board of Dental Examiners*, 777 F 2d 462 (9th Cir. 1985). That outcome is called for here.

2    **VI.    LEGAL ARGUMENT**

3            **A.    All of Plaintiff's Causes of Action Should be Dismissed Because They Fail to State a Plausible Claim Upon Which Relief can be Granted.**

4

5            In this action, the Complaint alleges causes of action for (1) compelled consent, (2) denial

6    of right refuse an EUA medical product (3) denial of right to refuse medical treatment, and (4)

7    tortious interference with contract. *See* Compl. As an initial matter, first through third causes of

8    action are not recognized under any applicable law as no such causes of action exist. Even if the

9    Court were to consider these non-cognizable causes of action, all of them, as pled, must be

10   dismissed for failure to state a claim because they all fail to allege a cognizable legal theory

11   and/or sufficient facts to support such a non-cognizable theory.

12           **1.    Plaintiff's First Cause of Action for Compelled Consent Fails to State a Claim Because Employers May Lawfully Require Vaccinations as a Condition of Employment**.

13

14           Plaintiff's first cause of action for "compelled consent" is premised upon that Matson

15   somehow "forced [him] to make a stark decision: Either not go to work or submit to an experimental

16   EUA medical product/ EUA medical treatment." Compl., ¶ 26. Even under the less stringent standard

17   liberally construing his *pro se* Complaint, Plaintiff's claim must be dismissed because the Complaint

18   fails to state a cognizable legal theory under this cause of action.

19           First, Plaintiff fails to state a cognizable legal theory because mandating vaccinations as

20   a condition of employment is lawful and does not amount to coercion. COVID-19 vaccination

21   policies similar to Matson's vaccination policy have been addressed by many courts over the last

22   two years and similar legal arguments have been consistently rejected by courts. For example, in

23   *Burcham v. City of Los Angeles*, 562 F. Supp. 3d 694 (2022), a Central District case, the City's

24   vaccination policy, like here, allowed for the employees to apply for religious or medical

25   exemptions. *Id.*, at 699. After noting that the mandatory vaccination policy "doesn't amount to

26   coercion" and did not violate any of the Plaintiffs' constitutional rights, the Court granted the

27   City's motion and dismissed the complaint. *Id.*, at 707 n. 4., 708. Other courts have also found

28   that objecting to an employer's mandatory vaccine requirement does not give rise to a cognizable

legal theory and is subject to dismissal. *See McCutcheon v. Enlivant ES, LLC*, CIVIL ACTION NO. 5:21-cv-00393, 2021 WL 5234787, at *3 (S.D.W. Va. Nov. 9, 2021) (dismissing Plaintiff's claims noting that "[plaintiff] is free to accept or refuse the COVID-19 vaccine. If she refuses, she need only to pursue employment elsewhere"); *see also Beckerich v. St. Elizabeth Med. Ctr.*, 563 F.Supp.3d 633, 644 (2021) ("[N]o Plaintiff in this case is being forcibly vaccinated … no Plaintiff is being imprisoned and vaccinated against his or her will … Rather, these Plaintiffs are choosing whether to comply with a condition of employment or to deal with the potential consequences of that choice"); *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 294 (2d Cir. 2021) (holding that making vaccination a condition of employment does not come close to the level of coercion necessary to infringe a liberty interest in avoiding forcible medical treatment).

Second, what all these authorities make clear is that requiring vaccinations as a condition of employment is not against any laws, especially when the policy allows employees certain exemptions, as here. While Plaintiff alleges, in conclusory fashion, that he was "coerced into a position of compelled consent," Matson's mandatory vaccination policy, as Plaintiff also concedes, afforded him an opportunity to seek religious exemptions, and Plaintiff did submit a request for religious exemption. *See e.g.*, Compl., ¶¶ 5, 18, 19; ECF No. 1, pp. 18-21 (Ex. B to Compl.). In that regard, the Complaint also fails to allege sufficient facts to support this purported "coercion" and "compelled consent" because he had the options to choose to get vaccinated or apply for a religious exemption.

