JASON A. GELLER (SBN 168149)
Email: jgeller@fisherphillips.com
HYUNKI (JOHN) JUNG (SBN 318887)
Email: hjung@fisherphillips.com
FISHER & PHILLIPS LLP
One Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Matson Navigation Company, Inc.,
*erroneously* sued as "Matson Navigation Co."

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

DANIEL B. MARTIN

Plaintiff,

v.

MASTERS, MATES & PILOTS; and

MATSON NAVIGATION CO.,

Defendants.

CASE NO.: 3:23-cv-04859-RFL

**DEFENDANT MATSON NAVIGATION COMPANY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF DANIEL B. MARTIN'S FIRST AMENDED COMPLAINT**

DATE: January 30, 2024
TIME: 10:00 a.m.
CTRM: 15
JUDGE: Hon. Rita F. Lin

Complaint Filed: September 22, 2023
FAC File: December 12, 2023
Trial Date: None Set

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 30, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 15 of the above-entitled court, located at San Francisco Courthouse, Courtroom 15, 18th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, before the Honorable Rita F. Lin, Defendant Matson Navigation Company, Inc. (erroneously sued as Matson Navigation Co.) ("Matson"), by and through its undersigned counsel, will and hereby move for an order dismissing each of Plaintiff Daniel B. Martin's ("Plaintiff") claims set forth in the First Amended Complaint (the "FAC") (Dkt. 25), with prejudice under the Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim.

This motion is based on the grounds that Plaintiff's FAC cannot "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the concurrently filed Declaration of Danny Defanti, Request for Judicial Notice, and such other matters as may be presented to the Court at or before the hearing on this motion.

DATE: December 26, 2023

FISHER & PHILLIPS LLP

By: */s/ Jason A. Geller*
Jason A. Geller
Hyunki (John) Jung
Matson Navigation Company, Inc. (*erroneously named as* Matson Navigation Co.)

# TABLE OF CONTENTS

Page(s)


I. INTRODUCTION ... 1

II. STATEMENT OF ISSUES TO BE DECIDED ... 2

III. SUMMARY OF RELEVANT FACTS ... 3

IV. PROCEDURAL HISTORY ... 4

V. LEGAL STANDARD ... 5

VI. LEGAL ARGUMENT ... 5

A. All of Plaintiff's Causes of Action Should be Dismissed Because They Fail to State a Plausible Claim Upon Which Relief can be Granted. ... 5

1. Plaintiff's First Cause of Action for "No Identified Duty on Plaintiff's Part" is Non-Cognizable. ... 5

2. Plaintiff's Second Cause of Action for "MM&P / Matson 'Vaccine' Requirements Were Arbitrary and Capricious" Also Fails to State a Cognizable Claim. ... 7

3. Plaintiff's Third Cause of Action for "Wrongful Termination – Violation of Right to Refuse the Proffered EUA Medical Product" Must be Dismissed. ... 8

4. Plaintiff's Fourth Cause of Action for "Wrongful Termination in Violation of Plaintiff's Right to Refuse Investigational / Experimental Medical Product" Similarly Fails in That it Repackages his Failed Informed Consent Argument. ... 10

5. Plaintiff's Fifth Cause of Action for "Wrongful Termination in Violation of Plaintiff's Right to Refuse Medical Treatment, Violation of Right not to Participate in Experimental Research" Fails. ... 10

6. Plaintiff's Sixth Cause of Action for Breach of Contract Fails as the Complaint Cannot Plausibly Allege a Prima Facie Case. ... 11

B. To the Extent the Court Interprets Plaintiff as Attempting to Assert a Title VII Claim, it Fails as a Matter of Law. ... 12

1. Plaintiff's Title VII Claim Should be Dismissed Because It is Time-Barred (Counts 1-6). ... 12

2. Plaintiff's Title VII Claim Should Also Be Dismissed Because the FAC Fails to Plausibly Allege a Prima Facie Case (Counts 1-6). ... 13

C. Plaintiff's FAC Should be Dismissed with Prejudice Because any Amendment Would be Futile. ... 15

VII. CONCLUSION ... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*America's Frontline Doctors v. Wilcox*,
No. EDCV 21-1243 JGB, 2022 WL 1514038 (C.D. Cal. May 5, 2022) ... 11

*Balistreri v. Pacifica Police Dept*,
901 F.2d 696 (9th Cir. 1988) ... 5

*Beckerich v. St. Elizabeth Med. Ctr.*,
563 F.Supp.3d 633 (2021) ... 6

*Beusgens v. Galloway*,
No. 07-cv-43, 2007 WL 1674097 (D. Or. June 7, 2007) ... 15

*Biden v. Missouri*,
595 U.S. 87 (2022) ... 8

*Burcham v. City of Los Angeles*,
562 F.Supp.3d 694 (2022) ... 6, 9, 10, 11

*Cairns v. Franklin Mint Co.*,
24 F.Supp.2d 1013 (C.D. Cal. 1998) ... 5

*Calhoun v. VA MC San Diego*,
No. 08-cv-2064, 2009 WL 1227891 (S.D. Cal. May 5, 2009) ... 15

*Callahan v. Woods*,
658 F.2d 679 (9th Cir. 1981) ... 14

*Doe v. San Diego Unified Sch. Dist.*,
19 F.4th 1173 (9th Cir. 2021) ... 14

*Epstein v. Washington Energy Co.*,
83 F.3d 1136 (9th Cir. 1996) ... 12

*Finkbeiner v. Geisinger Clinic*,
623 F. Supp. 3d 458 (M.D. Pa. 2022) ... 14

*Flowers v. First Hawaiian Bank*,
295 F.3d 966 (9th Cir. 2002) ... 15

*Haddock v. Board of Dental Examiners*,
777 F 2d 462 (9th Cir. 1985) ... 5

*Health Freedom Defense Fund v. Reilly*,
CV 21-8688 DSF (PVCx), 2022 WL 5442479 (C.D. Cal. Sept. 2, 2022) ... 11

