JASON WOJCIECHOWSKI (SBN 263911)
jasonw@bushgottlieb.com
SAMANTHA M. KENG (SBN 341550)
skeng@bushgottlieb.com
BUSH GOTTLIEB, A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Defendant International Organization of Masters, Mates & Pilots erroneously sued as "Masters, Mates & Pilots"

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

DANIEL B. MARTIN,

Plaintiff,

vs.

MASTERS, MATES & PILOTS, *et al.*,

Defendants.

**Case No. 23-cv-04859-RFL**

**NOTICE OF MOTION AND MOTION OF INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

[Fed. R. Civ. P. 12(b)(6)]

Judge: Hon. Rita F. Lin
Date: January 30, 2024
Time: 10:00 a.m.
Crtrm.: 15

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 30, 2024, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Rita F. Lin, located in the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant International Organization of Masters, Mates & Pilots ("Union") will and hereby does move this Court to Dismiss the First Amended Complaint.

This Motion is made upon the following grounds: The purported state-law causes of action really assert a breach of the federal duty of fair representation against the Union. Analyzed as a duty of fair representation action, the claim is barred by the statute of

limitations. Moreover, the facts alleged are insufficient to raise a plausible claim that the Union breached its duty toward Plaintiff. Even if the claims are not preempted, they fail to state a claim for relief because they are either based on invented causes of action or the facts alleged do not show a plausible claim for relief against the Union.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED: December 26, 2023

BUSH GOTTLIEB, A Law Corporation

By: *\/s/ Jason Wojciechowski*
JASON WOJCIECHOWSKI
Attorneys for Defendant International Organization of Masters, Mates & Pilots

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION ..... 1

II. SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY ..... 1

III. ARGUMENT ..... 2

A. Pleading Standard ..... 2

B. The FAC Raises Only DFR Claims That Should Be Dismissed ..... 3

1. The Claims Are Preempted by the Duty of Fair Representation ..... 3

2. The Preempted Claims Are Untimely ..... 4

3. The FAC Alleges Insufficient Facts to State a DFR Claim ..... 4

C. The FAC Fails to State a Claim Even If the Claims Are Not Preempted ..... 7

1. “No Identified Duty” Is Not a Cause of Action ..... 7

2. The “Arbitrary and Capricious” Cause of Action Fails ..... 8

3. The Wrongful Termination Causes of Action Fail ..... 9

(a) The Union Did Not Employ or Discharge Plaintiff ..... 9

(b) The Union Did Not Violate Any Public Policy ..... 10

4. The Breach of Contract Cause of Action Fails ..... 11

5. Plaintiff Has No Claim Under the EUA Statute ..... 12

6. Any Title VII Claim Is Untimely and Insufficiently Pleaded ..... 13

(a) Plaintiff Filed Any Title VII Claim Too Late ..... 13

(b) Any Discrimination Claim Against the Union Fails ..... 14

IV. CONCLUSION ..... 15

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

Adkins v. Mireles,
526 F.3d 531 (9th Cir. 2008) .......... 3, 11

Air Line Pilots v. O'Neill,
499 U.S. 65 (1991) .......... 5, 7

Allis–Chalmers Corp. v. Lueck,
471 U.S. 202 (1985) .......... 11

Ashcroft v. Iqbal,
556 U.S. 662 (2009) .......... 2

Balistreri v. Pacifica Police Dep't,
901 F.2d 696 (9th Cir. 1990) .......... 2

Bautista v. Pan Am. World Airlines,
828 F.2d 546 (9th Cir. 1987) .......... 5

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) .......... 2

Bolden-Hardge v. Cal. State Controller,
63 F.4th 1215 (9th Cir. 2023) .......... 14

Bridges v. Houston Methodist Hosp.,
543 F. Supp. 3d 525 (S.D. Tex. 2021) .......... 11

Burkevich v. Air Line Pilots,
894 F.2d 346 (9th Cir. 1990) .......... 5

Cahoon v. IBEW Local 261,
175 F. Supp. 2d 220 (D. Conn. 2001) .......... 4

DelCostello v. Teamsters,
462 U.S. 151 (1983) .......... 4

Demetris v. Transp. Workers,
862 F.3d 799 (9th Cir. 2017) .......... 5, 6

Elec. Workers v. Foust,
442 U.S. 42 (1979) .......... 3

Epstein v. Wash. Energy Co.,
83 F.3d 1136 (9th Cir. 1996) .... 2

Eshun v. Steelworkers Local 17,
No. 19-CV-256, 2020 WL 7342454 (E.D. Cal. Dec. 14, 2020) .... 9

Ford Motor Co. v. Huffman,
345 U.S. 330 (1953) .... 5

Galindo v. Stoody Co.,
793 F.2d 1502 (9th Cir. 1986) .... 4, 5

Herring v. Delta Airlines,
894 F.2d 1020 (9th Cir. 1990) .... 5

Humphrey v. Moore,
375 U.S. 335 (1964) .... 5

IBEW v. Hechler,
481 U.S. 851 (1987) .... 12

Ivey v. Bd. of Regents of the Univ. of Alaska,
673 F.2d 266 (9th Cir. 1982) .... 2

