DANIEL B. MARTIN
P.O. BOX 51760
PACIFIC GROVE, CA 93950
Tel: 831-246-1394
Email: dbm@generalmail.net

FILED
JAN 02 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DANIEL B. MARTIN<br>Plaintiff,<br>v.<br>Masters, Mates, & Pilots<br>and<br>MATSON NAVIGATION CO.,<br>Defendants. | **Case No.** 3:23-cv-04859-RFL<br>Plaintiff's OPPOSITION to Defendant Matson Navigation Company, Inc. "Notice of Motion and Motion to Dismiss Plaintiff Daniel B. Martin's First Amended Complaint", Dkt. No. 27, as to Plaintiff's First Amended Complaint, Docket No. 23, and Motion to deny Matson's motion to dismiss |

On December 12, 2023 this Plaintiff filed a "First Amended Complaint", Docket No. 23.

On December 26, 2023, Defendant Matson Navigation Co. filed a motion to dismiss Plaintiff Daniel B. Martin's First Amended Complaint under Fed. Rules Civ. Proc. Rule 12(b)(6) - Failure to state a claim, Docket No. 27.

Plaintiff Daniel B. Martin now OPPOSES the above titled 12(b)(6) motion to dismiss on the following grounds:

Defendant Matson does not dispute:

1. That Plaintiff Daniel B. Martin is and was at all times pertinent to this case a member in good standing of the International Organization of Masters, Mates, & Pilots ("MM&P") subject to the Shipping Rules of MM&P.

2. That up to late September 2021 Plaintiff Daniel B. Martin worked as a Port Relief Officer ("night mate") on Matson vessels while in the Port of Oakland without incident.

3. That Plaintiff Daniel B. Martin worked under the terms of a Collective Bargaining Agreement ("contract") between MM&P and Matson.

4. That Plaintiff Daniel B. Martin intended to work on a Matson vessel on the Hawaii (domestic) run from the West Coast to Hawaii and return. See Exhibit A

5. That during August 2021 a Notice was posted at the MM&P dispatch hall at Oakland, California to the effect that as of October 01, 2021 no member would be dispatched to a Matson vessel unless that member accepted the administration of one of three experimental Covid "vaccines" into his body.

6. That in a letter dated September 20, 2021, Plaintiff advanced his note of protest regarding this "vaccine" requirement to Defendant Matson. See Exhibit B, FAC.

7. That in that September 20th letter, Exhibit B, Plaintiff gave notice to Defendant Matson that the three proffered experimental "vaccines" were / are "experimental".

8. That in that September 20th letter Plaintiff gave notice to Defendant Matson that the three proffered experimental "vaccines" were / are subject to 45 CFR Part 46.116 - Informed Consent.

9. That in that September 20th letter Plaintiff advised Defendant Matson that he did / does not consent to the introduction of experimental medical products into his body as a condition of the opportunity to be dispatched to a Matson vessel.

Defendant Matson does not dispute, continued:

10. That Defendant Matson was non-responsive to this non-consent and citation to 45 CFR Part 46.116 - Informed Consent.

11. That each of the "vaccines" required by Defendant Matson is in fact an "investigational vaccine not licensed for any indication" released upon the public under Emergency Use Authorization (EUA). See FAC Page 5, where each "vaccine" is so announced in the Federal Register.

12. That all of the experimental "vaccines" required by Defendant Matson are in fact part of an ongoing medical research project. See FAC Page 6.

13. That 21 U.S.C. Section 360bbb3(e)(1)(A)(ii)(III) governs the administration of EUA medical products.

14. That 45 CFR Part 46.116 - Informed Consent, governs medical research activities.

15. That the "vaccines" required by Defendant Matson as a condition of continued opportunity to be dispatched to a Matson vessel are in fact a "treatment".

16. That the "vaccines" required by Defendant Matson as a condition of continued opportunity to be dispatched to a Matson vessel will not prevent the transmission of the alleged Covid virus.

17. That the "vaccines" required by Defendant Matson as a condition of continued opportunity to be dispatched to a Matson vessel will not prevent the infection of the alleged Covid virus.

18. That there are numerous credible reports of injuries including death and great bodily harm directly attributable to the administration of the experimental "vaccines" required by Defendant Matson as a condition of continued employment.

