JASON A. GELLER (SBN 168149)
Email: jgeller@fisherphillips.com
HYUNKI (JOHN) JUNG (SBN 318887)
Email: hjung@fisherphillips.com
FISHER & PHILLIPS LLP
One Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Attorneys for Defendant
Matson Navigation Company, Inc.,
*erroneously* sued as "Matson Navigation Co."

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL B. MARTIN<br><br>Plaintiff,<br><br>v.<br><br>MASTERS, MATES & PILOTS; and<br><br>MATSON NAVIGATION CO.,<br><br>Defendants. | CASE NO.: 3:23-cv-04859-RFL<br><br>**DEFENDANT MATSON NAVIGATION COMPANY, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF DANIEL B. MARTIN'S FIRST AMENDED COMPLAINT**<br><br>DATE: January 30, 2024<br>TIME: 10:00 a.m.<br>CTRM: 15<br>JUDGE: Hon. Rita F. Lin<br><br>Complaint Filed: September 22, 2023<br>FAC File: December 12, 2023<br>Trial Date: None Set |

## I. INTRODUCTION

Plaintiff Daniel B. Martin's ("Plaintiff") Opposition to Defendant Matson Navigation Company, Inc.'s (erroneously sued as Matson Navigation Co.) ("Matson") Motion to Dismiss ("Motion") Plaintiff's First Amended Complaint ("FAC") sheds no light on his claims, and only confirms that the Court should dismiss the FAC with prejudice and without leave to amend.

As a threshold matter, it is clear that Plaintiff has misconstrued Rule 12(b)(6) standard. While Plaintiff devotes a majority of the Opposition to his meritless contention that Matson did not dispute certain allegations in the FAC (Opp., ¶¶ 1-20), this is obviously not true. As the Motion made it clear (Mot., at p. 3 fn. 1), while Matson vigorously disputes any of the allegations set forth in the FAC, it accepts the facts in the FAC as true *only for the limited purposes of this 12(B)(6) Motion*. But that does not mean that Matson admits or does not dispute any of the allegations, as Plaintiff misrepresents.

Further, instead of substantively responding to any of the arguments Matson raised in the Motion, Plaintiff's Opposition largely reiterates non-cognizable claims advanced in his original complaint and the FAC (Opp., ¶¶ 1-20), and in doing so, has waived any arguments countering Matson's position as to why each of causes of action in the FAC effectively fails to plausibly state a cognizable legal claim. More problematically, Plaintiff grossly misrepresents Matson's arguments made in the Motion (Opp., ¶¶ 21-23) and even poses vague and rhetorical questions to the Court and improperly urges the Court to be his counsel to solve them of behalf of him. (Opp., 4:17-5:8).

Despite these obvious defects, Plaintiff appears to ask this Court to excuse any failings in the FAC as the product of his *pro se* status. (Opp., 5:9-17). However, Plaintiff, like every other litigant, is required to follow the Federal Rules of Civil Procedure and he should not force Matson or this Court to further expend resources on this case especially when Plaintiff has not been able to make a short, plain statement of his claims that puts Matson on notice of the allegations against it even after amending his complaint. The only amendment Plaintiff can arguably make is to allege his Title VII claims relating to the vaccine mandate, but that would also be futile here because of his Title VII claims are time-barred.

Since there can be no circumstances under which Plaintiff can plausibly state a claim by another amendment, Matson respectfully requests that the Court dismiss each cause of action set forth in Plaintiff's FAC with prejudice, and without leave to amend.

## II. LEGAL ARGUMENT

### A. Plaintiff Clearly Misconstrues Rule 12 Standards by Contending That Matson Does not Dispute Certain Allegations in the FAC.

