JASON WOJCIECHOWSKI (SBN 263911)
jasonw@bushgottlieb.com
SAMANTHA M. KENG (SBN 341550)
skeng@bushgottlieb.com
BUSH GOTTLIEB, A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Defendant International Organization of Masters, Mates & Pilots, erroneously sued as "Masters, Mates & Pilots"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

DANIEL B. MARTIN,

Plaintiff,

vs.

MASTERS, MATES & PILOTS, *et al.*,

Defendants,

**Case No. 23-cv-04859-RFL**

**REPLY IN SUPPORT OF INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Judge: Hon. Rita F. Lin
Date: January 30, 2024
Time: 10:00 a.m.
Crtrm.: 15

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 1

A. Plaintiff Failed to Oppose—and Therefore Conceded—Most of the Union's Arguments ..... 1

B. Plaintiff's Only Argument, Regarding His Alleged Right to Work, Fails ..... 3

C. Leave to Amend Would Be Futile ..... 6

III. CONCLUSION ..... 6

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

Agola v. Hagner,
678 F. Supp. 988 (E.D.N.Y. 1987) .... 4

Brnovich v. Biden,
562 F. Supp. 3d 123 (D. Ariz. 2022).... 5

Burcham v. City of Los Angeles,
562 F. Supp. 3d 694 .... 5

Colony Cove Properties v. City of Carson,
640 F.3d 948, 957 (9th Cir. 2011).... 3

Demetris v. Transp. Workers,
862 F.3d 799 (9th Cir. 2017).... 6

Johnson v. Brown,
567 F. Supp. 3d 1230 (D. Or. 2021) .... 5

Lepp v. Gonzales,
No. 05-566, 2005 WL 1867723 (N.D. Cal. Aug. 2, 2005) .... 1

Long Beach Unified Sch. Dist. v. Santa Catalina Island Co.,
No. CV 19-1139, 2021 WL 4706552 (C.D. Cal. Aug. 17, 2021).... 2

Pine Mountain Preserve v. Comm'r of Internal Revenue,
978 F.3d 1200 (11th Cir. 2020).... 4

Qureshi v. Countrywide Home Loans,
No. C09-4198, 2010 WL 841669 (N.D. Cal. Mar. 10, 2010).... 3

Ramirez v. Ghilotti Bros.,
941 F. Supp. 2d 1197 (N.D. Cal. 2013) .... 1

Reyes v. Wells Fargo Bank,
No. CV 17-909, 2017 WL 11568871 (C.D. Cal. Aug. 17, 2017).... 2

Smith v. Kerrville Bus Co.,
709 F.2d 914 (5th Cir. 1983).... 4

Steckman v. Hart Brewing,
143 F.3d 1293 (9th Cir. 1998).... 6

Tyler v. Travelers Commercial Ins. Co.,
499 F. Supp. 3d 693 (N.D. Cal. 2020) ........ 1

Wallace v. Masters, Mates & Pilots,
547 F. Supp. 155 (S.D.N.Y. 1982) ........ 4

Whooley v. Tamalpais Union High Sch. Dist.,
399 F. Supp. 3d 986 (N.D. Cal. 2019) ........ 1

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

## I. INTRODUCTION

Defendant International Organization of Masters, Mates & Pilots ("Union") moved to dismiss Plaintiff Daniel B. Martin's First Amended Complaint [Dkt. 23] ("FAC") on numerous grounds, including most particularly that his claims are preempted by the duty of fair representation [Dkt. 31]. In his opposition [Dkt. 35], Plaintiff makes only a single argument: that the Union infringed his purported right to refuse a COVID-19 vaccination when the Union and Defendant Matson Navigation Company ("Matson") agreed in a Memorandum of Understanding ("MOU") on implementation of a vaccine mandate for the company's Union-represented employees. The core of that argument has been rejected repeatedly by the courts and, in any event, fails to address the Union's other arguments, which are therefore deemed conceded. Nothing in Plaintiff's opposition indicates an ability to further amend the complaint to address the issues—indeed, Plaintiff does not ask for leave to amend—so leave to amend should be denied.

