JASON WOJCIECHOWSKI (SBN 263911)
jasonw@bushgottlieb.com
SAMANTHA M. KENG (SBN 341550)
skeng@bushgottlieb.com
BUSH GOTTLIEB
A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Defendant International Organization of Masters, Mates & Pilots, *erroneously sued as* Masters, Mates, & Pilots

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

DANIEL B. MARTIN,

Plaintiff,

vs.

MASTERS, MATES & PILOTS, *et al.*,

Defendants,

**Case No. 23-cv-04859-RFL**

**NOTICE OF MOTION AND MOTION OF DEFENDANT INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

Judge: Hon. Rita F. Lin
Date: July 9, 2024
Time: 10 a.m.
Crtrm.: 15

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 9, 2024, at 10 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Rita F. Lin, located in the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant International Organization of Masters, Mates & Pilots ("Union") will and hereby does move this Court to Dismiss the Second Amended Complaint.

This Motion is made upon the following grounds: The duty of fair representation cause of action against the Union is untimely. Moreover, the facts alleged are insufficient to raise a plausible claim that the Union breached its duty toward Plaintiff. The state-law

medical battery claim against the Union is preempted by the duty of fair representation and thus should be dismissed on the same basis as the express duty of fair representation claim. Even if it is not preempted, a medical battery claim does not lie against a union that bargained an agreement related to vaccination with an employer, as it applies only to medical professionals who engage in an unwanted touching of the plaintiff without consent, which is not what Plaintiff alleges here.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED: May 7, 2024

BUSH GOTTLIEB, A Law Corporation

By: *\/s/ Jason Wojciechowski*

JASON WOJCIECHOWSKI
Attorneys for Defendant International Organization of Masters, Mates & Pilots, *erroneously sued as* Masters, Mates, & Pilots

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

Page

I. Introduction ..... 1
II. Background ..... 2
  A. Procedural History ..... 2
  B. Allegations of Fact ..... 2
III. Argument ..... 3
  A. Pleading Standard ..... 3
  B. The Duty of Fair Representation Claim Should Be Dismissed ..... 3
    1. The Claim Is Untimely ..... 3
    2. The Complaint Does Not Allege Facts Showing Arbitrary, Discriminatory, or Bad Faith Conduct ..... 5
      (a) Duty of Fair Representation Standard ..... 5
      (b) The Allegations in the Complaint Do Not Plausibly Raise a Duty of Fair Representation Claim ..... 6
  C. The Medical Battery Claim Should Be Dismissed ..... 8
    1. The Claim Is Preempted by the Duty of Fair Representation ..... 8
    2. The Complaint Does Not Allege Facts Plausibly Showing a Medical Battery by the Union ..... 9
  D. Leave to Amend Further Is Not Warranted ..... 11
IV. Conclusion ..... 12

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

Air Line Pilots v. O'Neill,
499 U.S. 65 (1991) ... 6, 7

Archer v. Airline Pilots,
609 F.2d 934 (9th Cir. 1979) ... 4

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ... 3

Balistreri v. Pacifica Police Dep't,
901 F.2d 696 (9th Cir. 1990) ... 3

Bautista v. Pan Am. World Airlines,
828 F.2d 546 (9th Cir. 1987) ... 5

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) ... 3

Burkevich v. Air Line Pilots,
894 F.2d 346 (9th Cir. 1990) ... 5

DelCostello v. Teamsters,
462 U.S. 151 (1983) ... 3

Demetris v. Transp. Workers,
862 F.3d 799 (9th Cir. 2017) ... 5, 6, 7

Ebner v. Fresh, Inc.,
838 F.3d 958 (9th Cir. 2016) ... 11

Elec. Workers v. Foust,
442 U.S. 42 (1979) ... 9

Epstein v. Wash. Energy Co.,
83 F.3d 1136 (9th Cir. 1996) ... 3

Ford Motor Co. v. Huffman,
345 U.S. 330 (1953) ... 5, 6, 8

Galindo v. Stoody Co.,
793 F.2d 1502 (9th Cir. 1986) ... 4, 5

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Herring v. Delta Airlines,
894 F.2d 1020 (9th Cir. 1990) ........ 5

Huey v. Honeywell, Inc.,
82 F.3d 327 (9th Cir. 1996) ........ 4

Humphrey v. Moore,
375 U.S. 335 (1964) ........ 6

Ivey v. Bd. of Regents of the Univ. of Alaska,
673 F.2d 266 (9th Cir. 1982) ........ 3

