JASON WOJCIECHOWSKI (SBN 263911)
jasonw@bushgottlieb.com
SAMANTHA M. KENG (SBN 341550)
skeng@bushgottlieb.com
BUSH GOTTLIEB
A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Defendant International Organization of Masters, Mates & Pilots, *erroneously sued as* Masters, Mates, & Pilots

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

DANIEL B. MARTIN,

Plaintiff,

vs.

MASTERS, MATES & PILOTS, *et al.*,

Defendants,

**Case No. 3:23-cv-04859-RFL**

**INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Judge: Hon. Rita F. Lin

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND PROCEDURAL HISTORY .............................................. 1

II. SUMMARY OF PROPOSED AMENDMENTS ...................................................... 2

III. ARGUMENT ........................................................................................................ 4

A. The Medical Battery Claim Remains Subject to Dismissal ............................ 4

1. No New Allegations Change the Fact that the Medical Battery Claim Is Preempted by the Duty of Fair Representation and Thus Should Be Dismissed ............................................................................ 4

2. The Allegations of Fact Still Do Not Plausibly Raise a Medical Battery Claim ........................................................................................ 6

B. The New Section 1985 Claim Would Be Dismissed for Failure to State a Claim, Making Amendment Futile ............................................................ 7

1. The Group of Persons Who Desire Not to Be Vaccinated Are Not a Protected Class ............................................................................ 7

2. Plaintiff's Religion Claim Can Only Be Alleged Under Title VII ........................................................................................................ 8

3. In Any Event, Plaintiff Has Not Alleged Facts that Lead to a Plausible Conclusion of Invidious Discriminatory Animus ................. 8

IV. CONCLUSION .................................................................................................... 9

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ........ 3, 4

Behringer v. Cal. Polytechnic State Univ.,
No. 23-cv-934, 2023 U.S. Dist. LEXIS 186513 (C.D. Cal. Sep. 15, 2023) ........ 7

Bray v. Alexandria Women's Health Clinic,
506 U.S. 263 (1993) ........ 7

Carpenters Local 610 v. Scott,
463 U.S. 825 (1983) ........ 7

Elec. Workers v. Foust,
442 U.S. 42 (1979) ........ 4

Great Am. Fed. Sav. & Loan Ass'n v. Novotny,
442 U.S. 366 (1979) ........ 8

Griffin v. Breckenridge,
403 U.S. 88 (1971) ........ 7, 8

Valdez v. Grisham,
676 F. Supp. 3d 1021 (D.N.M. 2022) ........ 6

**Statutes**

42 U.S.C. § 1985 ........ 3, 7, 8, 9

**Other Authorities**

Federal Rule of Civil Procedure 15(a)(1)(B) ........ 1

## I. INTRODUCTION AND PROCEDURAL HISTORY

On September 22, 2023, Plaintiff Daniel B. Martin (at that time litigating without counsel) initiated this action with a complaint against the International Organization of Masters, Mates & Pilots ("Union") and Matson Navigation Company ("Matson"), alleging that Defendants violated his rights related to the negotiation and implementation of a memorandum of understanding ("MOU") regarding an obligation that licensed deck officers like Martin be vaccinated against COVID-19 in order to work aboard ships operated by Matson. Defendants moved to dismiss the complaint and, in lieu of opposing the motions, Plaintiff filed a First Amended Complaint as of right under Federal Rule of Civil Procedure 15(a)(1)(B) on December 12, 2023. [Dkt. 23.] Defendants again moved to dismiss. This time Plaintiff opposed, and Defendants filed reply memoranda. Before the Court issued any decision on the motion, however, Plaintiff sought and received additional time from the Court to find counsel. Ultimately, Plaintiff did find counsel, who filed on Plaintiff's behalf a Second Amended Complaint ("SAC") without permission of the Court or Defendants on April 5, 2024. [Dkt. 47.] The Court construed the filing as a motion for leave to amend, which Defendants did not oppose. Then, the day before Defendants' responses to the Second Amended Complaint were due, Plaintiff filed a motion for leave to amend [Dkt. 53] and attached a proposed Third Amended Complaint [Dkt. 53-1 ("PTAC")]. Defendants timely filed motions to dismiss the SAC. [Dkt. 54, 55.]