Third, nowhere in the allegations does Plaintiff identify any specific laws or his rights Matson alleged violated by implementing the vaccination policy, other than his wholly conclusory allegation that he was allegedly coerced. This alone warrants dismissal. *See Lance v. Adams*, No. 1:11–cv–00323 OWW GSA, 2011 WL 1813061, at *3 (E.D. Cal. May 6, 2011) (dismissing plaintiff's claims noting that "Plaintiffs' complaint fails to specifically identify what federal laws have been violated …  Additionally, Plaintiffs' complaint asserts a "deprivation of rights," but fails to identify which rights have allegedly been violated"); *Silva v. Wells Fargo Bank, N.A.*, Case No. EDCV-14-01769-MWF (DTBx), 2015 WL 12698453, at *4 (C.D. Cal.

Mar. 11, 2015) (dismissing pro se complaint noting that "Plaintiff has failed to identify any California law which has been violated and stated only in the most conclusory of ways that Defendants have violated California law"); *see also Pour v. Wells Fargo Bank*, Case No: 20-cv-02447 SBA, 2020 WL 12893826, at *8 (N.D. Cal. Dec. 1, 2020) (dismissing plaintiff's claim when he "fails to identify any law that Defendant violated").

> **2.** **Plaintiff's Second Cause of Action for Denial of Right to Refuse an EUA Medical Product Fails as a Matter of Law Because the EUA Statute Does not Apply to Matson.**

21 U.S.C. § 360bbb-3, *et seq.* (the "EUA statute") allows the FDA to authorize emergency use of a vaccine that has yet to receive full approval. *Id.*, § 360bbb-3(a)(2). Under the EUA statute, prior to *a medical provider* administering an unapproved product, they must give a patient "the option to accept or refuse administration." *Id.*, § 360bbb-3(e)(1)(A)(ii)(III).

In his second cause action, Plaintiff argues that Matson's vaccination policy violates the EUA statute's "informed consent requirements" when "Plaintiff has repeatedly identified a substantive right to refuse administration of the EUA medical products that … Matson required [and] [t]he intentional denial of the exercise of this right has resulted in financial loss to Plaintiff." Compl., ¶ 34, 40. While Plaintiff is entitled to his beliefs, at this stage, his objections to Matson's vaccination policy fueled by his skepticism about COVID-19 cannot simply withstand legal scrutiny for two reasons.

First, courts have repeatedly rejected employees' similar claims under the EUA statute because the informed consent requirements under this statute apply only to "medical providers" and does "not apply to an employer when the employer is not directly administering the vaccine.'" *Burcham*, 562 F. Supp. 3d at 708; *Valdez v. Grisham*, 559 F.Supp.3d 1161, 1172 (D.N.M. Sept. 13, 2021) (stating that 21 U.S.C. § 360bbb-3(e)(1)(A) only applies to medical providers who are "directly administering the vaccine"); *see McCutcheon*, 2021 WL 5234787, at *3 (noting that the EUA statute "has no impact upon the rights and responsibilities of private employers"). Because the Complaint alleges Matson "is an owner / operator of oceangoing U.S. flagged merchant vessel," rather than a medical provider, Plaintiff's second cause of action for denial of right to refuse an EUA medical product cannot plausibly state a cognizable legal theory, as the EUA statute does not apply

to Matson, which is not a medical provider directly administering the vaccine.

Second, it is noteworthy the Pfizer vaccine was given full FDA approval even before Plaintiff filed his Complaint, with the result that its use is no longer subject to the conditions applicable to the EUA statute. Plaintiffs also concedes this point. Compl., ¶ 36 ("the Pfizer BioNtech 'Comirnaty' is FDA 'approved[.]'"). Because informed consent requirements under the EUA statute do not apply to a fully approved vaccine, like Comirnaty, Plaintiff's allegations under the EUA statute fails to state a cognizable legal theory. *See Burcham*, 562 F. Supp. 3d at 708 ("The Pfizer vaccine has received full FDA approval … Therefore, the informed consent requirements of the EUA statute do not apply to the Pfizer vaccine."); *Valdez*, 559 F.Supp.3d at 1171 (same); *see also Norris v. Stanley*, 558 F.Supp.3d 556, 559 (W.D. Mich. Aug. 31, 2021) (same).