*Heidingsfelder v. Amerisprise Auto & Home Ins.*,
No. 19-cv-08255-JD, 2020 WL 5702111 (N.D. Cal. Sept. 24, 2020) ... 12

*Intertribal Sinkyone Wilderness Council v. National Marine Fisheries Service*,
970 F. Supp. 2d 988 (N.D. Cal. 2013) ... 8

*Intri-Plex Tech., Inc. v. Crest Grp., Inc.*,
499 F.3d 1048 (9th Cir. 2007) ... 3

*Jacobson v. Massachusetts*,
197 U.S. 11 (1905) ... 11

*King v. California*,
784 F.2d 910 (9th Cir. 1986) ... 5

*Klaassen v. Trustees of Indiana Univ.*,
7 F.4th 592 (7th Cir. 2021) ... 11

*Lance v. Adams*,
No. 1:11–cv–00323 OWW GSA, 2011 WL 1813061 (E.D. Cal. May 6, 2011) ... 7

*Lansdown v. Bayview Loan Servicing, LLC*,
Case No. 22-cv-00763-TSH, 2023 WL 411348 (N.D. Cal. Jan. 25, 2023) ... 11

*Lindsey v. Claremont Middle Sch.*,
No. C 12-02639 LB, 2012 WL 5988548 (N.D. Cal. Nov. 29, 2019) ... 14

*Marder v. Lopez*,
450 F.3d 445 (9th Cir. 2006) ... 3

*Mason v. Gen. Brown Cent. Sch. Dist.*,
851 F.2d 47 (2d Cir. 1988) ... 14

*McCutcheon v. Enlivant ES, LLC*,
No. 5:21-cv-00393, 2021 WL 5234787 (S.D.W. Va. Nov. 9, 2021) ... 6, 9

*Miller v. Farris*,
Case No. CV 21-9551-SSS (AS), 2023 WL 4680370 (C.D. Cal. Jun. 14, 2023) ... 7

*Norris v. Stanley*,
558 F.Supp.3d 556 (W.D. Mich. Aug. 31, 2021) ... 10

*Norris v. Stanley*,
No. 1:21-cv-756, 2022 WL 557306 (W.D. Mich. 2022) ... 8

*Passarella v. Aspirus, Inc.*,
2023 WL 2455681 (W.D. Wis. Mar. 10, 2023) ... 15

*Payan v. Aramark Management Services Ltd. Partnership*,
495 F.3d 1119 (9th Cir. 2007) .......... 13

*Peterson v. Hewlett-Packard Co.*,
358 F.3d 599 (9th Cir. 2004) .......... 13

*Qayumi v. Talent Net, Inc.*,
No. 21-cv-00323-JD, 2023 WL 218961 (N.D. Cal. Jan. 17, 2023) .......... 11

*Scholar v. Pacific Bell*,
963 F.2d 264 (9th Cir. 1992) .......... 13

*Sneddon v. ABF Freight Syss.*,
489 F.Supp.2d 1124 (S.D. Cal. 2007) .......... 10

*Thomas v. Catlin*,
141 Fed.Appx.673 (9th Cir. 2005) .......... 7

*Tiano v. Dillard Dep't Stores, Inc.*,
139 F.3d 679 (9th Cir. 1998) .......... 13

*Tudyman v. United Airlines*,
608 F.Supp.739 (C.D. Cal. 1984) .......... 8

*Valdez v. Grisham*,
559 F.Supp.3d 1161 (D.N.M. Sept. 13, 2021) .......... 9, 10

*We The Patriots USA, Inc. v. Hochul*,
17 F.4th 266 (2d Cir. 2021) .......... 6

*Wisconsin v. Yoder*,
406 U.S. 205 (1972) .......... 13

**Statutes**

5 U.S.C. § 551(1) .......... 8

5 U.S.C. § 706(2)(A) .......... 8

21 U.S.C. § 360bbb-3, *et seq.* .......... 1, 2, 7, 9

42 U.S.C. § 2000e–5(f)(1) .......... 13

Administrative Procedure Act .......... 8

EUA statute .......... 2, 9, 10

Title VII .......... *passim*

**Other Authorities**

45 C.F.R. §§ 46.101, et seq. .......... 7

45 CFR § 46.116 .......... 1, 2, 7, 9, 10

Rule 12(b)(6) .......... 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Faced with Matson's Motion to Dismiss (Dkt. 8), Plaintiff chose to file a First Amended Complaint ("FAC") (Dkt.25) in lieu of an Opposition. However, a closer look of the FAC reveals that his claims are largely repackaged imitation of the original; contorting the original in an effort to retain its makeup, yet afflicted with the same deficiencies identified in Matson's prior Motion. Although the FAC poses to resolve those issues by stylistically revising the titles of causes of action, they are all, as his original Complaint does, premised on a single underlying theory—that Matson cannot lawfully issue a COVID-19 vaccination requirement for its crewmembers. While Plaintiff may disagree with the efficacy of Matson's policy, such a disagreement does not give rise to any cognizable legal claim and the FAC should be dismissed.

***First***, to the extent that Plaintiff's first cause of action for "No identified duty on Plaintiff's part" alleges Matson somehow forced him to get vaccinated as a condition of continued employment, such a claim fails because requiring vaccinations as a condition of employment is not against laws, especially when the policy allows employees certain exemptions, as here. Further, his allegation that Matson purportedly failed to identify any authority by which it can compel vaccination does not give rise to any cognizable legal claim because there is no such duty on Matson's part as an employer and the FAC fails to identify what laws have been violated. Moreover, to the extent that Plaintiff's first cause of action relies on his assertions that Matson purportedly violated 45 CFR § 46.116 or 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(III)'s informed consent requirements, his argument also fails as a matter of law because these statutes do not provide a private right of action.