James v. Furniture Workers Local 89262,
No. 21-cv-3893, 2021 WL 3616776 (N.D. Cal. Aug. 16, 2021) .... 3, 4

Jay v. SEIU United Healthcare Workers W.,
203 F. Supp. 3d 1024 (N.D. Cal. 2016) .... 6

Johnson v. Brown,
567 F. Supp. 3d 1230 (D. Or. 2021) .... 10

Kiss v. Best Buy Stores,
No. 22-CV-00281, 2022 WL 17480936 (D. Or. Dec. 6, 2022) .... 13

Knowles v. Pac. Gas & Elec.,
No. 07-CV-2284, 2008 WL 2705097 (N.D. Cal. Jul. 8, 2008) .... 6

Lil' Man in the Boat v. City & Cty. of San Francisco,
5 F.4th 952 (9th Cir. 2021) .... 13

Madison v. Motion Picture Set Painters,
132 F. Supp. 2d 1244 (C.D. Cal. 2000) .... 3

Mason v. Gen. Brown Cent. Sch. Dist.,
851 F.2d 47 (2d Cir. 1988) .... 14

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Metro. Edison Co. v. NLRB,
460 U.S. 693 (1983) .......... 8

Metro. Life Ins. Co. v. Taylor,
481 U.S. 58 (1987) .......... 3

Miller v. Farris,
No. CV 21-9551, 2023 WL 4680370 (C.D. Cal. Jun. 14, 2023) .......... 13

Moore v. Bechtel Power Corp.,
840 F.2d 634 (9th Cir. 1988) .......... 5

Motor Coach Emps. v. Lockridge,
403 U.S. 274 (1971) .......... 5

Nicholas Homes v. M & I Marshall & Ilsley Bank,
No. CV-09-2079, 2010 WL 1759453 (D. Ariz. Apr. 30, 2010) .......... 8

Payan v. Aramark Mgmt. Servs.,
495 F.3d 1119 (9th Cir. 2007) .......... 13

Robertson v. Dean Witter Reynolds, Inc.,
749 F.2d 530 (9th Cir. 1984) .......... 2

Ruscitti v. Legacy Health,
No. 23-CV-787, 2023 WL 8007620 (D. Or. Sept. 27, 2023) .......... 14

Saliba v. Allied Pilots,
No. CV-22-1025, 2023 WL 2648141 (D. Ariz. Mar. 27, 2023) .......... 6

Seitz v. Teamsters,
No. 23-CV-01716, 2023 WL 6883358 (N.D. Cal. Oct. 17, 2023) .......... 3

Steckman v. Hart Brewing,
143 F.3d 1293 (9th Cir. 1998) .......... 4

Steelworkers v. Rawson,
495 U.S. 362 (1990) .......... 7, 12

Stevens v. Moore Bus. Forms,
18 F.3d 1443 (9th Cir. 1994) .......... 5

Truesdell v. S. Cal. Permanente Med. Grp.,
151 F. Supp. 2d 1161 (C.D. Cal. 2001) .......... 7

Vaca v. Sipes,
386 U.S. 171 (1967) .......... 5

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Valdez v. Grisham,
No. 21-CV-783, 2022 WL 3577112 (D.N.M. Aug. 19, 2022) .................................. 6, 7

**State Cases**

Gantt v. Sentry Ins.,
1 Cal. 4th 1083 (1992) .......................................................................................... 9

Moore v. Regents of Univ. of Cal.,
51 Cal. 3d 120 (1990)............................................................................................. 8

Nally v. Grace Cmty. Church,
47 Cal. 3d 278 (1988)............................................................................................. 8

Thor v. Superior Court,
5 Cal. 4th 725 (1993) ........................................................................................... 11

Weinbaum v. Goldfarb, Whitman & Cohen,
46 Cal. App. 4th 1310 (1996) ................................................................................ 9

Williams v. Sacramento River Cats Baseball Club,
40 Cal. App. 5th 280 (2019) ................................................................................ 10

**Federal Statutes**

21 U.S.C. § 360bbb-3 ...................................................................................... 10, 12

29 U.S.C. § 185....................................................................................................... 11

42 U.S.C. § 2000e-2 ............................................................................................... 14

42 U.S.C. § 2000e-5 ............................................................................................... 13

**Regulations**

45 C.F.R. § 46.116.................................................................................................. 10

22 Cal. Code Regs. § 72527 .................................................................................... 11

**Other Authorities**

Fed. R. Civ. P. 15(a)(1)(B) ....................................................................................... 1

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

## I. INTRODUCTION

Over two years after Defendants International Organization of Masters, Mates & Pilots ("Union") and Matson Navigation Company ("Matson") entered into a memorandum of understanding ("MOU") regarding Matson's requirement that deck officers aboard its oceangoing vessels obtain COVID-19 vaccination, Plaintiff Daniel B. Martin seeks damages for his choice not to obtain vaccination. Plaintiff's suit asserts six causes of action, all of which appear to sound in state law, though many are invented and are not recognized torts. Because Plaintiff's claim is that the Union did not treat him fairly by bargaining for the MOU, all of those causes of action are preempted by the federal duty of fair representation ("DFR"). Analyzed as such, it is clear on the face of the First Amended Complaint (Dkt. 23) ("FAC") that this action is untimely, and that the factual allegations do not raise a plausible claim that the Union acted arbitrarily, discriminatorily, or in bad faith. If the claims are not recharacterized as federal DFR claims, the Court lacks diversity jurisdiction because Plaintiff and the Union are both citizens of California, and the FAC fails to state a claim against the Union even taking Plaintiff's causes of action at face value. For all these reasons, the Court should dismiss the FAC.