19. That after October 01, 2021 Plaintiff Daniel B. Martin was denied by Matson the opportunity to be dispatched from an MM&P hiring hall to work on a Matson vessel solely because he refused the administration of an investigational / experimental Covid "vaccine".

20. That as of October 01, 2021 Plaintiff Daniel B. Martin was denied by Matson the opportunity to be dispatched from an MM&P hiring hall to work on a Matson vessel solely because because he refused to participate in an ongoing medical research project (the administration of Covid "vaccines" under the PREP Act). See FAC Page 6.

## What Defendant Matson does dispute

21. Defendant Matson apparently disputes that the "legally effective informed consent" **required by regulation** to be obtained prior to the administration of "investigational" and "research" medical products *means* that the intent of Congress is for an individual, such as this Plaintiff, to be able to refuse the injection without retribution.

(See Exhibit B, FAC - Matson was on notice)

22. Matson apparently contends that 21 U.S.C. Section 360bbb3(e)(1)(A)(ii)(III) *does not* identify a right for an individual to refuse an EUA experimental medical product.

23. While not disputing that the Covid "vaccine" program is in fact part of an ongoing medical research project (FAC page 6), Defendant Matson apparently contends that 45 CFR Part 46.116 - Informed Consent, which governs medical research projects, ;

> "Before involving a human subject in research covered by this policy, an investigator shall obtain the **legally effective informed consent** of the subject or the subject's legally authorized representative." (emphasis added)

does *not* mean that this Plaintiff has a "legally effective informed consent" right to refuse participation in an ongoing medical research project without retribution.

## Plaintiff's Summary of this Opposition to Matson's 12(b)(6) motion to dismiss Plaintiff's First Amended Complaint

This case presents unresolved questions for the court to address:

1. If this Plaintiff *must*, by regulation, be informed by a provider under the PREP Act administering a Covid "vaccine" that he has the option to refuse the shot, does that mean that Congress intended for this Plaintiff to have the option to refuse the shot ?

2. If Congress intended that this Plaintiff has the option to refuse the shot, does that mean that he may do so without surrendering other rights ?

3. Plaintiff has asserted from the outset of this case that he can not be denied the exercise of one right, in this case the contractual opportunity to work, by the exercise of another right, in this case the **legally effective informed refusal** to the injection of an

experimental medical product into his body. The court is requested to resolve this apparent conflict.

4. The above 3 items are the core of this case and are subjects for the court to sort out.

Plaintiff's Motion to deny Matson's 12(b)(6) Motion to dismiss
Plaintiff's First Amended Complaint

For the reasons laid out above, Plaintiff moves the court to deny Defendant Matson's Motion to dismiss, Dkt. 27, in order that this case, raising important questions of public policy, may receive a proper judicial resolution.

About pro se filings

> "…the rule for pro se complaints should be interpreted to mean that if the court can reasonably read pleadings to state a valid claim on which plaintiff may prevail, it should do so despite technical deficiencies such as failure to cite proper legal authorities and confusion of various legal theories."

Source: "Functions of Rule 12(b)(6) in the Federal Rules of Civil Procedure:
A Categorization Approach", by Yoichiro Hamabe,
Campbell Law Review, Issue 2, Spring 1993
citing: Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Respectfully submitted,

Daniel B. Martin

DANIEL B. MARTIN, pro se
P.O. BOX 51760
PACIFIC GROVE, CA 9395
Tel: 831-246-1394
Email: dbm@generalmail.net

Certificate of Mailing

Daniel B. Martin does hereby certify that on Saturday December 30, 2023, he did deposit for mailing at the U.S. Post Office, Pacific Grove, California, the following:

## Certificate of Mailing

Daniel B. Martin does hereby certify that on Saturday December 30, 2023, I did deposit for mailing at the U.S. Post Office, Pacific Grove, California, a copy of this:

"Plaintiff's OPPOSITION to Defendant Matson's Motion to dismiss, Docket No. 27, as to First Amended Complaint, Dkt. No. 23 and Motion to deny Matson's motion to dismiss."

in a USPS Priority Mail envelope addressed to:

1. Jason Geller
   Fisher & Phillips, LLP
   One Montgomery Street, Suite 3400
   San Francisco, California 94104

2. Jason Wojciechowski
   Samantha M. Keng
   Bush Gottlieb, A Law Corporation
   801 North Brand Boulevard, Suite 950
   Glendale, California 91203 - 1260

Daniel B Martin

Daniel B. Martin, pro se