Rule 12(b)(6) Motion tests the legal sufficiency of the claims asserted in the complaint. *Cairns v. Franklin Mint Co.*, 24 F.Supp.2d 1013, 1023 (C.D. Cal. 1998). To survive a motion to dismiss, Rule 12(b)(6) "call[s] for *sufficient factual matter, accepted as true*, to 'state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). Here, Plaintiff falsely alleges that Matson did not dispute certain allegations set forth in the FAC. (Opp., ¶¶ 1-20). This is not true. Matson does not admit anything, but simply accepts the facts Plaintiff pleaded in the FAC as true only for the limited purposes of this Motion, as required by Rule 12. With these Rule 12 standards in mind, Matson's Motion generally asserts that even assuming every fact stated in the FAC to be true for purposes of the Motion, Plaintiff nonetheless fails to state a claim upon which relief may be granted as to each cause of action. (Mot., at p. 3 fn. 1). Since Plaintiff's opposition completely misses the mark and misconstrues Rule 12 Standards, the Court should disregard Plaintiff argument that Matson does not dispute certain allegations in the FAC.

### B. Plaintiff has Waived his Opposition by Failing to Respond to Matson's Substantive Arguments.

If Plaintiff fails to respond or to otherwise oppose Defendant's arguments in a motion, then the district court may deem Plaintiff to have waived opposition to the motion. *See Locricchio v. Office of U.S. Trustee*, 313 Fed.Appx. 51, 52 (9th Cir. 2009) (holding that "the district court correctly opined that Appellants had waived their … argument for failing to raise it in their opposition to the Trustee's motion to dismiss"); *Conservation Force v. Salazar*, 677 F.Supp.2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived."); *Roy v. Contra Costa Cty.*, No. 15-cv-02672-TEH, 2015 WL 5698743, at *3 n.7 (N.D. Cal. Sept. 29, 2015) ("When a non-moving party's opposition to a motion to dismiss fails to address the moving party's arguments regarding certain claims, the non-moving party has conceded that those claims fail."); *Pecover v. Elec. Arts Inc.*, 633 F. Supp. 2d 976, 984 (N.D. Cal. 2009) ("[P]laintiffs have effectively conceded, by failing to address the issue in their opposition memorandum, that their claims … should be dismissed.").

Here, the Court should dismiss the FAC with prejudice because the Opposition does not respond to any of Matson's substantive arguments, and by doing so, Plaintiff has effectively conceded that his claims should be dismissed.

**1. <u>Plaintiff Concedes That Most of his Causes of Action, as Pled, are not Legally Cognizable</u>.**

In its Motion, Matson explained that most of Plaintiff's causes of action, as pled, are legally non-cognizable. (Mot., at p. 5:15-20). Particularly, Matson contends that no causes of action for: (1) "No identified duty on Plaintiff's part"; (2) "MM&P / Matson 'vaccine' requirements were arbitrary and capricious"; (3) "Wrongful termination – violation of right to refuse the proffered EUA medical products"; (4) "Wrongful termination in violation of Plaintiff's right to refuse investigational / experimental medical products"; and (5) "Wrongful Termination - violation of right to refuse medical treatment, violation of right not to participate in experimental research" exist. *Id.* Since Plaintiff's Opposition does not dispute this point and he concedes that these are not legally cognizable causes of action.

**2. <u>By Failing to Rebut Matson's Substantive Arguments, Plaintiff Also Concedes That the FAC, as Pled, Fails to State any Cognizable Claims</u>.**

Plaintiff's claims should also be dismissed under Rule 12(b)(6) because the Opposition fails to rebut any of Matson's substantive arguments as to why each of his causes of action – even if the Court were to consider them – fails as a matter of law and must be dismissed for failure to state a legally cognizable claim.

For instance, Matson argued that Plaintiff's first cause of action for "No identified duty on Plaintiff's part," as pled, must fail, because private employers, such as Matson, can lawfully require vaccinations as a condition of employment; Matson has no affirmative duty to identify any authority by which it can compel vaccination; the FAC fails to identify what laws have been violated against Plaintiff by implementing mandatory vaccination policy; and 45 CFR § 46.116 or 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(III) does not provide a private right of action for Plaintiff to sue Matson. (Mot., at pp. 5:21-7:16). Since nothing in Plaintiff's Opposition attempts to address any of these arguments, any of his counterclaims are deemed waived.