## II. ARGUMENT

### A. Plaintiff Failed to Oppose—and Therefore Conceded—Most of the Union's Arguments

When a non-moving party's opposition to a motion fails to address arguments in the motion, the non-moving party is deemed to have conceded those arguments. Ramirez v. Ghilotti Bros., 941 F. Supp. 2d 1197, 1210 n.7 (N.D. Cal. 2013) (collecting cases). That rule applies just as well to a motion to dismiss as to other types of motions. See, e.g., Tyler v. Travelers Commercial Ins. Co., 499 F. Supp. 3d 693, 701 (N.D. Cal. 2020) (applying concession rule to Rule 12(c) motion for judgment on the pleadings); Whooley v. Tamalpais Union High Sch. Dist., 399 F. Supp. 3d 986, 993 (N.D. Cal. 2019) (same for Rule 12(b)(6) motion to dismiss). The concession rule applies even though Plaintiff is proceeding in pro per. See, e.g., Lepp v. Gonzales, No. 05-566, 2005 WL 1867723, at *11–12 (N.D. Cal. Aug. 2, 2005). Plaintiff addressed almost none of the arguments the Union made in its motion, and thus conceded them all.

Specifically, Plaintiff did not address the Union's contention that the duty of fair representation preempts all his claims because his factual allegations show that he is complaining about the Union's representational conduct, specifically its bargaining over COVID-19 vaccination with Matson. Thus, Plaintiff did not address that, as a result of preemption, the Court must characterize Plaintiff's allegations as duty of fair representation claims. [Dkt. 31 at ECF pp. 10–11.]

Relatedly, Plaintiff does not address the Union's argument that because the federal duty of fair representation is subject to a six-month statute of limitations, and because the conduct Plaintiff complains about occurred in, at latest, February 2022, the claims against the Union must be dismissed as untimely. [Dkt. 31 at ECF p. 11.] See Long Beach Unified Sch. Dist. v. Santa Catalina Island Co., No. CV 19-1139, 2021 WL 4706552, at *14 (C.D. Cal. Aug. 17, 2021) (applying concession rule to statute of limitations argument); Reyes v. Wells Fargo Bank, No. CV 17-909, 2017 WL 11568871, at *5 (C.D. Cal. Aug. 17, 2017) (same). Moreover, Plaintiff does not address the Union's argument that, when characterized as a duty of fair representation claim, the FAC fails to allege any facts that raise a plausible claim that the Union acted arbitrarily, discriminatorily, or in bad faith. [Dkt. 31 at ECF pp. 11–14.] Plaintiff's failure to address the duty of fair representation arguments, and his consequent concession of those arguments, means that the entire complaint should be dismissed as to the Union, because all of his claims are preempted.

However, even if the Court analyzes the individual causes of action as Plaintiff has attempted to plead them, Plaintiff has conceded—via nonresponse—that dismissal would be appropriate as to those causes of action as well.

Plaintiff does not address that his first two causes of action—for "no identified duty" and "arbitrary and capricious"—are not recognized causes of action. [Dkt. 31 at ECF pp. 14–16.] Plaintiff does not address the deficiencies of his three wrongful discharge causes of action, in particular that the Union did not employ Plaintiff and that nobody discharged him. [Dkt. 31 at ECF pp. 16–17.] And Plaintiff does not address any of the Union's arguments regarding the breach of contract cause of action, including that the

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Union is not obligated *to Plaintiff* under the CBA (which is a Union-Matson contract) and that Plaintiff has not identified any other contract he might have with the Union that was purportedly breached. [Dkt. 31 at ECF pp. 11–12.] Therefore, Plaintiff has conceded deficiencies in all his causes of action, warranting dismissal even if the Court does not recharacterize them as duty of fair representation claims.