Jay v. SEIU United Healthcare Workers W.,
203 F. Supp. 3d 1024 (N.D. Cal. 2016) ........ 6

Knowles v. Pac. Gas & Elec.,
No. 07-CV-2284, 2008 WL 2705097 (N.D. Cal. Jul. 8, 2008) ........ 6

Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc.,
32 F.2d 195 (2d Cir. 1929) ........ 4

Madison v. Motion Picture Set Painters,
132 F. Supp. 2d 1244 (C.D. Cal. 2000) ........ 9

Metro. Life Ins. Co. v. Taylor,
481 U.S. 58 (1987) ........ 9

Moore v. Bechtel Power Corp.,
840 F.2d 634 (9th Cir. 1988) ........ 5

Motor Coach Emps. v. Lockridge,
403 U.S. 274 (1971) ........ 6

Price v. S. Pac. Trans. Co.,
586 F.2d 750 (9th Cir. 1978) ........ 4

Robertson v. Dean Witter Reynolds, Inc.,
749 F.2d 530 (9th Cir. 1984) ........ 3

Saliba v. Allied Pilots,
No. CV-22-1025, 2023 WL 2648141 (D. Ariz. Mar. 27, 2023) ........ 6

Seitz v. Teamsters,
No. 23-CV-01716, 2023 WL 6883358 (N.D. Cal. Oct. 17, 2023) ........ 9

Steckman v. Hart Brewing,
143 F.3d 1293 (9th Cir. 1998) ........ 11

Steelworkers v. Rawson,
495 U.S. 362 (1990) .......... 7

Stevens v. Moore Bus. Forms,
18 F.3d 1443 (9th Cir. 1994) .......... 6

Stroble v. Walmart,
No. 23-35287, 2024 WL 1612240 (9th Cir. Apr. 15, 2024) .......... 11

Truesdell v. S. Cal. Permanente Med. Grp.,
151 F. Supp. 2d 1161 (C.D. Cal. 2001) .......... 7

Vaca v. Sipes,
386 U.S. 171 (1967) .......... 5

Valdez v. Grisham,
676 F. Supp. 3d 1021 (D.N.M. 2022) .......... 7

**California Cases**

Daley v. Regents of the Univ. of Cal.,
39 Cal. App. 5th 595 (2019) .......... 10

Dennis v. Southard,
174 Cal. App. 4th 540 (2009) .......... 10

**Federal Statutes**

29 U.S.C. § 151 .......... 9

**Other Authorities**

CACI No. 530A .......... 10

CACI No. 530B .......... 10

Fed. R. Civ. P. 15(a)(2) .......... 11

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

## I. INTRODUCTION

Over two years after Defendants International Organization of Masters, Mates & Pilots ("Union") and Matson Navigation Company ("Matson") entered into a memorandum of understanding ("MOU") regarding Matson's requirement that deck officers aboard its oceangoing vessels obtain COVID-19 vaccination, Plaintiff Daniel B. Martin seeks damages for his choice not to obtain vaccination. He claims that the Union breached its duty of fair representation, but whether the claim aims at the Union's choice to bargain the MOU or its choice not to file a grievance on Plaintiff's behalf, he filed that claim over a year too late. In any event, the allegations of fact fall far short of plausibly showing that the Union breached its duty under the longstanding deferential standard applicable to such claims.

Plaintiff also claims that the Union and Matson conspired to commit medical battery against him. As applied to the Union, that claim is preempted by the duty of fair representation because underlying conduct Plaintiff complaints of is the bargaining of the MOU. State law cannot impose a different standard than the federal duty of fair representation for analyzing a union's bargaining and representational conduct, so the Court should find the medical battery claim preempted and thus dismiss it on the same basis as the express duty of fair representation claim. Even if not preempted, the facts fail to raise a plausible claim for medical battery against the Union because most of the elements of the claim are not alleged—in particular, no battery was committed because nobody touched Plaintiff without consent (as he alleges he refused to be vaccinated), and in any event, under California law, such a claim is premised on the defendant having engaged in an unauthorized medical procedure, which the Union did not do.