The PTAC does not meaningfully address the deficiencies in the SAC against the Union identified by the Union's multiple motions to dismiss, and the PTAC's attempt to add a new cause of action fails because the allegations of fact do not support such a claim as a matter of law. The PTAC would therefore be subject to dismissal, so further amendment is futile. Thus, the motion for leave to amend can and should be denied.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

## II. SUMMARY OF PROPOSED AMENDMENTS[1]

The PTAC does not differ greatly from the SAC. The substantive changes are as follows:

- An added allegation that Plaintiff "intended to work on Matson vessels in port and at sea with an assignment from MM&P Dispatch Hall." PTAC ¶ 9.
- An added allegation that Plaintiff "would have earned $5,700 for his work as a Port Relief Officer from October 1, 2021 to December 31, 2021." PTAC ¶ 10.
- An added allegation that Plaintiff "would have earned $90,500 at sea for a standard 120-day dispatch on a Matson vessel on the West Coast to Honolulu during 2022." PTAC ¶ 11.
- An added allegation that "[a]ccording to the standard operating procedures for acquiring jobs at the nearby Ports, Mr. Martin was eligible for at least six voyages dispatching in April and May of 2022." PTAC ¶ 12.
- An added allegation that Plaintiff "would have obtained any of these jobs, because he would have been next in line for eligibility based on the dispatch's standard operating procedures." PTAC ¶ 13.
- A supplement to his prior allegation that "Matson and MM&P conspired to coerce Mr. Martin to violate his rights to bodily integrity and to refuse unwanted medical treatment by taking a COVID-19 vaccine that he did not want," SAC ¶ 28, by adding a clarifying clause: "Matson and MM&P, *through their negotiations and institution of their MOU*, conspired to coerce Mr. Martin to violate his rights to bodily integrity and to refuse unwanted medical treatment by taking a COVID-19 vaccine that he did not want." PTAC ¶ 33 (emphasis added).

---

[1] This section of this memorandum is necessary because Plaintiff failed to abide by the Court's standing order that "[i]f a party files an amended pleading, they shall concurrently file a redlined or highlighted version comparing the amended pleading to the prior operative pleading."

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

- A supplement to his prior allegation that "Matson and MM&P conspired to exert coercive pressure on Mr. Martin to violate his rights to bodily integrity and to refuse unwanted medical treatment by threatening his livelihood," SAC ¶ 29, by adding a clause: "Matson and MM&P, *through their negotiations and institution of their MOU*, conspired to exert coercive pressure on Mr. Martin to violate his rights to bodily integrity and to refuse unwanted medical treatment by threatening his livelihood." PTAC ¶ 34 (emphasis added).
- Added allegations that "[n]one of the vaccines available prevented infection with and transmission of COVID-19," PTAC ¶ 36, and that "[t]his information was publicly available at the time of the MOU," PTAC ¶ 37, with a footnote to news and journal articles purporting to support paragraph 37.
- An added allegation that "[w]ithout any genuine health justification, and without any genuine option for religious accommodation, the only explanation remaining for Matson and MM&P's coercive vaccinated [sic] requirement is animus toward the unvaccinated and / or those with religious beliefs opposing the COVID-19 vaccinations as separate and discrete classes." PTAC ¶ 39. This is really a legal conclusion not entitled to an assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.").
- Eliminating the Duty of Fair Representation cause of action (SAC Count I) and adding a 42 U.S.C. § 1985 cause of action (PTAC Count II).
- The Section 1985 cause of action asserts that "Matson and MM&P conspired to deprive Mr. Martin of the right to the enjoyment of his profession, and of the compensation available to him for the exercise of his profession, because he was unvaccinated against COVID-19 and / or because he held religious beliefs against COVID-19, without any genuine health justification for its actions," PTAC ¶ 44, and that "[b]ecause Matson and MM&P acted any health justification for their

requirements, it is clear that the only justification remaining for their actions are animus for those who remained unvaccinated against COVID-19 and / or those who held religious beliefs against COVID-19 vaccination," PTAC ¶ 45. This is also a legal conclusion or legal argument and is not entitled to any presumption of truth. See Iqbal, 556 U.S. at 679.