3.   **Plaintiff's Third Cause of Action for Denial of Right to Refuse Medical Treatment Should be Dismissed Because Courts Have Rejected the Existence of a Fundamental Right to Refuse Vaccination.**

Plaintiff's yet another non-cognizable cause of action for denial of right to refuse medical treatment alleges that Matson denied his "well established common law right to refuse medical treatment," by mandating the COVID-19 vaccination. Compl., ¶ 41. This claim also fails as a matter of law because "right to refuse medical treatment" is not a recognized fundamental right.

Over a century ago, the Supreme Court recognized that mandatory vaccination requirements, like Matson's, do not implicate an individual's fundamental right. *See, e.g., Jacobson v. Massachusetts*, 197 U.S. 11, 32-33 (1905) (listing cases). Relying on *Jacobson*, many lower courts have repeatedly held that there is no fundamental right to refuse vaccination. *See Burcham*, 562 F. Supp. 3d at 706 (holding that "there has never been a fundamental right to refuse vaccination"); *America's Frontline Doctors v. Wilcox*, Case No. EDCV 21-1243 JGB (KKx), 2022 WL 1514038, at *8 (C.D. Cal. May 5, 2022) (rejecting plaintiffs' arguments that the vaccine mandate violated the right to reject medical treatment and noting that "Plaintiffs fail to establish that the Policy implicates a fundamental right"); *Health Freedom Defense Fund v. Reilly*, CV 21-8688 DSF (PVCx), 2022 WL 5442479, at *5 (C.D. Cal. Sept. 2, 2022) (same); *Klaassen v. Trustees of Indiana Univ.*, 7 F.4th 592, 593 (7th Cir. 2021) ("Given Jacobson [citation], which holds that a state may require all members of

1  the public to be vaccinated against smallpox, there can't be a constitutional problem with vaccination

2  against SARS-CoV-2."). As these cases undoubtedly demonstrate, there is no fundamental right to

3  refuse vaccination under any applicable law. Accordingly, Plaintiff's cause of action for denial of

4  right to refuse medical treatment should be dismissed for failure to state a claim.

5          **4.      Plaintiff's Fourth Cause of Action for Tortious Interference with
          Contract Fails as the Complaint Cannot Plausibly Allege a Prima
6          Facie Case and Matson Cannot Interfere With its Own Contract.**

7          To state a claim for tortious interference with contractual relations, Plaintiff must allege

8  "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of the

9  contract; (3) defendant's intentional acts designed to induce breach or disruption of the contract;

10  (4) actual breach or disruption; and (5) resulting damage." *Name.Space, Inc. v. Internet Corp.*,

11  795 F.3d 1124, 1133-34 (9th Cir. 2015) (dismissing plaintiff's tortious interference with contract

12  claims when the plaintiff "does not allege any facts plausibly suggesting that [defendant acted]

13  with the intent to breach or disrupt any existing contracts") (internal citation omitted).

14          Here, the Complaint, as pled, cannot plausibly allege a prima facie case.

15          *First*, Plaintiff fails to sufficiently plead any details regarding the alleged contract besides a

16  nebulous purported violation of his right to work. *See Yanik v. Countrywide Home Loans, Inc.*, No.