***Second***, Plaintiff's non-cognizable second cause of action for "MM&P / Matson 'vaccine' requirements were arbitrary and capricious" also fails to state a cognizable legal claim because the arbitrary-or-capricious test, which applies to an *agency action*, does not apply to Matson, which is not a governmental agency. Moreover, even assuming, for the purposes of argument, that such a standard applies (it does not), many courts have repeatedly rejected similar arguments, finding that similar vaccination policies were not arbitrary and capricious.

***Third***, to the extent that Plaintiff's Wrongful Termination claims in violation of various rights (Third through Fifth causes of action) are predicated on each of his failed underlying non-cognizable claims, his derivative claims for "de facto wrongful termination" should all fail. Specifically, Plaintiff's third cause of action cannot state a plausible claim because the underlying claims based on the EUA statute's the informed consent requirements do not apply to Matson, a non-medical provider. The same also fails because the EUA statute does not provide a private right of action. Similarly, Plaintiff's fourth cause of action fails in that it repackages his failed informed consent arguments. Additionally, his fifth cause of action also fails to state a clam because the alleged underlying rights are not recognized fundamental rights.

***Fourth***, Plaintiff's sixth cause of action for breach of contract cannot survive dismissal because the FAC fails to plausibly allege a prima facie case with respect to the first (existence of the valid contract) and the third (Matson's alleged actual breach) elements.

***Alternatively***, to the extent the Court interprets Plaintiff as attempting to assert a Title VII claim – based on that all of Plaintiff's claims are solely premised upon his assertion that Matson allegedly violated Title VII when Matson was not able to accommodate his COVID-19 vaccine-related religious exemption request – the FAC should be dismissed because his Title VII Claim is time-barred and also because the FAC fails to plausibly allege a prima facie case.

Since the FAC, just like his original Complaint, falls far short of stating a plausible claim for relief and any amendment in this case would be futile, Matson respectfully requests that the Court grant this motion to dismiss the Complaint, **with prejudice and without leave to amend**.

## II. STATEMENT OF ISSUES TO BE DECIDED

The issues raised by this Motion are:

(1) Whether Plaintiff's first cause of action should be dismissed for failure to state a claim because (i) requiring vaccinations as a condition of employment is lawful; (ii) Plaintiff fails to identify any laws that have been allegedly violated; and/or (iii) 45 CFR § 46.116 and/or 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(III) do not provide a private right of action for Plaintiff to sue Matson;

(2) Whether Plaintiff's second cause of action should be dismissed for failure to state a claim because (i) the arbitrary-or-capricious standard does not apply to Matson, which is not a governmental agency; and/or (ii) Matson's vaccination policy is not arbitrary and capricious;

(3) Whether Plaintiff's third through fifth "de facto wrongful termination" causes of action should be dismissed for failure to state a claim because the underlying claims fail;

(4) Whether Plaintiff's sixth cause of action should be dismissed for failure to state a claim because the FAC fails plausibly allege a prima facie case; and

(5) To the extent the Court interprets Plaintiff as attempting to assert a Title VII claim whether such a claim should be dismissed because it is timed-barred and/or because the FAC fails plausibly allege a prima facie case.

## III. SUMMARY OF RELEVANT FACTS[1]

The FAC avers that Matson is "an owner / operator of oceangoing U.S. flagged merchant vessels under contract with MM&P … a maritime union [whose] membership consists primarily of Deck Officers licensed by the United States Coast Guard." *See* FAC, ¶¶ 2, 3. According to the FAC, Plaintiff is a "United States Coast Guard Licensed Deck Officer and Member of the … [MM&P] …." *Id.*, at ¶ 1. Plaintiff alleges that on or around August 26, 2021, "'Memorandum of Understanding' … was posted at the MM&P dispatch hall at Oakland, California … [t]he practical effect of [which] was that[,] as of October 01, 2021[,] no Member could be dispatched to work on a vessel operated by Matson … unless the Member provided proof of having accepted a 'vaccination' as to COVID-19." *Id.*, at ¶¶ 16, 17; *see also* Declaration of Danny Defanfi ("Defanti Decl."), ¶¶ 3, 4, Ex. A; RJN, ¶ 1. According to the FAC, on September 20, 2021, shortly before Matson's vaccination requirement went into effect, Plaintiff sent a letter to Matson objecting to the vaccination requirement. FAC, ¶¶ 5, 18; Ex. B to FAC; Defanti Decl., ¶ 5, Ex. B; RJN, ¶ 2. Plaintiff further contends after receiving Plaintiff's September 20, 2021 letter, "Matson requested that Plaintiff submit a 'request for religious exemption.'" FAC, ¶ 19; Defanti Decl., ¶ 6, Ex. C; RJN, ¶ 2. According to Plaintiff, his "request was submitted on October 08, 2021." Ex. A to FAC; Defanti Decl., ¶ 7, Ex. D; RJN, ¶ 2. Thereafter, on October 15, 2021, Plaintiff was notified that Matson could not accommodate his religious exemption request. FAC, ¶ 19; Ex. A to FAC;

[1] This is a mere summary of the allegations in the FAC, and Matson does not concede the truthfulness of the same. While Matson vigorously disputes these allegations, for purposes of this motion only, it accepts the facts in the FAC as true and supplements them only with (1) publicly available documents and information of which the Court may take judicial notice and (2) the documents attached to or incorporated by reference into the FAC. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Intri-Plex Tech., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *see also* Request for Judicial Notice ("RJN"), concurrently filed herewith.

Defanti Decl., ¶ 8, Ex. E; RJN, ¶ 2.