## II. SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff filed this action on September 22, 2023. (Dkt. 1.) The Union and Matson executed waivers of service on September 29 and October 2, respectively. (Dkt. 6, 7.) Each Defendant then timely moved to dismiss. (Dkt. 8, 12.) On December 12, Plaintiff filed the FAC in lieu of opposing the motions. (Dkt. 23.) The Union acknowledges that the FAC is timely under Federal Rule of Civil Procedure 15(a)(1)(B).

Plaintiff alleges he is a licensed deck officer who works mainly aboard oceangoing vessels out of the Port of Oakland. FAC ¶ 1. The Union represents such officers in their employment with shipping companies like Matson. FAC ¶¶ 2–3. On August 26, 2021, someone posted the MOU at the Union's dispatch hall in Oakland, alerting members that as of October 1, 2021, licensed deck officers would need to be vaccinated against COVID-19 in order to be employed aboard a Matson vessel. FAC ¶¶ 4, 16, 17. Plaintiff objected in

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

writing to this requirement on September 20, 2021. FAC ¶ 18 & Exh. B. The objection asserted that Plaintiff would be exercising his right to refuse vaccination and sought a religious exemption from Matson. FAC Exh. B. The company later rejected Plaintiff's religious exemption request. FAC ¶ 19. Plaintiff asserts that but for the vaccination requirement in the MOU he would have obtained work with Matson by being dispatched to a Matson vessel pursuant to his Union seniority. *See* FAC ¶ 113–15.

On December 22, 2021, Plaintiff requested a grievance hearing with the Union. After a telephone hearing, the Union declined to file a grievance on February 14, 2022. FAC ¶ 23. On March 1, 2022, Plaintiff filed a charge with the EEOC against both Matson and the Union, which was dismissed on February 13, 2023. FAC ¶ 20.

## III. ARGUMENT

### A. Pleading Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Factual allegations must be enough to raise a right to relief above the speculative level," and "formulaic recitation of the elements of a cause of action" will not satisfy this requirement. Twombly, 550 U.S. at 555. "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim," Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996), and even a liberal interpretation of a claim may not "supply essential elements of the claim," Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Dismissal is therefore appropriate where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533–34 (9th Cir. 1984)).

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

### B. The FAC Raises Only DFR Claims That Should Be Dismissed

#### 1. The Claims Are Preempted by the Duty of Fair Representation

The claim at the core of the FAC is that the Union entered into the MOU "without consulting the membership." FAC ¶ 4. In other words, Plaintiff alleges the Union failed to adequately represent him in bargaining with Matson. Plaintiff also alleges he requested that the Union represent him in a grievance, which the Union declined to do after a telephone hearing with Plaintiff. FAC ¶ 23. Thus, the Union *conduct* at issue was bargaining for the MOU and declining to file a grievance, both of which are traditional representation functions that courts review only under the DFR standard.

"[T]he court must look to the conduct at the heart of the controversy" to determine whether the claims arise under state law or the DFR. Madison v. Motion Picture Set Painters, 132 F. Supp. 2d 1244, 1256–59 (C.D. Cal. 2000); Seitz v. Teamsters, No. 23-CV-01716, 2023 WL 6883358, at *13 (N.D. Cal. Oct. 17, 2023) ("[A] fair-representation claim that is simply given a different label should be treated by the court as a fair-representation claim."). The duty applies to all representation activity, including the "negotiation, administration, and enforcement of collective bargaining agreements." Elec. Workers v. Foust, 442 U.S. 42, 47 (1979). Claims alleging a failure to adequately represent a member are preempted by the duty of fair representation regardless of any supposed state-law underpinnings. Adkins v. Mireles, 526 F.3d 531, 539 (9th Cir. 2008); Madison, 132 F. Supp. 2d at 1256 ("[T]he duty . . . is defined solely by federal law and preempts the application of state substantive law that seeks to regulate conduct within its ambit.") (citations omitted). Thus, "[c]ourts have routinely held that the duty of fair representation preempts generic state-law claims that are based on a union's failure to pursue a grievance or otherwise represent its members' interests." James v. Furniture Workers Local 89262, No. 21-cv-3893, 2021 WL 3616776, at *7 (N.D. Cal. Aug. 16, 2021). When state-law claims are preempted by the DFR, "courts will 'recharacterize a state law complaint displaced by [federal law] as an action arising under federal law.'" Id. (alteration in original) (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987)). Thus, courts

apply the DFR statute of limitations, see id. at *9, and analyze whether the factual allegations raise a plausible DFR claim, see Cahoon v. IBEW Local 261, 175 F. Supp. 2d 220, 227–28 & n.7 (D. Conn. 2001). Through that lens, Plaintiff's claims against the Union are untimely and fail to state a claim upon which relief can be granted.