Matson also explained that Plaintiff's second cause of action for "MM&P / Matson 'Vaccine' Requirements Were Arbitrary and Capricious" cannot survive dismissal because private employers, such as Matson, can legally mandate vaccinations as a condition of employment; the arbitrary-or-capricious standard does not apply to Matson, a non-governmental agency; and Matson's vaccination policy is not arbitrary and capricious under the applicable case law. (Mot., at pp. 7:17-8:22). By failing to rebut any of these arguments, Plaintiff has effectively conceded all of these points.

Further, Matson's Motion made it clear that Plaintiff's third through fifth "*De Facto* Wrongful Termination" causes of action must be dismissed because the underlying claims fail.

For example, as to his third cause of action for "Wrongful Termination – Violation of Right to Refuse the Proffered EUA Medical Product," Matson asserted that Plaintiff's underlying claim relating to 21 U.S.C. § 360bbb-3, *et seq.* (the "EUA statute"), as pled, fails to state legally cognizable claim, because (i) "the informed consent requirements" under the EUA statute applies only to "medical providers" and do "not apply to an employer" that "is not directly administering the vaccine," such as Matson; (ii) the EUA statute does not provide a private right of action for Plaintiff to sue Matson; and (iii) to the extent that the Pfizer vaccine was given full FDA approval even before Plaintiff filed his original Complaint (which he concedes), its use is no longer subject to the conditions applicable to the EUA statute. (Mot., at pp. 8:23-10:6).

As to Plaintiff's fourth cause of action for "Wrongful Termination in Violation of Plaintiff's Right to Refuse Investigational / Experimental Medical Product" under 45 CFR § 46.116, Matson argued that Plaintiff's claims necessarily fail to the extent that he largely repackages his already-failed informed consent arguments and because 45 CFR § 46.116, just like the EUA statute, does not provide a private right of action for Plaintiff to sue Matson. (Mot., at p. 10:7-19).

Matson further contended that Plaintiff's fifth cause of action for "Wrongful Termination in Violation of Plaintiff's Right to Refuse Medical Treatment, Violation of Right not to Participate in Experimental Research" cannot survive dismissal because there is no fundamental right to refuse vaccination. (Mot., at pp. 10:20-11:11). Again, Plaintiff has failed to oppose any of these arguments. Similarly, Plaintiff has elected to put forth no substantive rebuttal as to Matson's arguments regarding his sixth cause of action for "Breach of Contract" and did not even bother to address Matson's ancillary

arguments regarding a Title VII claim.

By failing to respond to the substantive arguments made in Matson's Motion, Plaintiff cannot dispute that he has waived his arguments, has conceded Matson's position, and the Court should grant the Motion to Dismiss for that reason alone.

**C. <u>Plaintiff's Opposition Misrepresents Matson's Arguments, and Improperly Poses Rhetorical Questions to the Court</u>.**

In the alternative, to the extent Plaintiff responds to Matson's arguments (he does not), his responses do not change the conclusion that the FAC is subject to dismissal with prejudice.

As a preliminary matter, Plaintiff grossly misrepresents Matson's arguments made in its Motion. (*See* Opp., ¶¶ 21-23). For example, Plaintiff misleadingly asserts that "Matson apparently contends that 21 U.S.C. Section 360bbb[-]3(e)(1)(A)(ii)(III) *does not* identify a right for an individual to refuse an EUA experimental medical product." (Opp., at ¶ 22). This is obviously false because Matson did <u>not</u> claim so in the Motion. Matson has never disputed the existence of the informed consent requirements under the EUA statute. Rather, what Matson has asserted in its Motion is that, under the EUA statute, prior to ***medical providers*** administering an unapproved product, ***they, e.g., medical providers*** – not non-medical providers, such as Matson – must give a patient "the option to accept or refuse administration." Mot., at p. 8:23-28. Plaintiff bluntly ignores Matson's argument that the statute's informed consent requirements only apply to "medical providers" and do "not apply to an employer when the employer is not directly administering the vaccine," like Matson. (Mot., at pp. 8:23-9:16).