The Union also argued that Plaintiff has no claim under the EUA statute and that any Title VII claim he might be asserting is untimely and in any event fails because Plaintiff alleged insufficient facts to establish that the EUA statute creates a private right of action or to raise a plausible claim that the Union violated Title VII. [Dkt. 31 at ECF pp. 19–22.] Plaintiff does not address these points in his opposition and therefore not only concedes them, but has abandoned those causes of action (to the extent he sought to assert them in the first place). See Qureshi v. Countrywide Home Loans, No. C09-4198, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010) (finding claims abandoned where plaintiff failed to address allegations related to them in opposition to motion to dismiss).

**B. Plaintiff's Only Argument, Regarding His Alleged Right to Work, Fails**

Plaintiff's sole actual argument—as opposed to his recitation of points the Union purportedly "does not dispute"[1]—is that he has a contractual right to work and, because he is not obligated by law to be vaccinated, he therefore cannot be denied the exercise of his right to work for exercising his right not to be vaccinated. [Dkt. 35 at ECF p. 4.]

The first problem with this argument is that Plaintiff has not plausibly alleged a contractual right to work for Matson. Paragraph 8 of the FAC states that he has a contractual right to work, but that is a legal conclusion, rather than an allegation of fact, which is not assumed true on a motion to dismiss. Colony Cove Properties v. City of Carson, 640 F.3d 948, 957 (9th Cir. 2011) ("[T]he court need not, and does not, accord an assumption of truthfulness to legal conclusions that are not supported by factual allegations

[1] To be clear, the Union must, and did, assume the truth of the facts asserted in the FAC solely for purposes of its motion to dismiss.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

in the Complaint . . . ."). Similarly, Paragraph 65 asserts that "[b]ecause this Plaintiff is a member in good standing of a maritime labor union, MM&P, seeking work under a collective bargain agreement ('contract') with Matson, he can only be denied work for a contractually defined 'cause'." The purported right to be denied work only for cause, and in particular the claim that this right arises from union membership, is a legal conclusion, and an incorrect one. Plaintiff has not identified any basis for that conclusion, because there is none. A union collective bargaining agreement can, but does not necessarily have to, create a for-cause limitation on discharge or denial of work. See Smith v. Kerrville Bus Co., 709 F.2d 914, 916 (5th Cir. 1983). And coverage by a collective bargaining agreement is a distinct question from membership in the union. It is not membership itself that provides rights at work. See Agola v. Hagner, 678 F. Supp. 988, 992 (E.D.N.Y. 1987) (explaining that plaintiffs joined a bargaining unit represented by the union but did not join as members of the union); Wallace v. Masters, Mates & Pilots, 547 F. Supp. 155, 156 (S.D.N.Y. 1982) (explaining lack of "absolute right of admission to the union" irrespective of whether person works in a bargaining unit covered by a union contract)

The more fundamental problem with Plaintiff's contractual right to work argument is that the essence of Plaintiff's claim is that the Union and Matson entered an MOU allowing Matson to refuse persons work if they were not vaccinated. Thus, even if there were language in the collective bargaining agreement *before the bargaining parties created the MOU* that arguably gave persons a right to work without vaccination, Matson and the Union have every right to amend or supplement their collective bargaining agreement, even midterm. Pine Mountain Preserve v. Comm'r of Internal Revenue, 978 F.3d 1200, 1210 (11th Cir. 2020) (citing 28 Williston on Contracts § 70:154 (4th ed.); Restatement (Second) of Contracts § 89 (1981)) ("It is (literally) hornbook contract law that contracting parties are free to amend their agreements after the fact."). Thus even giving Plaintiff the benefit of the doubt that he had a pre-MOU contractual right to work for Matson without a COVID-19 vaccine, it is clear based on the FAC's allegations that

*after* the Union and Matson executed the MOU, any such right no longer existed because the contracting parties had agreed that vaccination was a condition of employment.

In short, Plaintiff cannot base his claim on any *contractual* right to work arising from the collective bargaining agreement because he is specifically alleging that his collective bargaining representative entered an agreement that had the effect of denying him work on the basis of his vaccination status.