The Second Amended Complaint [Dkt. 47] ("SAC") is Plaintiff's third bite at the apple. This bite was made by counsel after Plaintiff originally initiated this action as a pro se litigant, yet the SAC nevertheless fails to address the same deficiencies already raised by the Union in its prior two motions to dismiss. Therefore, dismissal should be with prejudice because leave to amend one last time would be futile.

# II. BACKGROUND

## A. Procedural History

Plaintiff filed this action on September 22, 2023. [Dkt. 1.] The Union and Matson executed waivers of service on September 29 and October 2, respectively. [Dkt. 6, 7.] Each Defendant then timely moved to dismiss. [Dkt. 8, 12.] On December 12, Plaintiff filed a First Amended Complaint ("FAC") in lieu of opposing the motions. [Dkt. 23.] Defendants against moved to dismiss. [Dkt. 27, 31.] This time, Plaintiff filed oppositions. [Dkt. 33, 35.] Defendants replied. [Dkt. 36, 37.] Shortly after the Court vacated the hearing date on the motions [Dkt. 38], Plaintiff sought time to find counsel [Dkt. 39], which the Court allowed, including granting an extension [Dkt. 42, 46]. Finally, on April 5, 2024, Plaintiff, now represented by counsel, purported to file the SAC [Dkt. 47] without asking for leave or seeking Defendants' agreement. The Court construed the filing as a motion for leave to amend. [Dkt. 48.] After Defendants filed a joint notice of non-opposition [Dkt. 51], the Court accepted the SAC and ordered Defendants to respond by May 7 [Dkt. 52].

## B. Allegations of Fact[1]

Plaintiff alleges he is a licensed deck officer who works mainly aboard oceangoing vessels out of the Port of Oakland. SAC ¶ 4. The Union represents such officers in their employment with shipping companies like Matson. SAC ¶¶ 5–6. On August 26, 2021, the MOU was posted at the Union's dispatch hall in Oakland, alerting Union members that as of October 1, 2021, licensed deck officers would need to be vaccinated against COVID-19 in order to be employed aboard a Matson vessel. SAC ¶¶ 10–12. Plaintiff objected in writing to this requirement on September 20, 2021. SAC ¶ 13. On December 22, 2021, Plaintiff requested a grievance hearing with the Union. SAC ¶ 18. After a telephone hearing, the Union declined to file a grievance on February 14, 2022. SAC ¶ 19. Nevertheless, Plaintiff continued to object to receiving the vaccine and thus "was barred from working on a Matson vessel as he had done in the past." SAC ¶ 22.

[1] The allegations in the SAC are accepted as true solely for purposes of this Motion.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Bush Gottlieb
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

## III. ARGUMENT

### A. Pleading Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Factual allegations must be enough to raise a right to relief above the speculative level," and "formulaic recitation of the elements of a cause of action" will not satisfy this requirement. Twombly, 550 U.S. at 555. "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim," Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996), and even a liberal interpretation of a claim may not "supply essential elements of the claim," Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Dismissal is therefore appropriate where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533–34 (9th Cir. 1984)).

### B. The Duty of Fair Representation Claim Should Be Dismissed

The SAC expressly alleges a duty of fair representation claim against the Union, unlike the prior complaints, which attempted to bring state-law claims that the Union pointed out in its prior motions were preempted by federal law. However, because the factual allegations are essentially unchanged, this cause of action is untimely for the same reasons the Union has previously argued. Moreover, the facts alleged continue not to plausibly give rise to an inference that the Union engaged in arbitrary, discriminatory, or bad faith conduct.

#### 1. The Claim Is Untimely

The statute of limitations for a duty of fair representation suit is an intentionally short six months, DelCostello v. Teamsters, 462 U.S. 151, 172 (1983), and "generally begins to

run when an employee knows or should know of the alleged breach," Galindo v. Stoody Co., 793 F.2d 1502, 1509 (9th Cir. 1986).