## III. ARGUMENT

### A. The Medical Battery Claim Remains Subject to Dismissal

As implied by the description of changes above, the medical battery cause of action from the SAC remains in the PTAC. However, the Union has pointed out numerous reasons why that cause of action fails. [Dkt. 54, ECF p. 14–17.] The proposed amendments do not change any of those conclusions.

#### 1. No New Allegations Change the Fact that the Medical Battery Claim Is Preempted by the Duty of Fair Representation and Thus Should Be Dismissed

First, the state-law medical battery claim is preempted by the federal duty of fair representation. [Dkt. 54, ECF p. 14–15.] None of the amendments change that conclusion. In fact, the clarifying amendments in paragraphs 33 and 34 of the PTAC, which make crystal clear that with respect to the Union, Plaintiff is complaining about the Union's negotiation conduct, make stronger the conclusion that the medical battery claim is preempted and thus must be recharacterized and analyzed solely as a duty of fair representation claim. See Elec. Workers v. Foust, 442 U.S. 42, 47 (1979).

One important consequence of understanding the medical battery claim as really being a duty of fair representation claim is that a six-month statute of limitations applies. As explained in the Union's motion to dismiss, Plaintiff filed this action *well* over six months after his alleged injuries. [Dkt. 54, ECF p. 9–11.] None of Plaintiff's amendments address the timeliness problem—which the Union has raised in each of its motions to dismiss—and thus the medical battery cause of action in the PTAC remains subject to dismissal.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Moreover, preemption of the medical battery cause of action also requires application of the substantive standards of the duty of fair representation, under which the Union can only be liable for arbitrary, discriminatory, or bad-faith conduct. [Dkt. 54, ECF p. 11–12.] Only the amendments in paragraphs 36, 37, and 39 of the PTAC even arguably relate to the duty of fair representation standard. Paragraph 39—which, as noted above, is conclusory legal argument, not an allegation of fact that must be assumed true—shows that Plaintiff seeks to proceed under the "discriminatory" prong, yet there are no allegations of fact raising a plausible claim that animus by the Union against the unvaccinated (even assuming that is a meaningfully protected class under the duty of fair representation) or against those with a religious opposition to COVID-19 vaccination drove its bargaining of the MOU.

The PTAC does not contain any allegations of fact that would tend to show that the Union is biased against the unvaccinated, such as statements or other conduct reflecting that bias. Nor does the PTAC add any allegations of bias by the Union against anyone of any particular religion. Plaintiff says that "without any genuine option for religious accommodation," the reason for the Union and Matson's action *must* be discrimination, but Plaintiff has not actually alleged that there was no "genuine option" for accommodation. All he alleges is that Matson asked him to make a request for accommodation and then denied it. He has never, in any of his four complaints, made any further allegations that would suggest Matson was incorrect to do so, much less that Matson's option for Plaintiff to make a religious accommodation request was not "genuine." Moreover, the only allegations related to religious accommodation deal only with Matson; there is not a single allegation of fact about the *Union's* treatment of religious issues. Therefore, there is no way to plausibly conclude from the allegations in the PTAC that the Union acted out of religious bias toward Plaintiff and others like him.

Plaintiff argues that animus against the unvaccinated is the *only* possible conclusion because there is a lack of "genuine health justification" for a vaccine requirement to work as an officer aboard Matson's ships. However, as discussed in the Union's motion to dismiss,

> Plaintiff does not allege that the vaccines cause any particular harm, he does not allege that COVID-19 is harmless, and he does not allege that the vaccine is completely ineffective. (Nor could he, in good faith, make any of those claims.) Thus, just as described in Valdez v. Grisham, 676 F. Supp. 3d 1021 (D.N.M. 2022), and cases cited therein, Plaintiff has not established that there was an utter lack of legitimate basis for the Union to bargain the MOU.

[Dkt. 54, ECF p. 13.] This remains true in the PTAC. Plaintiff seeks to have the Court conclude, based solely on his allegation that the vaccines do not *prevent* infection and transmission, that there was no "genuine health justification" for the MOU. The Court need not and should not accept Plaintiff's attempt to let the perfect be the enemy of the good. Under Plaintiff's reasoning, every safety regulation applicable aboard the ships where he works must be invalid because none of those laws *completely* stops injuries from occurring. That faulty logic fails to make up for the inadequate factual pleading supporting a claim of unlawful motive by the Union.