17  CV 10–6268 CAS (RZx), 2010 WL 4256312, at *5-6 (C.D. Cal. Oct. 18, 2010) (dismissing

18  plaintiff's tortious interference with contract claim because plaintiff "has failed to properly allege

19  that he and defendants had a valid and existing contract … [and] fails to identify facts establishing

20  the contracts with which defendants allegedly interfered …"); *see also Otworth v. S. Pac.*

21  *Transportation Co.*, 166 Cal. App. 3d 452, 459 (1985) (To plead a contract claim, the "terms must

22  be set out verbatim in the body of the complaint or a copy of the written instrument must be attached

23  and incorporated by reference."). Since the Complaint does not provide any further details, the Court

24  is left to guess as to what provisions of a contract, if any exist, were breached.

25          *Second*, the Complaint also fails to sufficiently allege Matson's intentional acts designed

26  to induce breach or disruption of the contract. As stated, Plaintiff's only basis in asserting his

27  tortious interference with contract claim is that Matson and MM&P somehow "have colluded to

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT MATSON'S MOTION TO DISMISS

FP 48736715.5

intentionally engage in tortious interference with Plaintiff's contractual right to work." Compl., ¶ 51. This is not only vague but also a wholly "conclusory statement." *See e.g., Lee*, 250 F.3d at 679 (holding that plaintiff must plead more than conclusory allegations of law to avoid dismissal); *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

<u>*Third*</u>, to the extent that Plaintiff alleges Matson tortiously interfered with his contract by "forcing Plaintiff to chose [sic] between working or exercising substantive rights, i[.]e[.]; the right to decline compelled consent, the right to refuse an EUA medical product, and the right to refuse a medical treatment" (Compl., ¶ 51), he cannot plausibly allege the third element, e.g., actual breach or disruption, because a private employer can mandate COVID-19 vaccination and it does not implicate any cognizable violation of rights or laws. *See* above sections VI.A.1-3.

Furthermore, Matson cannot tortiously interfere with its *own* contract with MM&P, e.g., the COVID-19 vaccination policy. By allowing an unvaccinated individual, like Plaintiff, to work on Matson's vessels, Matson would be violating the terms of its own contract with MM&P, to which it is the party.

**B.    <u>To the Extent the Court Interprets Plaintiff as Attempting to Assert a Title VII Claim, it Fails as a Matter of Law.</u>**

While the Complaint does not explicitly reference Title VII of the Civil Rights Act of 1964 ("Title VII"), it is undisputed that all of Plaintiff's claims set forth therein arise out of Matson's implementation of the COVID-19 vaccination policy. In that regard, Plaintiff's entire causes of action, regardless of how they are labeled in the Complaint, are solely premised upon his assertion that Matson allegedly violated Title VII when Matson was not able to accommodate his COVID-19 vaccine-related religious exemption request. To the extent the Court interprets Plaintiff as attempting to assert a Title VII claim, the Complaint should be dismissed because his Title VII claim is time-barred, and the Complaint fails to plausibly allege a prima facie case.

**1.    <u>Plaintiff's Title VII Claim Should be Dismissed Because It is Time-Barred (Counts 1-4).</u>**

When the EEOC closes an administrative charge and issues a right-to-sue letter, it provides the charging party with a notification that "within ninety days after [receiving a right-

1  to-sue letter] a civil action may be brought against the respondent ….” 42 U.S.C. § 2000e–5(f)(1).

2  The requirement for filing a civil action within 90 days from the date Plaintiff received the right-

3  to-sue letter constitutes a statute of limitations. *Scholar v. Pacific Bell*, 963 F.2d 264, 266-267

4  (9th Cir. 1992). Thus, if Plaintiff fails to file a civil lawsuit within 90-day period, the action is

5  time-barred. *Id.*

6        Here, to the extent that Plaintiff's entire Complaint is predicated on his Title VII claims,

7  the Complaint cannot survive dismissal because Plaintiff failed to file his Complaint within this

8  90-day period.[5] Since the EEOC issued Plaintiff a right-to-sue letter on or around February 13,

9  2023,[6] Plaintiff had 90 days to file this lawsuit after receiving the letter. *Id.*; 42 U.S.C. § 2000e–

10  5(f)(1); *Scholar*, 963 F.2d at 266-267. Assuming that Plaintiff received the letter 3 days after the

11  issuance, he was required to file the Complaint within 90 days, e.g., by May 17, 2023. *See Payan*

12  *v. Aramark Management Services Ltd. Partnership*, 495 F.3d 1119, 1125-25 (9th Cir. 2007)

13  (rebuttable presumption exists that right-to-sue letter was received within 3 days of its mailing).