## IV. PROCEDURAL HISTORY

In March 2022, Plaintiff filed an EEOC Charge, alleging Matson's purported Title VII violation with respect to the COVID-19 vaccination policy.[2] The Charge specifically alleges that: "[o]n or around September 2021, [he] was notified by [Matson] that effective October 1, 2021[,] all employees would be required to be vaccinated, unless the employee had a religious or medical exemption." *Id.* It further states, "I sincerely hold a religious belief … my religious exemption was denied by [Matson]." *Id.* Based on these allegations, Plaintiff alleges that he has been "discriminated against because of [his] religion … in violation of [his] rights as protected by Title VII …." *Id.* On February 13, 2023, the EEOC issued a right-to-sue notice. *Id.* Pursuant to this notice, Plaintiff was required to file a lawsuit within 90 days of his receipt of the notice. *Id.* **221 days after the EEOC issued Plaintiff the Right-to-Sue notice**, on September 22, 2023, Plaintiff *belatedly* filed the original Complaint against Matson and MM&P, alleging causes of action for (1) compelled consent, (2) denial of right to refuse an EUA medical product, (3) denial of right to refuse medical treatment, and (4) tortious interference with contract. *See generally* Compl. (Dkt. 1). On November, 21, 2023, Matson filed and served its Motion to Dismiss Plaintiff's Complaint. Dkt. 8. On December 12, 2023, in lieu of opposing Matson's Motion, Plaintiff responded by filing the FAC. Dkt. 23. The FAC reasserts *largely non-cognizable* six causes of action for (1) "No identified duty on Plaintiff's part"; (2) "MM&P / Matson 'vaccine' requirements were arbitrary and capricious"; (3) "Wrongful termination – violation of right to refuse the proffered EUA medical products"; (4) "Wrongful termination in violation of Plaintiff's right to refuse investigational / experimental medical products"; (5) "Wrongful Termination - violation of right to refuse medical treatment, violation of right not to participate in experimental research"; and (6) "Breach of Contract." *See generally id.* Despite having a second bite at the apple, however, Plaintiff has not adequately pled plausible

---

[2] RJN, ¶ 3, Ex. 1 (Plaintiff's EEOC Charge of Discrimination, and the Right-to-Sue Letter); *see also* FAC, ¶ 20 ("Plaintiff advises the court that an Equal Employment Opportunity Commission (EEOC) action, commenced on March 01 [*sic*], 2022, as regards violations of Plaintiff's religious rights by MM&P / Matson was dismissed by EEOC on 13 FEB 2023.").

claims for relief. Hence, Matson hereby moves to dismiss the FAC.

## V. <u>LEGAL STANDARD</u>

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Cairns v. Franklin Mint Co.*, 24 F.Supp.2d 1013, 1023 (C.D. Cal. 1998). Dismissal under the rule may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss also is proper where, as here, a plaintiff seeks remedies to which he is not entitled as a matter of law. *See, e.g., King v. California*, 784 F.2d 910 (9th Cir. 1986). While *pro se* complaints are held to less rigorous standards than formal pleadings by lawyers, the courts are empowered, nevertheless, to dismiss *pro se* complaints where the plaintiff fails to state a claim and where it appears beyond doubt that the plaintiff cannot prove facts to support a claim that would entitle him to relief. *Haddock v. Board of Dental Examiners*, 777 F 2d 462 (9th Cir. 1985).

## VI. <u>LEGAL ARGUMENT</u>

### A. <u>All of Plaintiff's Causes of Action Should be Dismissed Because They Fail to State a Plausible Claim Upon Which Relief can be Granted.</u>

As an initial matter, most causes of actions, as pled, are not recognized under any laws as no such causes of action exist. Even if the Court were to consider these non-cognizable causes of action, all of them, as pled, must be dismissed for failure to state a claim because they all fail to allege a cognizable legal theory and/or sufficient facts to support such a non-cognizable theory.

#### 1. <u>Plaintiff's First Cause of Action for "No Identified Duty on Plaintiff's Part" is Non-Cognizable</u>.

While Plaintiff *confusingly* labeled his first cause of action as "No identified duty on Plaintiff's part," his claims are essentially that: Matson purportedly (1) "forced [him] to make a stark decision: Either not go to work or submit to an investigational / experimental EUA medical product/ EUA medical treatment" (FAC, ¶ 43); (2) "failed to identify binding authority or contractual obligation by which it may compel [] Plaintiff" to get vaccinated despite his requests (*see id.*, at ¶ 45); and (3) failed to identify "that Plaintiff has a duty to waive 'legally effective informed consent' as a condition of continued employment …." *Id.*, at ¶ 48. Even under the less stringent standard

liberally construing his *pro se* complaint, Plaintiff's claim must be dismissed because the FAC fails to state a cognizable legal theory under this cause of action.

First, while Plaintiff's conclusory allegation asserts that Matson "forced" him to make a decision to either get vaccinated or not (*see* FAC, ¶ 43), he fails to state a cognizable legal theory because mandating vaccinations as a condition of employment is lawful. COVID-19 vaccination policies similar to Matson's vaccination policy have been addressed by many courts over the last two years and similar legal arguments have been consistently rejected. For example, in *Burcham v. City of Los Angeles*, 562 F.Supp.3d 694 (2022), a Central District case, the City's vaccination policy, like here, allowed for the employees to apply for religious or medical exemptions. *Id.*, at 699. After noting that the mandatory vaccination policy did not force Plaintiffs to get vaccinated, did not amount to "coercion," and did not violate Plaintiffs' constitutional rights, the Court granted the City's motion and dismissed the complaint. *Id.*, at 707 n.4, 708. Other courts have drawn the similar conclusions. *Beckerich v. St. Elizabeth Med. Ctr.*, 563 F.Supp.3d 633, 644 (2021) ("[N]o Plaintiff in this case is being forcibly vaccinated … no Plaintiff is being imprisoned and vaccinated against his or her will … Rather, these Plaintiffs are choosing whether to comply with a condition of employment or to deal with the potential consequences of that choice"); *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 294 (2d Cir. 2021) (holding that making vaccination a condition of employment does not come close to the level of coercion necessary to infringe a liberty interest in avoiding forcible medical treatment); *McCutcheon v. Enlivant ES, LLC*, No. 5:21-cv-00393, 2021 WL 5234787, at *3 (S.D.W. Va. Nov. 9, 2021) (dismissing Plaintiff's similar claims noting that "[plaintiff] is free to accept or refuse the COVID-19 vaccine. If she refuses, she need only to pursue employment elsewhere"). Further, Plaintiff also fails to allege sufficient facts to support his non-cognizable legal theory because, in reality, there was no *forceful* decision he had to make. ***As he also concedes***, Matson's vaccination policy, afforded him an opportunity to seek religious exemptions, and he did submit such a request. FAC, ¶¶ 5, 18, 19; Dkt. 23, pp. 27-29 (Ex. B to FAC).