**2. The Preempted Claims Are Untimely**

The statute of limitations for a DFR suit is an intentionally short six months, DelCostello v. Teamsters, 462 U.S. 151, 172 (1983), and "generally begins to run when an employee knows or should know of the alleged breach," Galindo v. Stoody Co., 793 F.2d 1502, 1509 (9th Cir. 1986). Plaintiff alleges the MOU was posted at the Union dispatch hall on August 26, 2021. FAC ¶ 16. Plaintiff certainly should have known of any claims he had related to the Union's agreement to that MOU as of that date, and in any event he certainly *was* aware by September 20, 2021, when he objected to the MOU in writing. See FAC ¶ 18. The latest date by which Plaintiff could have filed a DFR claim related to the Union's decision to agree to the MOU was therefore March 20, 2022. Any claim related to the Union's determination not to file a grievance for Plaintiff is also time-barred because Plaintiff was aware the Union would not do so by February 14, 2022. FAC ¶ 23. Thus, any claim regarding that decision needed to be filed by August 14, 2022.

Because Plaintiff did not file this action until September 2023 and alleges no facts giving rise to tolling or estoppel, the claims should be dismissed as time-barred. Dismissal on this basis should be with prejudice because the Union made precisely these arguments in its original Motion to Dismiss (Dkt. 12 at 11–12), yet Plaintiff's amendment adds no facts suggesting that he has any legally or equitably cognizable excuse for not timely filing this case. Compare Compl. ¶¶ 16–24 with FAC ¶¶ 16–24. Therefore, further leave to amend would be futile and the Court should exercise its discretion to deny such leave. See Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998).

**3. The FAC Alleges Insufficient Facts to State a DFR Claim**

Even if timely, the allegations cannot sustain a plausible DFR claim. Because a union must represent disparate—sometimes conflicting—groups and has scarce resources,

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

the courts are deferential to a union's decisions, and will not second-guess them as long as they are not "arbitrary, discriminatory or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967). Unions enjoy a wide range of bargaining latitude: "The complete satisfaction of all who are represented is hardly to be expected. A wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents . . . ." Ford Motor Co. v. Huffman, 345 U.S. 330, 338 (1953). Thus, the Ninth Circuit has acknowledged that the DFR doctrine should be "narrowly construed," Galindo, 793 F.2d at 1514, because a union "must be able to focus on the needs of its whole membership without undue fear of law suits," Herring v. Delta Airlines, 894 F.2d 1020, 1023 (9th Cir. 1990) (citing Bautista v. Pan Am. World Airlines, 828 F.2d 546, 549 (9th Cir. 1987)).

Discretionary conduct is inherently not arbitrary. Demetris v. Transp. Workers, 862 F.3d 799, 805 (9th Cir. 2017). "Therefore, [the] threshold inquiry . . . must be to determine whether the alleged conduct involved judgment or . . . was merely ministerial or procedural in nature," id. (citing Burkevich v. Air Line Pilots, 894 F.2d 346, 349 (9th Cir. 1990)), and "[i]f it is a union's judgment that is in question . . . the plaintiff may prevail only if the union's conduct was discriminatory or in bad faith." Moore v. Bechtel Power Corp., 840 F.2d 634, 636 (9th Cir. 1988). In any event, a union's conduct is arbitrary only if it lacks a rational basis, Stevens v. Moore Bus. Forms, 18 F.3d 1443, 1447 (9th Cir. 1994), or "is so far outside a 'wide range of reasonableness' as to be irrational," Air Line Pilots v. O'Neill, 499 U.S. 65, 67 (1991) (citation omitted) (quoting Huffman, 345 U.S. at 338). Bad faith requires "substantial evidence of fraud, deceitful action or dishonest conduct." Humphrey v. Moore, 375 U.S. 335, 348 (1964); see also Demetris, 862 F.3d at 808. The discrimination prong is equally deferential and can only be proven "where the aggrieved members set forth 'substantial evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives.'" Id. at 806 (quoting Motor Coach Emps. v. Lockridge, 403 U.S. 274, 301 (1971)).

This Motion should therefore be granted unless Plaintiff has alleged facts that plausibly rise to the level of arbitrary, discriminatory, or bad faith conduct. Conclusory

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

allegations do not suffice. See, e.g., Jay v. SEIU United Healthcare Workers W., 203 F. Supp. 3d 1024, 1041–42 (N.D. Cal. 2016) (dismissing duty of fair representation claim because complaint "does not provide enough facts . . . to draw a reasonable inference" of breach); Knowles v. Pac. Gas & Elec., No. 07-CV-2284, 2008 WL 2705097, at *6 (N.D. Cal. Jul. 8, 2008) (dismissing duty of fair representation claim because "[p]laintiffs do not provide any facts that explain how [union]'s failure to act constituted fraud, deceitful action or dishonest conduct"). Plaintiff has not met the pleading standard.