Further, as discussed above, Plaintiff also conveniently ignores to address Matson's point that he has no standing to make arguments under the EUA statute because the statute does not provide a private right of action for him to sue Matson. See *Miller v. Farris*, Case No. CV 21-9551-SSS (AS), 2023 WL 4680370, *10 (C.D. Cal. Jun. 14, 2023) (holding that "Section 360bbb-3 … does not provide a private right of action for Plaintiff to sue Defendants."). By the same token, Plaintiff's statement that "Defendant Matson apparently contends that 45 CFR Part 46.116 - Informed Consent, which governs medical research projects … does not mean that this Plaintiff has a 'legally effective informed consent' right to refuse participation in an ongoing medical research project without retribution" (Opp., ¶ 23) is equally misleading because Matson did not contend so. Instead, Matson unequivocally explained that Plaintiff's

claims under 45 CFR Part 46.116 fails as a matter of law because 45 CFR Part 46.116, just like the EUA statute, does not provide a private right of action, meaning that a private plaintiff, like Plaintiff here, cannot bring an action, based directly on an alleged violation of this statute, to seek relief to remedy that alleged violation. (Mot., at p. 10:7-19).

More problematically, recognizing these basic obstacles, Plaintiff improperly poses nonsensical rhetorical questions to the Court and urge the Court to "sort [them] out" on behalf of him. (Opp., 4:17-5:3). This Court should not heed this improper attempt because the Court cannot give legal advice to *pro se* litigants, except to recommend they seek the advice of a trained attorney. The United States Supreme Court has concluded that "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants," because requiring federal district judges to explain the details of federal procedure or act as a *pro se* litigant's counsel "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Jacobsen v. Filler*, 790 F.2d 1362, 1365-66 (9th Cir. 1986) (noting that advising *pro se* litigants would make the court "a player in the adversary process rather than remaining its referee"); *see also, e.g., United States ex rel. Dahlstrom v. Sauk-Suiattle Indian Tribe of Wash.*, No. C16-0052JLR, 2020 WL 949940, *1 (W.D. Wash. Feb. 27, 2020) (denying *pro se* party's request for legal advice); *Mansour v. Cal-W. Reconveyance Corp.*, No. CV-09-37, 2009 WL 2132695, *3 (D. Ariz. Jul. 15, 2009) (holding that the court is thus not bound "to search for legal theories not clearly laid out in Plaintiff's response to the motion [to dismiss]"). It is the litigant's responsibility, not the Court, to supply the needed evidence and supporting legal authorities within the motion or in opposition. *See Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001). Plaintiff has failed to do so here and his *pro se* status cannot salvage his failure.

### D. Plaintiff Fails to Even Meet the Lower Pleading Standard Afforded to *Pro Se* Litigants, and any Further Amendment Would be Futile.

Finally, the Court should also dismiss the FAC due to Plaintiff's failure to comply with the clear and intelligible pleading requirements. To survive a motion to dismiss, Plaintiff must allege facts that, if established, entitle it to relief. *Twombly*, 550 U.S. at 545-46. Plaintiff appears to argue that his apparent failures should be excused merely because he is proceeding *pro se*. (*See* Opp., at p. 5). But it is well established that, although *pro se* litigants in their pleadings may be held to less stringent standards than

pleadings prepared by attorneys, *see Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) and *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a *pro se* litigant is nevertheless required to "abide by the rules of the court in which he litigates" and "is not excused from knowing the most basic pleading requirements" merely because of his *pro se* status. *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986); *Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000). In other words, even *a pro se* complaint must provide the grounds for Plaintiff's entitlement to relief through more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *See Twombly*, 550 U.S. at 555. Plaintiff has not done so here.