Plaintiff does not identify a legal right to work on any non-contractual basis, and neither the opposition nor the FAC identifies any other contract he can point to giving him a purported right to work. Moreover, the core of Plaintiff's argument, as he puts it, is that "he can not be denied the exercise of one right, in this case the contractual right to work, by the exercise of another right, in this case the **legally effective informed refusal** to the injection of an experimental medical product into his body." [Dkt. 35 at ECF p. 4.] This assertion has been roundly rejected. See Burcham v. City of Los Angeles, 562 F. Supp. 3d 694, 706 & 707 n.4 (C.D. Cal. 2022) (noting, in the context of an ordinance requiring city employees to be vaccinated against COVID-19, that "[t]he Supreme Court has long rejected a fundamental right to refuse vaccination" and a "hard choice doesn't amount to coercion"); Brnovich v. Biden, 562 F. Supp. 3d 123, 161–62 (D. Ariz. 2022) (finding a vaccination mandate would not abridge a substantive right to refuse a vaccine even if such a right existed, as "[a] hard choice, for which there may be significant consequences, is still a choice"); Johnson v. Brown, 567 F. Supp. 3d 1230, 1256–57 (D. Or. 2021) (denying plaintiffs' informed consent objection to a vaccination requirement on grounds that the "Vaccine Orders presents Plaintiffs with a difficult choice, but it is nevertheless a choice," and "Plaintiffs may either get the vaccine, apply for an exception, or look for employment elsewhere").

Thus, Plaintiff's sole argument, even construed in the light most favorable to him, does not suffice to rescue the FAC from dismissal.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

### C. Leave to Amend Would Be Futile

Leave to amend need not be granted if amendment would be futile. Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998). Plaintiff has not asked for further leave to amend, nor has he stated how he would propose to amend the FAC to state a claim against the Union. In particular, he has given no indication of how he can overcome the fundamental problem that his claims against the Union are preempted by the duty of fair representation, and are therefore untimely. Moreover, he has provided no basis for believing he could articulate discriminatory or bad faith action by the Union in bargaining the MOU with Matson. (As noted in the Union's motion, the "arbitrary" prong is inapplicable here because the matter deals with the discretionary decision to bargain the MOU. Demetris v. Transp. Workers, 862 F.3d 799, 805 (9th Cir. 2017).) Thus, further amendment would be futile, and leave to amend need not—and should not—be granted.

## III. CONCLUSION

For all the foregoing reasons, and those stated in the Union's motion, the Union respectfully requests that the Court dismiss the FAC against the Union without leave to amend.

DATED: January 16, 2024

BUSH GOTTLIEB, A Law Corporation

By: */s/ Jason Wojciechowski*
JASON WOJCIECHOWSKI
Attorneys for Defendant International Organization of Masters, Mates & Pilots

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

# PROOF OF SERVICE

**DANIEL B. MARTIN**
**v.**
**MASTERS, MATES & PILOTS, *et al***

**Case No. 23-cv-04859-RFL**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 801 North Brand Boulevard, Suite 950, Glendale, CA 91203-1260.

On January 16, 2024, I served true copies of the following document(s) described as: **REPLY IN SUPPORT OF INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS MOTION TO DISMISS FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Bush Gottlieb's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on Janury 16, 2024, at Glendale, California.

/s/ Ian Zulueta
Ian Zulueta

**<u>SERVICE LIST</u>**

**DANIEL B. MARTIN
v.
MASTERS, MATES & PILOTS, *et al.***

**Case No. 3:23-cv-04859-RFL**

Daniel B. Martin
P. O. Box 51760
Pacific Grove, CA 93950

*Plaintiff – Pro Se*
*Via US Mail*

Jason Alex Geller
Hyunki John Jung
FISHER & PHILLIPS LLP
One Montgomery St., Suite 3400
San Francisco, CA 94104
E-Mail: jgeller@fisherphillips.com
hjung@fisherphillips.com

*Counsel for Defendant*
*Matson Navigation Company, Inc.,*
*Via CM/ECF system*

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260