Plaintiff alleges the MOU was posted at the Union dispatch hall on August 26, 2021. SAC ¶ 11. Because Plaintiff asserts that the Union violated the law simply by agreeing to that MOU, the statute of limitations began running once he became aware of the agreement. See Archer v. Airline Pilots, 609 F.2d 934, 937 (9th Cir. 1979) (quoting Price v. S. Pac. Trans. Co., 586 F.2d 750, 754 (9th Cir. 1978)) ("To identify the time of accrual, courts look to (1) the date on which the last 'action by the Union of any consequence occurred'; and (2) 'the point at which any injury to (the union member) allegedly caused by the Union became fixed and reasonably certain.'"). It appears Plaintiff was aware as of the MOU posting date of August 26, but in any event he admits awareness by at latest September 20, 2021, the date he objected to the MOU in writing. See SAC ¶ 13. While the SAC is vague as to whether Plaintiff filed his objection only with Matson or also with the Union, the FAC makes clear that he did send the objection to the Union. FAC ¶ 18. The Court can rely on this allegation in the FAC because "[w]hen a pleading is amended . . . , the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent." Huey v. Honeywell, Inc., 82 F.3d 327, 333 (9th Cir. 1996) (quoting Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc., 32 F.2d 195, 198 (2d Cir. 1929)). Therefore, Plaintiff knew or should have known of his claim against the Union related to bargaining the MOU by at latest September 20, 2021, so the latest date by which Plaintiff could have filed a duty of fair representation claim was March 20, 2022.

Similarly, any claim related to the Union's determination not to file a grievance on Plaintiff's behalf is also time-barred because Plaintiff was aware the Union would not do so by February 14, 2022. SAC ¶ 19. Thus, any claim regarding that decision needed to be filed by August 14, 2022.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Because Plaintiff did not file this action until September 2023 and because he alleges no facts giving rise to tolling or estoppel—even though the Union has raised the timeliness issue in each of its prior motions to dismiss [Dkt. 16, 31] and even though he is now represented by counsel—the claim should be dismissed as time-barred.

**2. The Complaint Does Not Allege Facts Showing Arbitrary, Discriminatory, or Bad Faith Conduct**

**(a) Duty of Fair Representation Standard**

Even if timely, the allegations cannot sustain a plausible duty of fair representation claim. Because a union must represent disparate—sometimes conflicting—groups and has scarce resources, the courts are deferential to a union's decisions, and will not second-guess them as long as they are not "arbitrary, discriminatory or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967). Unions enjoy a wide range of bargaining latitude: "The complete satisfaction of all who are represented is hardly to be expected. A wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents . . . ." Ford Motor Co. v. Huffman, 345 U.S. 330, 338 (1953). Thus, the Ninth Circuit has acknowledged that the duty of fair representation doctrine should be "narrowly construed," Galindo, 793 F.2d at 1514, because a union "must be able to focus on the needs of its whole membership without undue fear of law suits," Herring v. Delta Airlines, 894 F.2d 1020, 1023 (9th Cir. 1990) (citing Bautista v. Pan Am. World Airlines, 828 F.2d 546, 549 (9th Cir. 1987)).

Discretionary conduct is inherently not arbitrary. Demetris v. Transp. Workers, 862 F.3d 799, 805 (9th Cir. 2017). "Therefore, [the] threshold inquiry . . . must be to determine whether the alleged conduct involved judgment or . . . was merely ministerial or procedural in nature," id. (citing Burkevich v. Air Line Pilots, 894 F.2d 346, 349 (9th Cir. 1990)), and "[i]f it is a union's judgment that is in question . . . the plaintiff may prevail only if the union's conduct was discriminatory or in bad faith." Moore v. Bechtel Power Corp., 840 F.2d 634, 636 (9th Cir. 1988).

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

In any event, a union's conduct is arbitrary only if it lacks a rational basis, Stevens v. Moore Bus. Forms, 18 F.3d 1443, 1447 (9th Cir. 1994), or "is so far outside a 'wide range of reasonableness' as to be irrational," Air Line Pilots v. O'Neill, 499 U.S. 65, 67 (1991) (citation omitted) (quoting Huffman, 345 U.S. at 338).

Bad faith requires "substantial evidence of fraud, deceitful action or dishonest conduct." Humphrey v. Moore, 375 U.S. 335, 348 (1964); see also Demetris, 862 F.3d at 808.

The discrimination prong is equally deferential and can only be proven "where the aggrieved members set forth 'substantial evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives.'" Id. at 806 (quoting Motor Coach Emps. v. Lockridge, 403 U.S. 274, 301 (1971)).

This Motion should therefore be granted unless Plaintiff has alleged facts that plausibly rise to the level of arbitrary, discriminatory, or bad faith conduct. Conclusory allegations do not suffice. See, e.g., Jay v. SEIU United Healthcare Workers W., 203 F. Supp. 3d 1024, 1041–42 (N.D. Cal. 2016) (dismissing duty of fair representation claim because complaint "does not provide enough facts . . . to draw a reasonable inference" of breach); Knowles v. Pac. Gas & Elec., No. 07-CV-2284, 2008 WL 2705097, at *6 (N.D. Cal. Jul. 8, 2008) (dismissing duty of fair representation claim because "[p]laintiffs do not provide any facts that explain how [the union]'s failure to act constituted fraud, deceitful action or dishonest conduct").