Therefore, the PTAC does not rescue the preempted medical battery cause of action from dismissal, and leave to amend should be denied as futile.

**2. The Allegations of Fact Still Do Not Plausibly Raise a Medical Battery Claim**

Even if the medical battery cause of action were not preempted by the duty of fair representation, the Union pointed out that it fails to state a claim for relief because Plaintiff made no factual allegations supporting the elements of such a claim. [Dkt. 54, ECF p. 15–17.] The PTAC's amendments do not add any allegation that the Union touched Plaintiff or that the Union performed a medical procedure on Plaintiff. The entire point of the PTAC—the same as the entire point of this action since it commenced—is that Plaintiff *refused* to be touched (by a needle delivering a COVID-19 vaccination, at least) and thus forfeited his right to work on Matson vessels. Therefore, even if not preempted, the PTAC continues to fail to state a claim for medical battery and leave to amend should be denied.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

**B. <u>The New Section 1985 Claim Would Be Dismissed for Failure to State a Claim, Making Amendment Futile</u>**

Plaintiff seeks to add a new federal cause of action to the PTAC under 42 U.S.C. § 1985(3). However, the allegations of fact—which, as noted above, have hardly changed from the SAC—do not make such a claim plausible.

**1. The Group of Persons Who Desire Not to Be Vaccinated Are Not a Protected Class**

Plaintiff appears to acknowledge that "§ 1985(3) 'provides no substantive rights itself' to the class conspired against[, so t]he rights, privileges, and immunities that § 1985(3) vindicates must be found elsewhere . . . ." <u>Carpenters Local 610 v. Scott</u>, 463 U.S. 825, 833 (1983). Thus, Plaintiff argues that "Matson and MM&P conspired to deprive Mr. Martin of the right to the enjoyment of his profession, and of the compensation available to him for the exercise of his profession because he was unvaccinated against COVID-19 and / or because he held religious beliefs against COVID-19 [sic] . . . ." PTAC ¶ 44.

Such an argument, even if there were sufficient factual basis to support it, does not state a claim under Section 1985(3). Rather, "plaintiff must allege that he was denied equal protection because of 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" <u>Behringer v. Cal. Polytechnic State Univ.</u>, No. 23-cv-934, 2023 U.S. Dist. LEXIS 186513, at *18 (C.D. Cal. Sep. 15, 2023) (quoting <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971)). Thus, in <u>Behringer</u>, the Central District found that belonging to the group of persons who oppose "Covid-19 public health measures cannot meet that element" because that group is not a suspect or quasi-suspect class and Congress has not indicated that group requires any special protection. <u>Id.</u> A protected class under Section 1985(3) is "something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors." <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263, 269 (1993). Therefore, even on the assumption that the Union does disfavor the unvaccinated, Plaintiff cannot maintain a claim

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

under Section 1985(3) for deprivation on that basis. No additional facts can be pleaded to cure this deficiency, so there is no basis to permit further amendment.

**2. Plaintiff's Religion Claim Can Only Be Alleged Under Title VII**

As to the religion-based prong of Plaintiff's claim, the right to be free of religious discrimination in private employment arises from Title VII of the Civil Rights Act of 1964. The Supreme Court has stated that Section 1985(3) cannot be used to incorporate Title VII employment rights because Congress created a significant administrative structure for the vindication of those rights, and required exhaustion of administrative procedures before proceeding to court. Avoiding those procedures by skipping straight to federal court, artfully pleading a Section 1985(3) violation rather than a Title VII violation, would frustrate congressional intent. Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366 (1979). Therefore, Plaintiff's religious discrimination claim related to his employment with Matson is not cognizable under Section 1985(3), and no amount of further amendment can cure that deficiency in his pleading.

**3. In Any Event, Plaintiff Has Not Alleged Facts that Lead to a Plausible Conclusion of Invidious Discriminatory Animus**

Even if Plaintiff's refusal to receive the vaccine placed him in a protected class, and/or even if Plaintiff could bring a Title VII employment discrimination claim under Section 1985(3), Plaintiff's factual pleadings fall far short of showing the "invidiously discriminatory animus," Griffin, 403 U.S. at 102, required to make out such a claim.