14  Plaintiff did not file his Complaint, until September 22, 2023 – ***221 days after the EEOC issued***

15  ***the Right-to-Sue letter***. Accordingly, to the extent this Court interprets Plaintiff's Complaint as

16  attempting to assert a Title VII claim, the Complaint should be dismissed because his entire Title

17  VII claim is time-barred.

18        **2.**     **Plaintiff's Title VII Claim Should Also Be Dismissed Because the**
19              **Complaint Fails to Plausibly Allege a Prima Facie Case (Counts 1-4).**

20        To state a plausible failure-to-accommodate claim under Title VII, Plaintiff must plead

21  that (1) he had a sincerely held religious belief that conflicted with an employment duty; (2) he

22

23  [5] The Complaint, on its face, also fails to plead that Plaintiff exhausted his administrative
   remedies by receiving a right-to-sue letter from the EEOC. *See* Comp., ¶ 20 (The EEOC action
24  "remains ongoing as regards violations of [his] religious rights by MM&P / Matson."); *see*
   *Williams v. Wolf*, 2019 WL 6311381, at *6 (N.D. Cal. Nov. 25, 2019) (the Complaint "must
25  allege compliance with this [administrative remedy exhaustion requirement, e.g., receiving a
   right to sue letter from the EEOC] … in order to state a claim on which relief may be granted");
   *Liqiang Wei v. Dep't of Physics at Univ. of California at Berkeley*, Case No. 18-cv-00230-MEJ,
26  2018 WL 457211, *at 4 (N.D. Cal. Jan. 18, 2018) (finding that dismissal of Plaintiff's Title VII
27  claim is appropriate where "the Complaint does not contain facts alleging that Plaintiff has
   received a right-to-sue letter").

28  [6] RJN, ¶ 3 (EEOC's Right-to-Sue Letter).

FP 48736715.5

informed his employer of the religious belief and conflict, and (2) the employer subjected him to an adverse employment action because of his inability to fulfill the job requirements. *See Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004) (citing *Heller v. EBB Auto. Co.*, 8 F.3d 1433, 1438 (9th Cir.1993)). To do so, Plaintiff must plausibly allege that his beliefs are grounded in religious beliefs, not secular concerns. *See Wisconsin v. Yoder*, 406 U.S. 205, 215-16 (1972); *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 682 (9th Cir. 1998) ("Title VII does not protect secular preferences"); *see also Mason v. Gen. Brown Cent. Sch. Dist.*, 851 F.2d 47, 51 (2d Cir. 1988) ("[a]n individual's assertion that the belief [is religious does not] automatically mean that the belief is religious ... a threshold inquiry into the religious aspect of particular beliefs and practices cannot be avoided if we are to determine what is in fact based on religious belief, and what is based on secular or scientific principles") (collecting cases).

Here, the Complaint does not plausibly allege a prima facie case for Plaintiff's Title VII claim as it is completely devoid of any facts to show that Plaintiff had a sincerely held religious belief that conflicted with an employment duty.  Specifically, the Complaint fails to allege what religion Plaintiff practices, what beliefs he holds, and how those beliefs conflict with Matson's COVID-19 vaccine policy. *See Lindsey v. Claremont Middle Sch.*, No. C 12-02639 LB, 2012 WL 5988548, at *2 (N.D. Cal. Nov. 29, 2019) (dismissing a plaintiff's Title VII failure-to-accommodate claim in part because it was unclear, "for instance, what religion [the plaintiff] practices, or how any of Defendants' conduct affects that practice.").