Second, nowhere in the allegations does Plaintiff identify any specific laws Matson alleged violated by failing "to identify binding authority or contractual obligation by which it may

compel [] Plaintiff' to get vaccinated" despite his requests (*see* FAC, ¶ 48), because there is no such duty on Matson's part and this alone warrants dismissal. *Lance v. Adams*, No. 1:11–cv–00323 OWW GSA, 2011 WL 1813061, at *3 (E.D. Cal. May 6, 2011) (dismissing plaintiff's claims where "Plaintiffs' complaint fails to specifically identify what federal laws have been violated"); *Pour v. Wells Fargo Bank*, No. 20-cv-02447 SBA, 2020 WL 12893826, at *8 (N.D. Cal. Dec. 1, 2020) (dismissing plaintiff's claim where he "fails to identify any law that Defendant violated").

Third, to the extent that Plaintiff's first cause of action relies on his assertion that Matson purportedly violated *either* 45 CFR § 46.116 (*see* FAC ¶¶ 33-41, 64, 69, 71, 72; Dkt. 23, p. 28 (Ex. B to FAC)) *or* 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(III)'s informed consent requirements (*see id.*, at ¶¶ 31, 32, 59, 117), his argument fails as a matter of law because these statutes do not provide a private right of action for Plaintiff to sue Matson. *Thomas v. Catlin*, 141 Fed. Appx. 673, 674 (9th Cir. 2005) (holding that the district court property held that a pro se plaintiff "failed to state a claim under 45 C.F.R. §§ 46.101, et seq., the federal statute regulating research involving human subjects, because the statute does not confer a private right of action"); *Miller v. Farris*, Case No. CV 21-9551-SSS (AS), 2023 WL 4680370, *10 (C.D. Cal. Jun. 14, 2023) (holding that "Section 360bbb-3 … does not provide a private right of action for Plaintiff to sue Defendants.").

### 2. Plaintiff's Second Cause of Action for "MM&P / Matson 'Vaccine' Requirements Were Arbitrary and Capricious" Also Fails to State a Cognizable Claim.

Plaintiff's second cause of action primarily hinges on his disagreement with the efficacy of Matson's mandatory vaccination policy in that: (1) "none of the proffered 'vaccines' … were capable of stopping the transmission or infection of Covid-19" (FAC, ¶ 51); and (2) "It was pointed out by this Plaintiff in the letter of September 20, 2021, that a Covid-19 infection is not a significantly fatal condition." *Id.*, at ¶ 54. Based on these assertions, Plaintiff claims that he "was denied the opportunity to work … because … Matson placed arbitrary, capricious, and unlawful demands upon this Plaintiff as a condition of continuing employment." *Id.*, at ¶ 56. While Plaintiff is entitled to his beliefs, at this stage, his objections to Matson's vaccination policy fueled by his vaccine skepticism cannot withstand legal scrutiny.

First, as discussed above, private employers, such as Matson, can legally mandate

vaccinations as a condition of employment. *See* section VI.A.1 above.

Second, Plaintiff *improperly* urges the Court to apply the arbitrary-or-capricious test, in which a reviewing court, under the Administrative Procedure Act ("APA"), can set aside "**an agency [e.g., U.S. Government] action** that is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' or 'without observance of procedure required by law,'" **to an employment policy by a private employer, like Matson**. *See Intertribal Sinkyone Wilderness Council v. National Marine Fisheries Service*, 970 F. Supp. 2d 988, 997 (N.D. Cal. 2013) (emphasis added); 5 U.S.C. § 706(2)(A); 5 U.S.C. § 551(1) (" 'agency' means each authority of the Government of the United States …"). Since Matson is not a governmental agency, this standard simply does not apply here. *See also Tudyman v. United Airlines*, 608 F.Supp.739 (C.D. Cal. 1984) ("private employers are generally free to be arbitrary and even capricious in determining whom to hire, unless the employer somehow discriminates on the basis of … considerations which Congress has determined to be prohibited.").

Third, even considering Plaintiff's argument, Matson's vaccination policy cannot be considered arbitrary or capricious, as many courts have repeatedly rejected similar arguments. *See, e.g., Biden v. Missouri*, 595 U.S. 87, 96 (2022) (stating that HHS's vaccine mandate, which among other things "require[d] vaccination of employees with 'natural immunity' from prior COVID-19 illness," was not arbitrary and capricious and fell within the "zone of reasonableness"); *Norris v. Stanley*, No. 1:21-cv-756, 2022 WL 557306, *4 (W.D. Mich. 2022) ("Although there is 'robust scientific debate' about the efficacy of natural versus vaccine immunity, Plaintiffs have failed to establish that it was irrational for MSU not to provide an exception to its vaccine mandate for individuals who have acquired natural immunity.").

**3. Plaintiff's Third Cause of Action for "Wrongful Termination – Violation of Right to Refuse the Proffered EUA Medical Product" Must be Dismissed.**

21 U.S.C. § 360bbb-3, *et seq.* (the "EUA statute") allows the FDA to authorize emergency use of a vaccine that has yet to receive full approval. *Id.*, § 360bbb-3(a)(2). Under the EUA statute, prior to ***a "medical" provider* administering** an unapproved product, they must give a patient "the option to accept or refuse administration." *Id.*, § 360bbb-3(e)(1)(A)(ii)(III). In his non-cognizable

third cause action, Plaintiff appears to contend that Matson somehow violated the EUA statute's "informed consent requirements." FAC, ¶ 59. After relying on a few nonsensical hypotheticals to manufacture this "informed consent" argument (*see id.*, at ¶¶ 60, 63), Plaintiff further argues that he was subject to "de facto wrongful termination" when he was allegedly denied work for refusing to accept the COVID-19 vaccines. FAC, ¶ 67. The Court should not adopt Plaintiff's fictional theory.