In particular, Plaintiff alleges that the Union entered into the MOU with Matson, which is not a "ministerial or procedural" act, Demetris, 862 F.3d at 805, so Plaintiff can only survive a motion to dismiss by alleging discriminatory or bad-faith conduct; there are no facts in the FAC from which such a conclusion could be drawn, particularly as the policies underlying the deferential standard for evaluating duty of fair representation claims hold particular weight in the context of the Union's response to a global health crisis. The FAC deliberately downplays the extent of the emergency generated by the COVID-19 pandemic, particularly for those employed aboard oceangoing vessels in close quarters with one another and for long periods of time. There is nothing inherently unreasonable about agreeing to the terms of a vaccination requirement, and Plaintiff pleads no facts showing a bad faith or discriminatory rationale. In the analogous context of COVID-19 vaccine mandates adopted by various state actors, courts have unanimously found that requiring vaccination is a legitimate means of "stemming the spread of COVID-19" and protecting public health and safety during the pandemic. See Valdez v. Grisham, No. 21-CV-783, 2022 WL 3577112, at *33 (D.N.M. Aug. 19, 2022) (citing cases).

Plaintiff's personal dissatisfaction with a vaccination requirement—no matter how fervent—does not entitle him to relief. See Saliba v. Allied Pilots, No. CV-22-1025, 2023 WL 2648141, at *6 (D. Ariz. Mar. 27, 2023) (denying plaintiff's duty of fair representation claim based on union's failure to oppose an employer airline's COVID-19 mask policy or "advance [his] idiosyncratic view"). "A union does not have a freestanding duty to address every problem, or even every workplace problem, that a bargaining-unit employee may

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

have." Steelworkers v. Rawson, 495 U.S. 362, 374–75 (1990). To establish the Union's liability, "it is not enough that the union's representation does not meet Plaintiff's expectations . . . ." Truesdell v. S. Cal. Permanente Med. Grp., 151 F. Supp. 2d 1161, 1170 (C.D. Cal. 2001). Plaintiff may have wanted the Union to capitulate to his beliefs about the vaccine, but the Union's choice not to do so and to instead promote the health and safety of its members at large does not mean it acted in bad faith or discriminatorily.

Plaintiff argues in the FAC that the Union and Matson acted arbitrarily in bargaining the vaccine MOU. Plaintiff asserts that the vaccines did not stop transmission of or infection by COVID-19, that even masks did not stop the virus, that members of the longshoremen's union on the west coast were allowed to work aboard Matson vessels without being vaccinated, and COVID-19 "is not a significantly fatal condition." FAC ¶¶ 51–54. These allegations do not give rise to a plausible claim that the Union acted arbitrarily in negotiating the MOU because they fall far short of showing that the Union's conduct was "irrational" under O'Neill, 499 U.S. at 67. The vaccines' failure to provide full immunity and the survival rate for those who contract COVID-19 do not lead to a plausible conclusion that it is *irrational* to nevertheless agree to a vaccination requirement. Plaintiff does not allege that the vaccine causes any particular harm, he does not allege that COVID-19 is completely harmless, and he does not allege that the vaccine is completely ineffective. (Nor could he, in good faith, make any of those claims.) Thus, just as described in Valdez, 2022 WL 3577112, at *33, and cases cited therein, Plaintiff has not established that there was an utter lack of legitimate basis for the Union to bargain the MOU.

Dismissal on this basis should be with prejudice because Plaintiff added no *factual* allegations to the FAC—only argument in the "arbitrary and capricious" cause of action—to address the original Complaint's failure to state a duty of fair representation claim.

## C. The FAC Fails to State a Claim Even If the Claims Are Not Preempted

### 1. "No Identified Duty" Is Not a Cause of Action

Plaintiff labels his first cause of action "No identified duty on Plaintiff's part," FAC at 7, referring to his argument that Defendants "failed to identify a binding authority or

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

contractual obligation by which [they] may compel this Plaintiff to submit himself to the perils of an investigational / experimental EUA medical product . . . ." FAC ¶¶ 44–45. Even construing the FAC liberally, there is no cause of action called "no identified duty," nor does that concept appear to refer to any existing tort or statutory cause of action. Public policy militates against needlessly expanding beyond the set of generally accepted torts that have longstanding foundation in the law. See, e.g., Moore v. Regents of Univ. of Cal., 51 Cal. 3d 120, 136 (1990) (quoting Nally v. Grace Cmty. Church, 47 Cal. 3d 278, 299 (1988)). There is no compelling justification for upsetting or departing from this well-settled approach, particularly for a federal court. See Nicholas Homes v. M & I Marshall & Ilsley Bank, No. CV-09-2079, 2010 WL 1759453, at *5 (D. Ariz. Apr. 30, 2010). Thus, Plaintiff has not stated a claim for relief related to his belief that the Union has not identified binding authority to compel Plaintiff to be vaccinated.