Even in light of the greater leniency given to *pro se* plaintiff, Plaintiff has not met this threshold showing, because his Opposition, just like the FAC, sheds no light on how he could plausibly state a legally cognizable claim. This is especially true when COVID-19 vaccination mandates similar to Matson's vaccination policy have been routinely upheld by many courts and similar arguments have been consistently rejected by such courts. (*See* Mot., at p. 6:3-26). The only arguable amendment Plaintiff can make is to allege his Title VII claims, as he alleged in the EEOC Charge, that Matson was unable to accommodate his COVID-19 vaccine-related religious exemption request. But as Matson has briefed in the Motion, that would also still be futile here because Plaintiff failed to timely file his original complaint, and thus, his Title VII claims[1] are time-barred. Plaintiff is not entitled to make an end-run around federal pleading requirements and go on a futile fishing expedition hoping to cure these pleading deficiencies someday. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (explaining that although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies).

And now that Plaintiff has already been alerted to his failures twice through Matson's original motion and the instant Motion, there is no reason that the Court and Matson should spend more resources

---

[1] As Matson's Motion has explained, to the extent the Court were to interpret Plaintiff as attempting to assert a Title VII claim, the FAC should be dismissed because Plaintiff waited until September 22, 2023, 221 days after the EEOC issued the letter, to file his original complaint, and his Title VII claims are time-barred.

trying to understand Plaintiff's confusing claims in the FAC. Because Plaintiff's FAC falls far short of stating a plausible claim for relief and the Opposition further confirms that any amendment in this case would be futile, the Court should grant Matson's Motion without granting Plaintiff leave to amend. *See Calhoun v. VA MC San Diego*, No. 08-cv-2064, 2009 WL 1227891, at *1 (S.D. Cal. May 5, 2009) (dismissing a *pro se* complaint without leave to amend despite less stringent pleading standards); *Beusgens v. Galloway*, No. 07-cv-43, 2007 WL 1674097, at *2 (D. Or. June 7, 2007) (dismissing a *pro se* complaint without leave to amend after affording the *pro se* plaintiff "the benefit of any doubt" but concluding that he could not remedy the deficiencies in his complaint through amendment).

## III. CONCLUSION

For all of the reasons set forth above as well as in its Motion, Matson respectfully requests the Court dismiss Plaintiff's FAC and each cause of action alleged therein for failure to state a claim against it, with prejudice and without leave to amend.

DATE: January 16, 2024 FISHER & PHILLIPS LLP

By: */s/Jason A. Geller*
Jason A. Geller
Hyunki (John) Jung
Attorneys for Defendant
Matson Navigation Company, Inc. (*erroneously named as* Matson Navigation Co.)

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is One Montgomery Street, Suite 3400, San Francisco, California 94104.

I served the foregoing document entitled **DEFENDANT MATSON NAVIGATION COMPANY, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF DANIEL B. MARTIN'S FIRST AMENDED COMPLAINT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof addressed as follows:

| | |
|---|---|
| Daniel B. Martin<br>P.O. Box 51760<br>Pacific Grove, California 93950<br>**Served Via Email and United States Mail** | ***Plaintiff in Pro per***<br><br>Telephone: 831-246-1394<br>dbm@generalmail.net |
| JASON WOJCIECHOWSKI<br>SAMANTHA M. KENG<br>BUSH GOTTLIEB, A Law Corporation<br>801 North Brand Boulevard, Suite 950<br>Glendale, California 91203-1260<br>**Served through Court's ECF** | ***Attorneys for Defendant International Organization of Masters, Mates & Pilots, erroneously sued as "Masters, Mates & Pilots***<br><br>Telephone: (818) 973-3200<br>Facsimile: (818) 973-3201<br><br>Email: jasonw@bushgottlieb.com<br>skeng@bushgottlieb.com |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒ **[by ELECTRONIC SERVICE]** - I certify that on the date below, I served the above listed document(s) via electronic mail to the listed recipient(s) email address(es) and such transmission was sent from the following sender: bgonshorowski@fisherphillips.com. I did not receive any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed January 16, 2024, at San Francisco, California.

Lisa Hamann
Print Name

By: [signature]
Signature