**(b) The Allegations in the Complaint Do Not Plausibly Raise a Duty of Fair Representation Claim**

Plaintiff's personal dissatisfaction with a vaccination requirement—no matter how fervent—does not entitle him to relief. See Saliba v. Allied Pilots, No. CV-22-1025, 2023 WL 2648141, at *6 (D. Ariz. Mar. 27, 2023) (denying plaintiff's duty of fair representation claim based on union's failure to oppose an employer airline's COVID-19 mask policy or "advance [his] idiosyncratic view"). "A union does not have a freestanding duty to address every problem, or even every workplace problem, that a bargaining-unit employee may

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

have." Steelworkers v. Rawson, 495 U.S. 362, 374–75 (1990). To establish the Union's liability, "it is not enough that the union's representation does not meet Plaintiff's expectations . . . ." Truesdell v. S. Cal. Permanente Med. Grp., 151 F. Supp. 2d 1161, 1170 (C.D. Cal. 2001). Plaintiff may have wanted the Union to capitulate to his beliefs about the vaccine, but the Union's choice not to do so, and to instead promote the health and safety of its members at large, does not mean it acted in bad faith or discriminatorily.

Plaintiff argued in the FAC that the Union and Matson acted arbitrarily in bargaining the vaccine MOU, and Plaintiff maintains certain factual allegations in the SAC that suggest he continues to make that argument. See SAC ¶¶ 30, 31. First, bargaining an agreement is inherently an exercise of discretion. Plaintiff does not allege that the Union bargained unintentionally. Therefore, the arbitrary prong does not even apply. Demetris, 862 F.3d at 805.

In any event, while Plaintiff asserts that the vaccines did not stop transmission of COVID-19 and that members of the longshoremen's union on the West Coast were allowed to work aboard Matson vessels without being vaccinated, these allegations do not give rise to a plausible claim that the Union acted arbitrarily in negotiating the MOU because they fall far short of showing that the Union's conduct was "irrational" under O'Neill, 499 U.S. at 67. The vaccines' failure to provide full immunity does not lead to a plausible conclusion that it is irrational to nevertheless agree to a vaccination requirement. Plaintiff does not allege that the vaccines cause any particular harm, he does not allege that COVID-19 is harmless, and he does not allege that the vaccine is completely ineffective. (Nor could he, in good faith, make any of those claims.) Thus, just as described in Valdez v. Grisham, 676 F. Supp. 3d 1021 (D.N.M. 2022), and cases cited therein, Plaintiff has not established that there was an utter lack of legitimate basis for the Union to bargain the MOU. Moreover, whatever rules are applicable to other workers not represented by the Union are irrelevant to the question of whether the Union's bargaining conduct for its own members was arbitrary. Therefore, the allegation that longshore workers were allowed aboard Matson vessels without vaccination does not show the Union's conduct was arbitrary.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Plaintiff also claims in the SAC that the Union's conduct was discriminatory, SAC ¶ 34, but there are no allegations of fact supporting such a conclusion. Plaintiff does not allege that he is a member of a protected class, or that the Union bargained the MOU in order to punish him for some protected conduct. That the MOU resulted in members like Plaintiff not being able to work at Matson is not discrimination; rather, it reflects only that "complete satisfaction of all who are represented" is not the fair representation standard to which unions are held. Huffman, 345 U.S. at 338. If Plaintiff asserts that the Union discriminated against him on the basis of his religion—for instance, by declining to file a grievance after Matson rejected his religious exemption request—he has not alleged any facts showing how the Union's actions were related to his religion or any other characteristic. Indeed, he has not even alleged, much less plausibly alleged, that Matson's rejection of his religious exemption request was somehow incorrect or legally deficient.

Finally, Plaintiff does not appear to assert the Union acted in bad faith, and the allegations certainly fall far short of fraud, deceit, or dishonesty. Indeed, the allegations reflect forthrightness, as Plaintiff asserts that the MOU was posted in the Union hall with advance notice of the impending deadline to become vaccinated, and that the Union engaged in a telephone hearing with him regarding his desire to file a grievance.