As noted above, Plaintiff's animus argument is that there was no genuine health justification for the vaccine requirement, and thus the only possible conclusion is that Defendants had animus against those who did not want to receive a vaccine. This Evel Knievel–sized leap does not hold up under scrutiny, not least because there *is* a genuine health justification for the vaccines: *Mitigation* of spread and severity of a deadly virus is a valid health justification for taking action even where that action cannot *eliminate* the virus entirely. Thus, Plaintiff, on his fourth try at drafting a complaint, alleges no facts illustrating

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

or even tending to show that the Union had animus against those who did not wish to receive a vaccine.

The same is true regarding Plaintiff's religion claim. His argument is that no legitimate avenue was provided for religious exemption, which, to him, shows animus against religious beliefs. There are no facts supporting the underlying premise of the claim, which is that the opportunity Matson presented to Plaintiff to request a religious exemption was a sham. Plaintiff does not describe his claim for exemption; he does not explain why the only lawful treatment would have been to grant that exemption; he does not explain—even on information and belief—what internal process Matson used to evaluate the claim; and he does not allege any facts even tending to suggest that Matson failed to honestly evaluate his exemption request. And Plaintiff makes no factual allegation whatsoever regarding the *Union's* purported religious animus, because there is no allegation that the Union had anything to do with Matson's decision to deny a religious exemption, or that the Union's decision not to file a grievance was made because of animus against a religious belief. Therefore, even to the extent Plaintiff had some claim against Matson related to Matson's evaluation of his application for religious exemption, there are no allegations of fact that would support the *Union's* liability for Matson's actions.

Indeed, relatedly, Plaintiff has not even alleged that he has a sincere religious belief that prevents him from receiving a COVID-19 vaccine. He does not explain any basis for any such belief or how the rejection of a vaccine fits into his religious worldview. All he alleges about religion is that he asked for a religious exemption from Matson and Matson rejected it. Without explaining to the Court and Defendants on what basis Matson was supposed to grant the exemption, or on what basis the Union was supposed to take some action, there is no reason to find that Plaintiff has plausibly alleged religious discrimination.

## IV. <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiff's Proposed Third Amended Complaint fails to rectify the deficiencies of his prior three complaints, and his attempt at a Section 1985(3)

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

claim is futile. The Court would act well within its discretion to deny this additional attempt to amend, and the Union requests that the Court do so.

DATED: May 20, 2024

BUSH GOTTLIEB, A Law Corporation

By: */s/ Jason Wojciechowski*
JASON WOJCIECHOWSKI
Attorneys for Defendant International Organization of Masters, Mates & Pilots, *erroneously sued as* Masters, Mates, & Pilots

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

**<u>PROOF OF SERVICE</u>**

**DANIEL B. MARTIN**
**v.**
**MASTERS, MATES & PILOTS, *et al***

**Case No. 3:23-cv-04859-RFL**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 801 North Brand Boulevard, Suite 950, Glendale, CA 91203-1260.

On May 20, 2024, I served true copies of the following document(s) described as: **INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 20, 2024, at Glendale, California.

/s/ Ian Zulueta
Ian Zulueta

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

**SERVICE LIST**

**DANIEL B. MARTIN**
**v.**
**MASTERS, MATES & PILOTS, *et al.***

**Case No. 3:23-cv-04859-RFL**

| | |
|---|---|
| Jennifer W. Kennedy, Esq.<br>61 S. Baldwin Avenue<br>Ste #1626<br>Sierra Madre, CA 91025<br>Email: jenniferkennedyesq@gmail.com | *Counsel for Plaintiff*<br>*Via CM/ECF system* |
| Edward Scott Lloyd<br>LLOYD, LEMMON, & HALE, PLLC<br>15 Chester Street<br>Front Royal, VA 22630<br>Email: scott@lloydlemmonhale.com | *Counsel for Plaintiff*<br>*Via CM/ECF system* |
| Jason Alex Geller<br>Hyunki John Jung<br>FISHER & PHILLIPS LLP<br>One Montgomery St., Suite 3400<br>San Francisco, CA 94104<br>E-Mail: jgeller@fisherphillips.com<br>hjung@fisherphillips.com | *Counsel for Defendant*<br>*Matson Navigation Company, Inc.,*<br>*Via CM/ECF system* |