Furthermore, the Complaint fails to plausibly allege that Plaintiff's stated objections are rooted in religious concerns. Rather, Plaintiff's objections that the COVID-19 vaccines – a purported "experimental mRNA gene therapy" (Compl., ¶ 42) – would "harm" his body and "the immune system" (Compl., ¶ 52) are unprotected secular beliefs.[7] Courts have held that an

---

[7] Plaintiff's October 8, 2021 letter responding to Matson's additional questions relating to his religious exemption request further demonstrates that his grounds for objections to the COVID-19 vaccination are rooted on purely secular grounds. Defanfi Decl., ¶ 7, Ex. D ("the intrusion of unnatural, system-disturbing chemicals into a healthy body is an immoral attack on the body," "I ingest only wholesome, nutritious food, free of unnatural additives, organic and non-GMO as available, maintain a healthy level of physical activity, and generally abstain from unhealthy practices"); RJN, ¶ 2.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT MATSON'S MOTION TO DISMISS

FP 48736715.5

employee's religious exemption request can be denied on the grounds that the employee's belief is not truly religious in nature. *See Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1180 (9th Cir. 2021) ("an employee's request for an exemption from a COVID-19 vaccination mandate can be denied on the grounds that the employee's belief is not truly religious in nature"); *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981) (plaintiffs' claims must originate from religious beliefs rather than purely secular philosophical concerns); *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 465 (M.D. Pa. 2022) (dismissing religious accommodation claims under Title VII related to the COVID-19 vaccine mandate and finding plaintiff's purported beliefs related to "free will" were not religious); *Passarella v. Aspirus, Inc.*, 2023 WL 2455681, at *2-7 (W.D. Wis. Mar. 10, 2023) (exemption requests "predicated fundamentally on [] concerns with the safety of the vaccine and [plaintiffs'] right to bodily integrity").

Consistent with the decisions of numerous courts considering similar objections, Plaintiff's Title VII claim should be dismissed because the Complaint, as pled, does not plausibly allege his purported sincerely held religious beliefs that conflicted with Matson's policy, other than his blanket objections purely based on secular principle.

### C. Plaintiff's Complaint Should be Dismissed with Prejudice Because any Amendment Would be Futile.

Ordinarily, a district court should not dismiss a *pro se* complaint for failure to state a claim upon which relief can be granted without providing the *pro se* litigant with notice of the deficiencies of the complaint and an opportunity to amend it if the deficiencies can be cured, prior to dismissal. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). "However, the court may deny leave to amend where amendment would be futile." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

Here, as described in detail above, amendment would be futile because Plaintiff cannot plausibly allege a cognizable legal theory or sufficient facts to support such a non-cognizable theory to state each cause of action alleged in the Complaint. Accordingly, the Court should dismiss Plaintiff's Complaint with prejudice. *See Calhoun v. VA MC San Diego*, No. 08-cv-2064, 2009 WL 1227891, at *1 (S.D. Cal. May 5, 2009) (dismissing without leave to amend after

concluding "there appears to be no circumstances under which Plaintiff can plausibly state a claim"); *Beusgens v. Galloway*, No. 07-cv-43, 2007 WL 1674097, at *2 (D. Or. June 7, 2007) (dismissing without leave to amend after affording the *pro se* plaintiff "the benefit of any doubt" but nonetheless concluding that he could not remedy the deficiencies in his complaint through amendment).

## VII.   **CONCLUSION**

For all of the foregoing reasons, Matson respectfully requests that the Court grant this motion in its entirety to dismiss each cause of action in Plaintiff's complaint with prejudice, and without leave to amend.

DATE:  November 21, 2023          FISHER & PHILLIPS LLP

                              By:  /s/ Jason A. Geller
                                   Jason A. Geller
                                   Hyunki (John) Jung
                                   Matson Navigation Company, Inc. (*erroneously
                                   named as* Matson Navigation Co.)

14

FP 48736715.5