First, courts have repeatedly rejected employees' similar claims under the EUA statute because the informed consent requirements under this statute apply only to "medical providers" and do "not apply to an employer when the employer is not directly administering the vaccine.'" *Burcham*, 562 F. Supp. 3d at 708; *Valdez v. Grisham*, 559 F.Supp.3d 1161, 1172 (D.N.M. Sept. 13, 2021); *McCutcheon*, 2021 WL 5234787, at *3 (noting that the EUA statute "has no impact upon the rights and responsibilities of private employers"). In that regard, Plaintiff's proffered hypothetical scenario of what if he "had gone to a provider … of Covid-19 'vaccine,' and, after being informed that he possessed the right to accept or refuse the shot, and he had refused to accept the shot" (FAC, ¶ 63) has no bearing on Matson's policy at issue because the EUA statute simply does not apply to Matson, which is "an owner / operator of oceangoing U.S. flagged merchant vessel" (FAC, ¶ 3), rather than a healthcare provider directly administering the vaccine.

Second, to the extent that Plaintiff's claim relies on Matson's violation of the EUA statute as well as 45 CFR § 46.116's informed consent requirements (FAC, ¶ 64), Plaintiff's claim fails as a matter of law because these statutes do not provide a private right of action. *See* Section IV.A.1 above.

Third, it is also noteworthy the Pfizer vaccine was given full FDA approval even before Plaintiff filed his original Complaint, with the result that its use is no longer subject to the conditions applicable to the EUA statute. Plaintiffs also concedes this point. FAC, ¶ 75 ("the Pfizer BioNtech 'Comirnaty' is FDA 'approved[.]'"). Because informed consent requirements under the EUA statute do not apply to a fully approved vaccine, like Comirnaty, Plaintiff's allegations under the EUA statute fails to state a cognizable legal theory. *See Burcham*, 562 F. Supp. 3d at 708 ("The Pfizer vaccine has received full FDA approval … Therefore, the informed consent requirements of the EUA statute do not apply to the Pfizer vaccine."); *Valdez*, 559 F.Supp.3d at 1171 (same); *see also Norris v.*

*Stanley*, 558 F.Supp.3d 556, 559 (W.D. Mich. Aug. 31, 2021) (same).

Fourth, to the extent that Plaintiff's claims for "de facto" wrongful termination is derivative of his failed underlying "Violation of Right to Refuse the Proffered EUA Medical Product" claim, it should be dismissed in its entirety. *See, e.g.*, *Sneddon v. ABF Freight Syss.*, 489 F.Supp.2d 1124, 1131 (S.D. Cal. 2007) (dismissing plaintiff's derivative cause of action for wrongful termination after concluding that plaintiff had failed to state a claim as to the underlying discrimination claim).

**4. Plaintiff's Fourth Cause of Action for "Wrongful Termination in Violation of Plaintiff's Right to Refuse Investigational / Experimental Medical Product" Similarly Fails in That it Repackages his Failed Informed Consent Argument.**

Plaintiff's fourth cause of action avers: (1) COVID-19 vaccines are subject to the informed consent requirement under 45 CFR § 46.116 (FAC, ¶ 69); (2) Matson was informed the same through Plaintiff's letter (*id.*, at ¶ 70); (3) Matson purportedly chose to ignore Plaintiff's assertion of 45 CFR § 46.116 – Informed Consent (*id.*, at ¶ 72); and (4) this purported "intentional denial of the exercise of [right to refuse administration of the experimental / investigational EUA medical products] is a de facto wrongful termination." *Id.*, at ¶ 79. While Plaintiff appears to establish a separate cause of action, a closer look reveals that it largely repackages his already-failed informed consent argument. As discussed above in sections IV.A.1, 45 CFR § 46.116 does not confer a private right of action. Further, to the extent that his underlying informed consent argument fails, Plaintiff's derivative claims for "de facto" wrongful termination should also fail and must be dismissed.

**5. Plaintiff's Fifth Cause of Action for "Wrongful Termination in Violation of Plaintiff's Right to Refuse Medical Treatment, Violation of Right not to Participate in Experimental Research" Fails.**

Plaintiff's fifth cause of action alleges that Matson denied his "well established common law right to refuse medical treatment" (FAC, ¶ 81) and "right to refuse to participate in experimental research." *Id.*, ¶ 94. These claims also fail as a matter of law because neither "right to refuse medical treatment" nor "right to refuse to participate in experimental research" is a recognized fundamental right. Over a century ago, the Supreme Court recognized that mandatory vaccination requirements, like Matson's, do not implicate an individual's fundamental right. *See, e.g., Jacobson v. Massachusetts*, 197 U.S. 11, 32-33 (1905) (listing cases). Relying on *Jacobson*, many lower courts

have repeatedly held that there is no right to refuse vaccination. *See Burcham*, 562 F. Supp. 3d at 706 (holding that "there has never been a fundamental right to refuse vaccination"); *America's Frontline Doctors v. Wilcox*, No. EDCV 21-1243 JGB (KKx), 2022 WL 1514038, at *8 (C.D. Cal. May 5, 2022) (rejecting plaintiffs' arguments that the vaccine mandate violated the right to reject medical treatment and noting that "Plaintiffs fail to establish that the Policy implicates a fundamental right"); *Health Freedom Defense Fund v. Reilly*, CV 21-8688 DSF (PVCx), 2022 WL 5442479, at *5 (C.D. Cal. Sept. 2, 2022) (same); *Klaassen v. Trustees of Indiana Univ.*, 7 F.4th 592, 593 (7th Cir. 2021) ("Given Jacobson [citation] …, there can't be a constitutional problem with vaccination against SARS-CoV-2."). As these cases undoubtedly demonstrate, there is no fundamental right to refuse vaccination. Further, since his underlying theory of the alleged violation of his rights cannot succeed, Plaintiff's derivative claim for "de facto" wrongful termination must also fail.