In any event, the Union did not compel Plaintiff to be vaccinated, because Plaintiff did not obtain a vaccination. Moreover, the Union, as the bargaining representative of licensed deck officers employed by Matson, can waive certain rights he would otherwise have; an example is the right to strike that is normally protected by the National Labor Relations Act, but which can be limited in a contract bargained by the employees' union. See, e.g., Metro. Edison Co. v. NLRB, 460 U.S. 693, 705 (1983). Thus, even assuming *arguendo* that Plaintiff established some legal right to work free of the vaccine, he has not established—and cannot establish—that the Union and Matson were not permitted under federal labor law to bargain over that subject in such a way that Plaintiff was obligated to choose between remaining unvaccinated and working aboard a Matson vessel.

### 2. The "Arbitrary and Capricious" Cause of Action Fails

Plaintiff's second cause of action asserts that the bargained MOU was arbitrary and capricious. While the Union has a duty to its members not to engage in arbitrary representational conduct, there is no independent, freestanding legal duty applicable to private actors not to engage in arbitrary conduct. In any event, for the same reasons the FAC does not state a claim for arbitrary conduct under the DFR, see supra III.B.3, it does

not state a claim for arbitrary conduct in general; Plaintiff has not pleaded facts showing the Union's decision to bargain the MOU was completely without rational basis.

### 3. The Wrongful Termination Causes of Action Fail

Plaintiff labels his third through fifth causes of action "wrongful termination," each premised on a purported right to refuse COVID-19 vaccination. California does recognize a tort of wrongful termination in violation of public policy. See Gantt v. Sentry Ins., 1 Cal. 4th 1083, 1094 (1992) (overruled on other grounds, Green v. Ralee Eng'g Co., 19 Cal. 4th 66 (1998)). The elements of this claim are:

> 1. That [plaintiff] was employed by [defendant];
> 2. That [defendant] discharged [plaintiff];
> 3. That [a violation of public policy] was a substantial motivating reason for [plaintiff]'s discharge;
> 4. That [plaintiff] was harmed; and
> 5. That the discharge was a substantial factor in causing [plaintiff] harm.

Judicial Council of Cal. Civil Jury Instruction 2430 (2023). Plaintiff has not pleaded facts supporting these elements against the Union.

#### (a) The Union Did Not Employ or Discharge Plaintiff

Any wrongful termination claim fails because Plaintiff does not allege the Union ever employed Plaintiff. To the extent Plaintiff argues the Union abetted a wrongful discharge by Matson, such a claim would also fail for at least two reasons. First, California courts have declined to recognize third-party liability for wrongful termination:

> Because tort liability arising from conspiracy presupposes that the coconspirator *is legally capable of committing the tort* (because he owes a duty to the plaintiff recognized by law and is thus potentially subject to liability for a breach of that duty), we hold that a third party who is *not* (and never was) the plaintiff's employer cannot be liable for conspiracy to wrongfully terminate the plaintiff's employment in violation of public policy.

Weinbaum v. Goldfarb, Whitman & Cohen, 46 Cal. App. 4th 1310, 1315 (1996); see also Eshun v. Steelworkers Local 17, No. 19-CV-256, 2020 WL 7342454, at *13 (E.D. Cal. Dec. 14, 2020) (applying Weinbaum to find no wrongful discharge claim against union). Second, Plaintiff does not allege Matson fired him; instead, he alleges Matson *would not*

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

*employ him*. The California courts have declined to extend the wrongful termination tort action to a wrongful refusal to hire. Williams v. Sacramento River Cats Baseball Club, 40 Cal. App. 5th 280, 288 (2019). Plaintiff does not even allege he sought a job with Matson, but only claims he *could* have sought dispatch to a Matson vessel but for the MOU. Thus the Union cannot have participated in a wrongful termination by entering the vaccination MOU because even Matson did not terminate Plaintiff.

**(b) The Union Did Not Violate Any Public Policy**

Even were Plaintiff protected as a potential hiring hall referral under the wrongful termination cause of action, Plaintiff would need to allege facts showing a causal relationship between public policy and his discharge. Plaintiff has not done so because his citations to purported rights to refuse vaccines do not provide a basis for finding the Union breached public policy with respect to Plaintiff's potential employment with Matson.

Plaintiff's third through fifth causes of action all make the same argument, using different premises: that Plaintiff had a right to refuse the vaccine, and that the MOU infringed on that right. Even if Plaintiff correctly characterized the statute, regulation, and common law doctrine he cites, he has introduced no facts showing he was not made aware of his option to refuse vaccination. In fact, Plaintiff not only knew but exercised his right to refuse. See Johnson v. Brown, 567 F. Supp. 3d 1230, 1256–57 (D. Or. 2021) (denying plaintiffs' informed consent objection to a vaccination requirement). Thus, while Plaintiff may have felt the option presented to him between vaccination and working for Matson was a hard choice, the law recognizes that it was still a choice and there is no breach of public policy in presenting that choice to him.