Therefore, the factual allegations in the SAC do not raise a plausible claim for breach of the duty of fair representation, and that cause of action should be dismissed even if it was timely filed.

### C. The Medical Battery Claim Should Be Dismissed

Plaintiff alleges a medical battery cause of action premised on the same alleged conduct as the duty of fair representation claim. That is, Plaintiff alleges that the Union and Matson, by negotiating the MOU, "conspired to exert coercive pressure upon Mr. Martin to accept unwanted medical treatment by threatening his livelihood." SAC ¶ 36.

#### 1. The Claim Is Preempted by the Duty of Fair Representation

As pointed out in the prior motions to dismiss, "the court must look to the conduct at the heart of the controversy" to determine whether the claims arise under state law or the

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

federal duty of fair representation. Madison v. Motion Picture Set Painters, 132 F. Supp. 2d 1244, 1256–59 (C.D. Cal. 2000); Seitz v. Teamsters, No. 23-CV-01716, 2023 WL 6883358, at *13 (N.D. Cal. Oct. 17, 2023) ("[A] fair-representation claim that is simply given a different label should be treated by the court as a fair-representation claim."). The duty, not state law, applies to all representation activity, including the "negotiation, administration, and enforcement of collective bargaining agreements." Elec. Workers v. Foust, 442 U.S. 42, 47 (1979).

That Plaintiff called his claim "medical battery" in the SAC rather than, for instance, "wrongful termination in violation of Plaintiff's right to refuse investigational / experimental medical products," FAC at 10, does not change the "conduct at the heart of the controversy," Madison, 132 F. Supp. 2d at 1257, which, as relates to the Union, is the Union's negotiation of the MOU with Matson and, perhaps, its choice not to file a grievance on Plaintiff's behalf. As noted previously, that conduct is core union representation activity, as the very *purpose* of a union under federal labor law is to deal with the employer of a group of employees regarding their terms and conditions of employment. *See generally* 29 U.S.C. § 151 (noting policy of the National Labor Relations Act).

The SAC does not purport to allege new facts or any conduct different from what the FAC already alleged the Union did. Therefore, the attempt to re-label the claim is insufficient to avoid the conclusion that any state-law claims, however styled, based on the Union's negotiation or grievance decisions are preempted by the duty of fair representation. Because preempted claims are re-characterized as duty of fair representation claims, Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987), including for purposes of the statute of limitations, the medical battery cause of action against the Union should be dismissed on the same basis as the express duty of fair representation cause of action.

**2. The Complaint Does Not Allege Facts Plausibly Showing a Medical Battery by the Union**

Even if the medical battery claim against the Union were not preempted, it would fail on its merits. Under California law, medical battery is a species of battery arising from a

medical provider's failure to obtain consent to the particular physical contact inflicted on the patient. See Daley v. Regents of the Univ. of Cal., 39 Cal. App. 5th 595, 602 (2019). Thus,

> [t]here are two form [jury] instructions for medical battery: (1) CACI No. 530A, which is to be used when it is alleged the defendant performed a medical procedure without the plaintiff's consent; and (2) CACI No. 530B, which is to be used when a plaintiff gave conditional consent to a medical procedure and when it is alleged that the defendant proceeded without the condition having been satisfied.

Dennis v. Southard, 174 Cal. App. 4th 540, 543 (2009). CACI No. 530A states, in full,

> [Name of plaintiff] claims that [name of defendant] committed a medical battery. To establish this claim, [name of plaintiff] must prove all of the following:
>
> 1. [That [name of defendant] performed a medical procedure without [name of plaintiff]'s consent; [or]]
>
> [That [name of plaintiff] consented to one medical procedure, but [name of defendant] performed a substantially different medical procedure;]
>
> 2. That [name of plaintiff] was harmed; and
>
> 3. That [name of defendant]'s conduct was a substantial factor in causing [name of plaintiff]'s harm.
>
> A patient can consent to a medical procedure by words or conduct.