### 6. Plaintiff's Sixth Cause of Action for Breach of Contract Fails as the FAC Cannot Plausibly Allege a Prima Facie Case.

To state a claim for breach of contract, Plaintiff must allege: (1) the existence of the contract; (2) performance by Plaintiff or excuse for nonperformance; (3) breach by Matson; and (4) resulting damage to Plaintiff. *See Lansdown v. Bayview Loan Servicing, LLC*, Case No. 22-cv-00763-TSH, 2023 WL 411348, *4 (N.D. Cal. Jan. 25, 2023). Here, the FAC, as pled, cannot plausibly allege the first and third elements of a prima facie case.

First, Plaintiff fails to sufficiently plead any details regarding the alleged contract besides a nebulous purported violation of his alleged "contractual right to work." *See Qayumi v. Talent Net, Inc.*, No. 21-cv-00323-JD, 2023 WL 218961, *2-4 (N.D. Cal. Jan. 17, 2023) (dismissing plaintiff's breach of contract claim noting that "Without [specifying the terms of the contract], a breach of contract claim is not plausibly alleged"); *Heidingsfelder v. Amerisprise Auto & Home Ins.*, No. 19-cv-08255-JD, 2020 WL 5702111, at *3 (N.D. Cal. Sept. 24, 2020) ("The contract claims also are not well pleaded [when] [t]he complaint does not state the express terms of the contract or policy that were allegedly breached …"). Since the FAC does not provide any further details, the Court is left to guess as to what provisions of a contract, if any exist, were breached.

*Second*, the FAC cannot plausibly allege Matson's breach. As pled, Plaintiff's only basis in

asserting Matson's breach is that Matson and MM&P somehow "have colluded to intentionally breach Plaintiff's contractual right to work." FAC, ¶ 101. This is a wholly "conclusory statement." *See e.g., Lee*, 250 F.3d at 679 (holding that plaintiff must plead more than conclusory allegations of law to avoid dismissal); *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

Third, to the extent that Plaintiff alleges Matson breached unidentified contract by "forcing Plaintiff to chose [sic] between working or exercising substantive rights, i[.]e[.]; the right to refuse an investigational / experimental EUA medical product, the right to refuse an experimental medical treatment, and the right to not participate in experimental research" (FAC, ¶ 101), he cannot plausibly allege the third element, e.g., actual breach, because an employer can lawfully mandate vaccinations and it does not implicate any cognizable violation of rights or laws, as discussed above. *See* Sections VI.A.1-5.

### B. To the Extent the Court Interprets Plaintiff as Attempting to Assert a Title VII Claim, it Fails as a Matter of Law.

While the FAC does not explicitly reference Title VII of the Civil Rights Act of 1964 ("Title VII"), it is undisputed that all of Plaintiff's claims set forth therein arise out of Matson's implementation of the COVID-19 vaccination policy. In that regard, Plaintiff's entire causes of action, regardless of how they are labeled in the FAC, are solely premised upon his assertion that Matson allegedly violated Title VII when Matson was not able to accommodate his COVID-19 vaccine-related religious exemption request. To the extent the Court interprets Plaintiff as attempting to assert a Title VII claim, the FAC should be dismissed because his Title VII claim is time-barred, and the FAC fails to plausibly allege a prima facie case.

#### 1. Plaintiff's Title VII Claim Should be Dismissed Because It is Time-Barred (Counts 1-6).

When the EEOC closes its charge and issues a right-to-sue letter, it provides the charging party with a notification that "within ninety days after [receiving a right-to-sue letter] a civil action may be brought against the respondent …." 42 U.S.C. § 2000e–5(f)(1). Since this 90-days filing requirement constitutes a statute of limitations, Plaintiff's claims are time-barred if he failed to file a lawsuit within 90-day period. *Scholar v. Pacific Bell*, 963 F.2d 264, 266-267 (9th

Cir. 1992). Here, to the extent that Plaintiff's FAC is predicated on his Title VII claims, it should be dismissed because he failed to file his Complaint within this 90-day period. Since the EEOC issued Plaintiff a right-to-sue letter on or around February 13, 2023,[3] Plaintiff had 90 days to file this lawsuit. *Id.*; 42 U.S.C. § 2000e–5(f)(1); *Scholar*, 963 F.2d at 266-267. Assuming that Plaintiff received the letter 3 days after the issuance, he was required to file the Complaint by May 17, 2023. *See Payan v. Aramark Management Services Ltd. Partnership*, 495 F.3d 1119, 1125-25 (9th Cir. 2007) (rebuttable presumption exists that right-to-sue letter was received within 3 days of its mailing). Plaintiff did not timely file his Complaint; he waited until September 22, 2023, 221 days after the EEOC issued the letter. To the extent this Court interprets the FAC as attempting to assert a Title VII claim, it should be dismissed as his Title VII claim is time-barred.

**2. Plaintiff's Title VII Claim Should Also Be Dismissed Because the FAC Fails to Plausibly Allege a Prima Facie Case (Counts 1-6).**

To state a plausible failure-to-accommodate claim under Title VII, Plaintiff must plead that (1) he had a sincerely held religious belief that conflicted with an employment duty; (2) he informed his employer of the religious belief and conflict, and (2) the employer subjected him to an adverse employment action because of his inability to fulfill the job requirements. *See Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004) (citing *Heller v. EBB Auto. Co.*, 8 F.3d 1433, 1438 (9th Cir.1993)). To do so, Plaintiff must plausibly allege that his beliefs are grounded in religious beliefs, not secular concerns. *See Wisconsin v. Yoder*, 406 U.S. 205, 215-16 (1972); *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 682 (9th Cir. 1998) ("Title VII does not protect secular preferences"); *see also Mason v. Gen. Brown Cent. Sch. Dist.*, 851 F.2d 47, 51 (2d Cir. 1988) ("[a]n individual's assertion that the belief [is religious does not] automatically mean that the belief is religious ... a threshold inquiry into the religious aspect of particular beliefs and practices cannot be avoided if we are to determine what is in fact based on religious belief, and what is based on secular or scientific principles") (collecting cases).