Regarding 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(III), cited in the third cause of action, it is abundantly clear that the statute is not aimed at restricting unions' bargaining choices and provides no avenue for the relief Plaintiff seeks. The statute outlines the conditions under which the Secretary of Health and Human Services may authorize a product for emergency use. See 21 U.S.C. § 360bbb-3(a)(1); Johnson, 567 F. Supp. 3d at 1255.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Plaintiff's fourth cause of action rests on 45 C.F.R. § 46.116, which Plaintiff claims requires vaccine providers to inform persons of their right to refuse the shot. FAC ¶ 73. In reality, that provision governs informed consent related to human trials. Plaintiff does not allege facts showing that he was part of a human trial. See Bridges v. Houston Methodist Hosp., 543 F. Supp. 3d 525, 527–28 (S.D. Tex. 2021) (finding § 46.116 claim failed because employees in question were not part of a human trial; rather, they were subject to a vaccination mandate at work).

Plaintiff's fifth cause of action rests on a purported common law right to refuse medical treatment, citing Thor v. Superior Court, 5 Cal. 4th 725 (1993), and California Code of Regulations, Title 22, § 72527. Thor wrestles with whether medical officials at a state prison have an affirmative duty to administer life-sustaining treatment to an adult against his consent, a question the California Supreme Court answered in the negative. Not even the most strained reading of this authority could support Plaintiff's claim. Thor and its progeny do not create a right of a private plaintiff to maintain his employment despite refusing to comply with a uniformly applied vaccine mandate. Plaintiff may indeed have a right to "self-determination and bodily integrity," 5 Cal. 4th at 739, but that right does not shield him from any and all consequences of his personal choice to refrain from receiving a vaccine during a global pandemic. As to the state regulation, it applies by its terms to patients in skilled nursing facilities, which Plaintiff does not allege he was. Nor can the regulation's statement that such patients have a right to refuse treatments, 22 Cal. Code Regs. § 72527(a)(4), be logically extended to a right of an employee to work wherever he wants irrespective of negotiated terms and conditions of employment.

### 4. The Breach of Contract Cause of Action Fails

Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, "preempts state-law claims that are 'substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract[.]'" Adkins, 526 F.3d at 539 (alteration in original) (quoting Allis–Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985)). Plaintiff makes at least three claims that require interpretation of the collective-bargaining

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

agreement between Matson and the Union: that he may only be denied work for cause, FAC ¶ 97; that exercising statutory rights is not sufficient cause to be denied work, FAC ¶¶ 98–99; and that nothing in the CBA waives Plaintiff's rights, FAC ¶ 100. Thus, any breach of contract claim related to the CBA must be analyzed under federal law.

Plaintiff asserts that he has rights under the CBA between Matson and the Union, and that he can enforce those rights *against the Union*. While a labor union "may assume a responsibility towards employees by accepting a duty of care through a contractual arrangement," IBEW v. Hechler, 481 U.S. 851, 860 (1987), "[i]f an employee claims that a union owes him a more far-reaching duty [than the duty of fair representation], he must be able to point to language in the collective-bargaining agreement specifically indicating an intent to create obligations enforceable against the union by the individual employees," Rawson, 495 U.S. at 374. This is a high bar, "lest the courts be precipitate in their efforts to find unions contractually bound to employees by collective-bargaining agreements. Id.

Plaintiff has not pointed to *any* language in a CBA between the Union and Matson from which the Court can plausibly conclude that the Union intended "to create obligations enforceable against" the Union by employees. Plaintiff does not quote or cite any CBA language in the FAC; he merely states generically that, for instance, he has a right to only be denied work for cause. Therefore, Plaintiff has provided no basis on which he can maintain a Rawson-type breach of contract action against the Union.

Plaintiff also makes vague reference to "Plaintiff's contract with MM&P," FAC ¶ 100, but he makes no further factual allegations about what contract that might be or what terms it contains. Plainly, Plaintiff cannot maintain a breach of contract cause of action without identifying what contract was breached.

### 5. Plaintiff Has No Claim Under the EUA Statute

It is unclear whether Plaintiff claims he has a direct cause of action for violation of 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(III). To the extent he is attempting to bring that claim, it does not succeed. First, Plaintiff does not plead that anyone failed to make him aware of his option to refuse vaccination. Second, the statute deals with Health and Human Services

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

emergency use authorization, not with unions making decisions in bargaining. Third, no provision of the statute implies a private right of action; in general courts do not imply a private right of action unless the statute "display[s] an intent to create a private remedy." Lil' Man in the Boat v. City & Cty. of San Francisco, 5 F.4th 952, 959 (9th Cir. 2021). The Oregon District Court recently dismissed a § 360bbb-3 claim regarding a store's mask mandate because "courts have consistently held that [§ 360bbb-3] provides no private right of action." Kiss v. Best Buy Stores, No. 22-CV-00281, 2022 WL 17480936, at *21 (D. Or. Dec. 6, 2022); see also Miller v. Farris, No. CV 21-9551, 2023 WL 4680370, at *26 (C.D. Cal. Jun. 14, 2023) (holding that § 360bbb-3 "does not provide a private right of action" against a school district for enforcement of COVID-19 mask, testing, and vaccination requirements). For that same fundamental reason, Plaintiff's claim here must fail.