Similarly, CACI No. 530B states, in full,

> [ Name of plaintiff ] claims that [ name of defendant ] committed a medical battery. To establish this claim, [ name of plaintiff ] must prove all of the following:
>
> 1. That [ name of plaintiff ] consented to a medical procedure, but only on the condition that [ describe what had to occur before consent would be given ];
>
> 2. That [ name of defendant ] proceeded without this condition having occurred;
>
> 3. That [ name of defendant ] intended to perform the procedure with knowledge that the condition had not occurred;
>
> 4. That [ name of plaintiff ] was harmed; and
>
> 5. That [ name of defendant ]'s conduct was a substantial factor in causing [ name of plaintiff ]'s harm.
>
> A patient can consent to a medical procedure by words or conduct.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

It cannot be plausibly concluded from allegations of fact in the SAC that the Union can be held liable for medical battery. In particular, there is no allegation that the Union inflicted any touching at all on Plaintiff. Indeed, the gravamen of Plaintiff's complaint is that he declined a vaccine, *i.e.* he was effective in refusing to permit a touching to which he did not consent. Moreover, it certainly cannot be said from Plaintiff's allegations that the Union "performed a medical procedure" on Plaintiff.

Therefore, even if the claim is not preempted, there are no facts alleged that give rise to a plausible medical battery claim against the Union, and this cause of action should be dismissed.

### D. Leave to Amend Further Is Not Warranted

When courts find that a complaint fails to state a claim, they are to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The liberal amendment policy "does not apply when amendment would be futile." Ebner v. Fresh, Inc., 838 F.3d 958, 968 (9th Cir. 2016). "An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Stroble v. Walmart, No. 23-35287, 2024 WL 1612240, *1 (9th Cir. Apr. 15, 2024) (internal quotations omitted).

Dismissal here should be with prejudice because the Union has made precisely the same arguments in its prior two motions to dismiss [Dkt. 16, 31], yet Plaintiff's amendment—despite this time being drafted by counsel—adds no facts suggesting even an attempt to address those deficiencies. In particular, Plaintiff has not shown any legally or equitably cognizable excuse for failing to timely file this case. Compare Compl. ¶¶ 16–24 and FAC ¶¶ 16–24 with SAC ¶¶ 10–21. Nor has Plaintiff alleged any facts enhancing his claim that the Union acted arbitrarily, discriminatorily, or in bad faith. Finally, the medical battery claim—even if not preempted—cannot be revived by amendment because nothing can change that the Union is a labor organization, not a medical provider. Therefore, further leave to amend would be futile and the Court should exercise its discretion to deny such leave. See Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998).

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

## IV. CONCLUSION

For the foregoing reasons, the Union respectfully requests that the Court dismiss the SAC against the Union without further leave to amend.

DATED: May 7, 2024

BUSH GOTTLIEB, A Law Corporation

By: */s/ Jason Wojciechowski*
JASON WOJCIECHOWSKI
Attorneys for Defendant International Organization of Masters, Mates & Pilots, *erroneously sued as* Masters, Mates, & Pilots

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

**PROOF OF SERVICE**

**DANIEL B. MARTIN**
**v.**
**MASTERS, MATES & PILOTS, *et al***

**Case No. 23-cv-04859-RFL**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 801 North Brand Boulevard, Suite 950, Glendale, CA 91203-1260.

On May 7, 2024, I served true copies of the following document(s) described as: **NOTICE OF MOTION AND MOTION OF DEFENDANT INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 7, 2024, at Glendale, California.

/s/ Ian Zulueta
Ian Zulueta

# SERVICE LIST

**DANIEL B. MARTIN**
**v.**
**MASTERS, MATES & PILOTS, *et al.***

**Case No. 3:23-cv-04859-RFL**

| Counsel | Party / Service |
|---|---|
| Jennifer W. Kennedy, Esq.<br>61 S. Baldwin Avenue<br>Ste #1626<br>Sierra Madre, CA 91025<br>Email: jenniferkennedyesq@gmail.com | *Counsel for Plaintiff*<br>*Via CM/ECF system* |
| Edward Scott Lloyd<br>LLOYD, LEMMON, & HALE, PLLC<br>15 Chester Street<br>Front Royal, VA 22630<br>Email: scott@lloydlemmonhale.com | *Counsel for Plaintiff*<br>*Via CM/ECF system* |
| Jason Alex Geller<br>Hyunki John Jung<br>FISHER & PHILLIPS LLP<br>One Montgomery St., Suite 3400<br>San Francisco, CA 94104<br>E-Mail: jgeller@fisherphillips.com<br>hjung@fisherphillips.com | *Counsel for Defendant*<br>*Matson Navigation Company, Inc.,*<br>*Via CM/ECF system* |

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260