Here, the FAC does not plausibly allege a prima facie case for Plaintiff's Title VII claim

---

[3] RJN, ¶ 3 (EEOC's Right-to-Sue Letter); *see also* FAC, ¶ 20.

as it is completely devoid of any facts to show that Plaintiff had a sincerely held religious belief that conflicted with an employment duty. Specifically, it fails to allege what religion Plaintiff practices, what beliefs he holds, and how those beliefs conflict with Matson's COVID-19 vaccine policy. *See Lindsey v. Claremont Middle Sch.*, No. C 12-02639 LB, 2012 WL 5988548, at *2 (N.D. Cal. Nov. 29, 2019) (dismissing a plaintiff's Title VII failure-to-accommodate claim in part because it was unclear, "for instance, what religion [the plaintiff] practices, or how any of Defendants' conduct affects that practice."). Furthermore, the FAC fails to plausibly allege that Plaintiff's stated objections are rooted in religious concerns. Rather, Plaintiff's objections that the COVID-19 vaccines – a purported "experimental mRNA gene therapy" (FAC, ¶ 85) – would "harm" his body and "the immune system" (*id.*, ¶ 102) are unprotected secular beliefs.[4] Courts have held that an employee's religious exemption request can be denied on the grounds that the employee's belief is not truly religious in nature. *See Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1180 (9th Cir. 2021) ("an employee's request for an exemption from a COVID-19 vaccination mandate can be denied on the grounds that the employee's belief is not truly religious in nature"); *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981) (plaintiffs' claims must originate from religious beliefs rather than purely secular philosophical concerns); *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 465 (M.D. Pa. 2022) (dismissing religious accommodation claims under Title VII related to the COVID-19 vaccine mandate and finding plaintiff's purported beliefs related to "free will" were not religious); *Passarella v. Aspirus, Inc.*, 2023 WL 2455681, at *2-7 (W.D. Wis. Mar. 10, 2023) (exemption requests "predicated fundamentally on [] concerns with the safety of the vaccine and [plaintiffs'] right to bodily integrity"). Consistent with the decisions of numerous courts considering similar objections, Plaintiff's Title VII claim should be dismissed because the FAC, as pled, does not plausibly

[4] Plaintiff's October 8, 2021 letter responding to Matson's additional questions relating to his religious exemption request further demonstrates that his grounds for objections to the COVID-19 vaccination are rooted on purely secular grounds. Defanfi Decl., ¶ 7, Ex. D ("the intrusion of unnatural, system-disturbing chemicals into a healthy body is an immoral attack on the body," "I ingest only wholesome, nutritious food, free of unnatural additives, organic and non-GMO as available, maintain a healthy level of physical activity, and generally abstain from unhealthy practices"); RJN, ¶ 2.

allege his purported sincerely held religious beliefs that conflicted with Matson's policy, other than his blanket objections purely based on secular principle.

### C. **Plaintiff's FAC Should be Dismissed with Prejudice Because any Amendment Would be Futile.**

The "court may deny leave to amend where amendment would be futile." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). Here, any further amendment would be futile because even the FAC cannot plausibly state a claim. Accordingly, the Court should dismiss Plaintiff's FAC with prejudice. *See Calhoun v. VA MC San Diego*, No. 08-cv-2064, 2009 WL 1227891, at *1 (S.D. Cal. May 5, 2009) (dismissing without leave to amend after concluding "there appears to be no circumstances under which Plaintiff can plausibly state a claim"); *Beusgens v. Galloway*, No. 07-cv-43, 2007 WL 1674097, at *2 (D. Or. June 7, 2007) (dismissing without leave to amend after affording the *pro se* plaintiff "the benefit of any doubt" but concluding that he could not remedy the deficiencies in his complaint through amendment).

## VII. **CONCLUSION**

For all of the foregoing reasons, Matson respectfully requests that the Court grant this motion in its entirety to dismiss each cause of action in Plaintiff's FAC with prejudice, and without leave to amend.

DATE: December 26, 2023

FISHER & PHILLIPS LLP

By: */s/ Jason A. Geller*
Jason A. Geller
Hyunki (John) Jung
Matson Navigation Company, Inc. (*erroneously named as* Matson Navigation Co.)

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is One Montgomery Street, Suite 3400, San Francisco, CA 94104.

On December 26, 2023 served the foregoing document entitled **DEFENDANT MATSON NAVIGATION COMPANY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF DANIEL B. MARTIN'S FIRST AMENDED COMPLAINT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Daniel B. Martin<br>P.O. Box 51760<br>Pacific Grove, California 93950<br>**Served Via Email and United States Mail** | ***Plaintiff in Pro per***<br><br>Telephone: 831-246-1394<br>dbm@generalmail.net |
| JASON WOJCIECHOWSKI<br>SAMANTHA M. KENG<br>BUSH GOTTLIEB, A Law Corporation<br>801 North Brand Boulevard, Suite 950<br>Glendale, California 91203-1260<br>**Served through Court's ECF** | ***Attorneys for Defendant International Organization of Masters, Mates & Pilots, erroneously sued as "Masters, Mates & Pilots***<br><br>Telephone: (818) 973-3200<br>Facsimile: (818) 973-3201<br>Email: jasonw@bushgottlieb.com<br>skeng@bushgottlieb.com |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at City , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒ **[by ELECTRONIC SERVICE]** - I certify that on the date below, I served the above listed document(s) via electronic mail to the listed recipient(s) email address(es) and such transmission was sent from the following sender: bgonshorowski@fisherphillips.com. I did not receive any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed December 26, 2023, at San Francisco, California.

| | |
|---|---|
| Sue Anne Travers | By: */s/Sue Anne Travers* |
| Print Name | Signature |