**6. Any Title VII Claim Is Untimely and Insufficiently Pleaded**

It is also unclear whether Plaintiff intends to bring a Title VII claim. None of his causes of action are so labeled, but he does allege that in 2021 he "asserted a religious right to refuse an EUA medical product / treatment," FAC ¶ 5(c), and under the heading "Exhaustion of Administrative Procedures" he notes that he initiated an action before the EEOC on March 1, 2022, which the EEOC dismissed on February 13, 2023. Any Title VII claim is untimely and Plaintiff has failed to state sufficient facts to make out such a claim.

**(a) Plaintiff Filed Any Title VII Claim Too Late**

Plaintiff had 90 days from receipt of a right-to-sue notice from the EEOC to file his lawsuit in court. 42 U.S.C. § 2000e-5(f)(1). The Ninth Circuit "measure[s] the start of the limitations period from the date on which a right-to-sue notice letter arrived at the claimant's address of record." Payan v. Aramark Mgmt. Servs., 495 F.3d 1119, 1122 (9th Cir. 2007). Plaintiff alleges the EEOC dismissed his charge on February 13, 2023. FAC ¶ 20. The Ninth Circuit presumes the EEOC mailed the letter on that issuance date. Payan, 495 F.3d at 1123–24. The Ninth Circuit further presumes that the letter arrived three days later. Id. at 1125. Plaintiff has pleaded no facts regarding the right-to-sue letter aside from the date of issuance. Therefore, Payan's presumptions apply. Three days after February 13,

2023 was February 16. Plaintiff's 90-day clock started then, which means that his deadline to file a lawsuit was May 17. He did not file until September 22, over four months late.

**(b) Any Discrimination Claim Against the Union Fails**

Plaintiff has pleaded no facts showing the Union discriminated against him on the basis of religion. Under 42 U.S.C. § 2000e-2(c), it is unlawful for a labor organization to "to limit, segregate, or classify its membership or applicants for membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities" or "to cause or attempt to cause an employer to discriminate against an individual" on the basis of religion.

Plaintiff does not allege the Union took any internal actions that impeded Plaintiff's ability to obtain work at Matson; nor does Plaintiff allege that he ever sought referral to Matson and the Union refused. Plaintiff might argue that by bargaining for an MOU that allowed the company to impose a vaccine mandate, the Union was causing Matson to discriminate against him, but that is not a plausible inference from the facts alleged; there is nothing in the FAC to suggest Matson was not acting entirely of its own volition. For instance, there is no allegation that the Union was involved in Matson's denial of his request for religious accommodation.

Plaintiff has also not plausibly pleaded any religious aspect to his noncompliance with the vaccine mandate. His September 2021 letter claims "a longterm sincerely held belief that my God created immune system is sufficient." FAC Exh. B. That is a secular belief about the strength of Plaintiff's immune system. The Court need not "take plaintiff[‘s] conclusory assertions of violations of [his] religious beliefs at face value." Bolden-Hardge v. Cal. State Controller, 63 F.4th 1215, 1223 (9th Cir. 2023). Plaintiff's asserted "religious belief" is akin to numerous cases in which the courts have found purportedly religious claims to actually be secular. See Mason v. Gen. Brown Cent. Sch. Dist., 851 F.2d 47, 52 (2d Cir. 1988) (finding opposition to vaccination based on beliefs in "genetic blueprint" not religious); Ruscitti v. Legacy Health, No. 23-CV-787, 2023 WL 8007620, at *3 (D. Or. Sept. 27, 2023), adopted, 2023 WL 8006269 (D. Or. Nov. 16,

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

2023) (finding "objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the purity of her body" not religious).

## IV. CONCLUSION

For the foregoing reasons, the Union respectfully requests that the Court dismiss the FAC against the Union. Dismissal should be with prejudice because nothing can cure the untimeliness of the preempted claims. Moreover, Plaintiff has shown by amending once already that he cannot cure the numerous additional defects in the FAC pointed out above.

DATED: December 26, 2023

BUSH GOTTLIEB, A Law Corporation

By: */s/ Jason Wojciechowski*
JASON WOJCIECHOWSKI
Attorneys for Defendant IOMMP

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

# PROOF OF SERVICE

**DANIEL B. MARTIN v. MASTERS, MATES & PILOTS, ET AL.**
**CASE NO.: 23-cv-04859-JD**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 801 North Brand Boulevard, Suite 950, Glendale, CA 91203-1260.

On December 26, 2023, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION OF INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Bush Gottlieb's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 26, 2023, at Glendale, California.

Chelsea Mayo

**SERVICE LIST**

**DANIEL B. MARTIN v. MASTERS, MATES & PILOTS, ET AL.**
**CASE NO.: 23-cv-04859-JD**

| | |
|---|---|
| Daniel B. Martin, *In Pro Se*<br>P.O. Box 51760<br>Pacific Grove, CA 93950<br>Email: dbm@generalmail.net | *Via U.S. Mail* |
| Jason A. Geller<br>Hyunki (John) Jung<br>Fisher & Phillips LLP<br>One Montgomery Street, Suite 3400<br>San Francisco, CA 94104<br>Tel: (415) 490-9000<br>Email: jgeller@fisherphillips.com<br>hjung@fisherphillips.com | *Via CM/ECF* |

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260