JASON A. GELLER (SBN 168149)
Email: jgeller@fisherphillips.com
HYUNKI (JOHN) JUNG (SBN 318887)
Email: hjung@fisherphillips.com
FISHER & PHILLIPS LLP
One Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Attorneys for Defendant
Matson Navigation Company, Inc.,
*erroneously* sued as "Matson Navigation Co."

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL B. MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>MASTERS, MATES & PILOTS; and<br><br>MATSON NAVIGATION CO.,<br><br>Defendants. | CASE NO.: 3:23-cv-04859-RFL<br><br>**DEFENDANT MATSON NAVIGATION COMPANY, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>DATE: TBD<br>TIME: TBD<br>CTRM: 15<br>JUDGE: Hon. Rita F. Lin<br><br>SAC Filed: April 16, 2024<br>FAC Filed: December 12, 2023<br>Complaint Filed: September 22, 2023<br>Trial Date: None Set |

# TABLE OF CONTENTS

I. INTRODUCTION ..... 5
II. SUMMARY OF PLAINTIFF'S PROPOSED AMENDMENT ..... 6
A. Additional Allegations ..... 6
B. Removal of Duty of Fair Representation and Adding a 42 U.S.C. § 1985 Claim ..... 6
C. New Allegations Regarding a 42 U.S.C. § 1985 Cause of Action ..... 6
III. LEGAL STANDARD ..... 7
IV. LEGAL ARGUMENT ..... 7
A. Plaintiff Unreasonably Delayed in Requesting Additional Amendments. ..... 7
B. Allowing Amendments Would Unduly Prejudice Matson. ..... 9
C. Plaintiff's Amendment is Futile. ..... 9
1. Plaintiff's Medical Battery Cause of Action Cannot State a Plausible Claim Upon Which Relief can be Granted. ..... 10
2. Plaintiff's New Cause of Action for 42 U.S.C. § 1985: Conspiracy Against Rights Cannot Survive Dismissal. ..... 10
V. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acri v. International Association of Machinists*,
781 F.2d 1393 (9th Cir. 1986) ........ 8

*Ahlmeyer v. Nev. Sys. of Higher Educ.*,
555 F.3d 1051 (9th Cir. 2009) ........ 10

*Aldabe v. Aldabe*,
616 F.2d 1089 (9th Cir. 1980) ........ 11

*Amerisourcebergen Corp. v. Dialysist West, Inc.*,
465 F.3d 946 (9th Cir. 2006) ........ 8

*Baker v. Pac. Far East Lines, Inc.*,
451 F. Supp. 84 (N.D. Cal. 1978) ........ 10

*Behringer v. Cal. Polytechnic State Univ.*,
Case No. 5:23-cv-00934-JFW (SK), 2023 WL 6811813 (C.D. Cal. Sept. 15, 2023) ........ 11

*Black v. Hunt & Henriques*,
2011 WL 1405411 (C.D. Cal. Apr. 11, 2011) ........ 8

*Foman v. Davis*,
371 U.S. 178 (1962) ........ 7

*Gerritsen v. de la Madrid Hurtado*,
819 F.2d 1511 (9th Cir. 1987) ........ 11

*Griffin v. Breckenridge*,
403 U.S. 88 (1971) ........ 10

*Jackson v. Bank of Hawaii*,
902 F.2d 1385 (9th Cir. 1990) ........ 7

*Johnson v. Buckley*,
356 F.3d 1067 (9th Cir. 2004) ........ 7

*Johnson v. Lucent Technologies Inc.*,
653 F.3d 1000 (9th Cir. 2011) ........ 9

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) ........ 9

*Jordan v. County of Los Angeles*,
669 F.2d 1311 (9th Cir. 1982) ........ 7

*Lockary v. Kayfetz*,
587 F. Supp. 631 (N.D. Cal. 1984) .......... 11

*Millar v. Bay Area Rapid Transit Dist.*,
236 F. Supp. 2d 1110 (N.D. Cal. 2002) .......... 7

*Moore v. Kayport Package Exp., Inc.*,
885 F.2d 531 (9th Cir. 1989) .......... 7, 10

*Okwu v. McKim*,
682 F.3d 841 (9th Cir. 2012) .......... 7

*Peterson v. State of California*,
2011 WL 3875622 (E.D. Cal., Sept. 1, 2011) .......... 8

*Sever v. Alaska Pulp Corp.*,
978 F.2d 1529 (9th Cir. 1992) .......... 11

*U.S. v. Corinthian Colleges*,
655 F.3d 984 (9th Cir. 2011) .......... 7

*Voigt v. Savell*,
70 F.3d 1552 (9th Cir. 1995) .......... 11

*Wells Fargo Bank, N.A. v. Renz*,
2010 WL 2867615 (N.D. Cal. Jul. 20, 2010) .......... 8

**Statutes**

42 U.S.C. § 1985 .......... *passim*

**Other Authorities**

California Constitution .......... 10

Fed. R. Civ. P. 15(a)(2) .......... 7

# I. INTRODUCTION

Plaintiff Daniel B. Martin ("Plaintiff") seeks to further amend his Second Amended Complaint ("SAC") by adding a purportedly new 42 U.S.C. § 1985 cause of action. However, Plaintiff provides no basis for allowing leave from this Court to further amend the SAC other than citing the liberal standard for allowing leave in such situations. As Defendant Matson Navigation Company, Inc., erroneously sued as "Matson Navigation Co." ("Matson") will show in the instant Opposition, such leave is by no means automatic. Indeed, all the factors considered by courts to justify the denial of Plaintiff's motion exist in the instant matter.

First, Plaintiff's motion for leave to amend the SAC should be denied because Plaintiff unduly delayed in requesting it. While the proposed TAC poses to add a new legal theory by stylistically revising the title of a cause of action, the underlying facts to purportedly support his new claim have always been the same and already known throughout the litigation–that Matson cannot lawfully issue a COVID-19 vaccination requirement for its crewmembers. Despite having had over eight (8) months from filing an original complaint to amend his pleadings to comply with the Federal Rules of Civil Procedure, Plaintiff failed to do so. Now, after amending his pleading twice, Plaintiff again asks this Court for leave to further amend the SAC and file the TAC. This timing is far from coincidental. Plaintiff seeks to merely delay the dismissal of his claims by seeking leave from the Court to file the TAC. This Court should not allow Plaintiff to game the system with such bad faith maneuvering.

Second, permitting additional amendments would unduly prejudice Matson. Plaintiff filed his original complaint on September 22, 2023. Since then, Matson has been forced to incur the time and expenditures in filing *three* Motions to Dismiss while it has not even had a chance to have a hearing on those Motions. If granted, Plaintiff's request for leave – filed nearly 8 months after first filing his claim without reasonable justification, and after Matson filed *three* Motions to Dismiss – would present an undue delay to the prejudice of Matson by essentially nullifying the motion and requiring it to incur additional expenses responding to the TAC, which will be Matson's *fourth* Motion to Dismiss.

Third, Plaintiff's motion must be denied because a proposed TAC does not cure the fundamental and fatal defects found in Plaintiff's previous complaints, so permitting leave to amend is futile.

Plaintiff was placed on notice by Matson as to the deficiencies in his previous complaints,

provided ample time to file an amended pleading, e.g., in this case SAC, to address such deficiencies, and failed to do so. For these reasons, Matson respectfully requests that the Court deny Plaintiff's Motion for Leave to Amend the SAC.

## II. SUMMARY OF PLAINTIFF'S PROPOSED AMENDMENT

Plaintiff attached the proposed TAC to his motion for leave to amend. While the proposed TAC added a few minor additional allegations, no material changes have been made. For ease of the Court's review, below is a summary of Plaintiff's proposed amendment.

### A. Additional Allegations

- Plaintiff allegedly "intended to work on Matson vessels in port and at sea with an assignment from MM&P Dispatch Hall." Proposed TAC, ¶ 9.
- Plaintiff allegedly "would have earned $5,700 for his work as a Port Relief Officer from October 1, 2021 to December 31, 2021." Proposed TAC, ¶ 10.
- Plaintiff allegedly "would have earned $90,500 at sea for a standard 120-day dispatch on a Matson vessel on the West Coast to Honolulu during 2022." Proposed TAC, ¶ 11.
- "According to the standard operating procedures for acquiring jobs at the nearby Ports, [Plaintiff] was eligible for at least six voyages dispatching in April and May of 2022." Proposed TAC, ¶ 12.
- Plaintiff allegedly "would have obtained any of these jobs, because he would have been next in line for eligibility based on the dispatch's standard operating procedures." Proposed TAC ¶, 13.
- "None of the vaccines available prevented infection with and transmission of COVID-19." Proposed TAC, ¶ 36
- "This information was publicly available at the time of the MOU." Proposed TAC, ¶ 37.
- "Without any genuine health justification, and without any genuine option for religious accommodation, the only explanation remaining for Matson and MM&P's coercive vaccinated requirement is animus toward the unvaccinated and / or those with religious beliefs opposing the COVID-19 vaccinations as separate and discrete classes." Proposed TAC, ¶ 39.

### B. Removal of Duty of Fair Representation and Adding a 42 U.S.C. § 1985 Claim

- Plaintiff removed a cause of action for Duty of Fair Representation from the SAC and added a new 42 U.S.C. § 1985 Cause of Action in the proposed TAC.

### C. New Allegations Regarding a 42 U.S.C. § 1985 Cause of Action

- "Matson and MM&P conspired to deprive Mr. Martin of the right to the enjoyment of his profession, and of the compensation available to him for the exercise of his profession, because he was unvaccinated against COVID-19 and / or because he held religious beliefs against COVID-19, without any genuine health justification for its actions." Proposed TAC,

¶ 44.

- "Because Matson and MM&P acted any health justification for their requirements, it is clear that the only justification remaining for their actions are animus for those who remained unvaccinated against COVID-19 and / or those who held religious beliefs against COVID-19 vaccination," Proposed TAC, ¶ 45.

## III. LEGAL STANDARD

Once a responsive pleading has been filed, a party may amend the complaint only by leave of court. Fed. R. Civ. P. 15(a)(2). While Rule 15 provides that courts should freely grant leave to amend when "justice so requires," but courts also recognize that "leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982).

Five factors are taken into account to assess the propriety of a motion for leave to amend: (1) whether Plaintiff unduly delayed in bringing his motion; (2) whether the proposed amendments will prejudice the existing and entering parties; (3) whether Plaintiff acted in bad faith; (4) whether delaying the litigation will negatively impact judicial economy and waste judicial resources; or (5) whether Plaintiff proposes futile amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *U.S. v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *Okwu v. McKim*, 682 F.3d 841, 846 (9th Cir. 2012) (holding the district court's decision to dismiss with prejudice without giving plaintiff another opportunity to amend was not an abuse of discretion because plaintiff did not identify any amendment consistent with the facts she has already alleged that would give her a viable claim); *see also Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538, 542 (9th Cir. 1989) (denying leave to amend due to undue delay, bad faith, or dilatory motive); *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1113 (N.D. Cal. 2002).

A review of these factors establish that Plaintiff's Motion should be denied.

## IV. LEGAL ARGUMENT

### A. Plaintiff Unreasonably Delayed in Requesting Additional Amendments.

The Court should deny Plaintiff's motion for leave to amend the SAC because Plaintiff unduly delayed in requesting additional amendments. In assessing delay, courts "do not merely ask whether a

motion was filed within the period of time allotted." *Amerisourcebergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006); *see also Black v. Hunt & Henriques*, 2011 WL 1405411, at *2 (C.D. Cal. Apr. 11, 2011). Rather, courts place more weight on "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Amerisourcebergen Corp.*, 465 F.3d at 953 (internal citation omitted); *see also Acri v. International Association of Machinists*, 781 F.2d 1393, 1398 (9th Cir. 1986) (leave to amend has been denied where the moving party either knew or should have known when drafting the original pleading the facts on which the amendment is based but did not include them in the original pleading). "Although delay may not be dispositive, it is relevant and especially so when, as here, the moving party has offered no reason for the delay." *Wells Fargo Bank, N.A. v. Renz*, 2010 WL 2867615, at *3 (N.D. Cal. Jul. 20, 2010); *see also Peterson v. State of California*, 2011 WL 3875622, at *3 (E.D. Cal., Sept. 1, 2011) ("a moving party's inability to acceptably explain its delay may also indicate that the delay was undue.").

Here, Plaintiff already knew of the allegations he raises in the proposed TAC yet attempts to impermissibly add a new theory of liability, e.g., 42 U.S.C. §1985: Conspiracy Against Rights, to cause undue delay in avoiding dismissal. Plaintiff seeks to further amend the SAC on the grounds that "[g]iven the nature of the allegations, the legal theories in the original complaint, and the inherent novelty of the legal issues implicated in a pandemic-related mandate for an Emergency-Use authorized vaccine imposed through an MOU between [Matson] and [MM&P], it took some time." Mot., 2:18-2:21. Significantly, however, while the proposed TAC raises a new theory of liability, e.g., 42 U.S.C. §1985: Conspiracy Against Rights, it is based upon allegations already denoted in his previous complaints.[1] All of the information in the proposed TAC was known to Plaintiff since before the inception of litigation. In other words, while Plaintiff has *stylistically* revised the title of causes of action, Plaintiff has always relied upon the same underlying facts and theory already known throughout the litigation–that Matson cannot lawfully issue a COVID-19 vaccination requirement for its crewmembers. Plaintiff offers no

[1] For example, all of the purported bases for objections to the COVID-19 vaccines, e.g., Emergency Use Authorization (EUA) vaccines, investigational medical treatments, purported right to refuse unwanted medical treatment, the alleged conspiracy to coerce Plaintiff to get vaccinated, the efficacy of COVID-19 vaccines, were already raised in his previous complaints.

meaningful explanation for the undue delay and why additional amendment is warranted at this juncture. Putting it in the kindest terms, it is quite disingenuous for Plaintiff and his counsel to now advise the Court that it is only a recent review of case law that has allowed Plaintiff meaningfully to amend the SAC, especially when not a single new material fact has been alleged in the proposed TAC. *See Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1012 (9th Cir. 2011) ("Although [plaintiff] argues that he should have been granted leave to amend these claims, he failed to alert the court as to what new facts he would have alleged.").

**B. <u>Allowing Amendments Would Unduly Prejudice Matson.</u>**

While "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." *Id.*

Here, Plaintiff was not diligent, and permitting him to further amend his SAC would result in unfair and undue prejudice to Matson. As a preliminary matter, Plaintiff raises a new theory of liability based upon allegations already denoted in his previous complaints and that were known to Plaintiff. Furthermore, while Plaintiff has already given ample opportunities to address the deficiencies in his complaints and did amend his complaints twice, he still has failed to state his claims upon which relief can be granted. Even in the highly dubious event that Plaintiff did allege any new facts needed to support his proposed TAC, that would not alleviate the prejudice that would be inflicted upon Matson by having to wait to file yet another Motion to Dismiss at this juncture. Since Plaintiff's initial filing of the complaint in September 2023, Matson has been forced to incur the time and expenditures in filing *three* Motions to Dismiss and it has not even had a chance to have a hearing on those Motions. If the Court allows Plaintiff yet another opportunity to amend the SAC, Matson will suffer significant prejudice because it would have to file its *fourth* Motion to Discuss, which will needlessly increase the time and costs of litigation.

**C. <u>Plaintiff's Amendment is Futile.</u>**

It is well established that "futility of amendment alone can justify the denial of a motion" to amend. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009). Thus, "leave to

amend need not be given if a complaint, as amended, is subject to dismissal." *Moore*, 885 F.2d at 538; *see also Baker v. Pac. Far East Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978) (the test to determine the legal sufficiency of the amended complaint is the same test under Fed. R. Civ. P. 12(b)(6)).

**1. <u>Plaintiff's Medical Battery Cause of Action Cannot State a Plausible Claim Upon Which Relief can be Granted</u>.**

As an initial matter, Plaintiff's medical battery cause of action from the SAC remains in the proposed TAC. As fully briefed in Matson's Motion to Dismiss Plaintiff's SAC, Plaintiff's medical battery cause of action – which remains in the proposed TAC and relies upon the same facts – cannot state a plausible claim upon which relief can be granted because (1) Plaintiff cannot plausibly allege a prima facie case for medical battery; (2) Plaintiff's reliance on the California Constitution is unavailing; and (3) mandating vaccinations as a condition of employment is lawful. *See* Dkt. No. 55, at pp. 13-16. Thus, Plaintiff's amendment is futile.

**2. <u>Plaintiff's New Cause of Action for 42 U.S.C. § 1985: Conspiracy Against Rights Cannot Survive Dismissal</u>.**

While Plaintiff adds a new theory of liability, e.g., 42 U.S.C. § 1985: Conspiracy Against Rights in the proposed TAC, an addition of this new cause of action does not change any conclusions that Plaintiff's amendment is futile because the proposed TAC fails to plausibly allege a prima facie case.

"To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege facts to support (1) the existence of a conspiracy, (2) to deprive him of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971). In addition, there must be some racial or other class-based, invidiously discriminatory animus behind the conspirators' action. *Id.* To make the requisite showing of class-based animus "the plaintiff must be a member of a class that requires special federal assistance in protecting its civil rights." *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1519 (9th Cir. 1987); *Voigt v. Savell*, 70 F.3d 1552, 1564 (9th Cir. 1995); *Behringer v. Cal. Polytechnic State Univ.*, Case No. 5:23-cv-00934-JFW (SK), 2023 WL 6811813 (C.D. Cal. Sept. 15, 2023). In other words, Plaintiff must allege that he is a member of a class of persons that the courts have

designated as a suspect or quasi-suspect class "requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

In the instance case, Plaintiff's claim fails for the following two reasons.

First, Plaintiff fails to allege facts to support his conclusory allegation of the existence of a conspiracy. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that "[b]ecause appellant failed to allege any facts showing … invidious" discrimination on the part of defendants, "the district court was … correct in dismissing the § 1985(3) claim"); *see also Lockary v. Kayfetz*, 587 F. Supp. 631, 639 (N.D. Cal. 1984) (holding that "[a]llegations of conspiracies must be supported by material facts, not merely conclusory statements"). In adding a new cause of action under 42 U.S.C. § 1985, the proposed TAC avers, in wholly conclusory fashion, that "Matson and MM&P conspired to deprive [Plaintiff] of the right to the enjoyment of his profession, and of the compensation available to him for the exercise of his profession because he was unvaccinated against COVID-19 and / or because he held religious beliefs against COVID-19, without any genuine health justification for its actions." *See* Proposed TAC, ¶ 44. But in any event, there is no factual allegation to support the assertion that Matson and MM&P acted in concert, rather than individually, in responding to Plaintiff's religious exemption request.

Second, Plaintiff's section 1985(3) claim also cannot survive dismissal because he has failed to allege that there were some racial or other class-based, invidiously discriminatory animus behind Matson and MM&P's purported conspiracy. *Gerritsen*, 819 F.2d at 1519; *Behringer*, 2023 WL 6811813, at *6. The *Behringer* case is instructive and directly on point in this regard. In *Behringer*, a former student who was barred from attending class in person after refusing to comply with COVID-19 regulations sued the university and local health authorities. *Behringer*, 2023 WL 6811813, at *1. In his fifth cause of action, plaintiff alleges, just like here, that "defendants engaged in a conspiracy under 42 U.S.C. § 1985(3) …." *Id.* at 6. In granting defendant's motion to dismiss, after noting that "to state a claim under § 1985(3), plaintiff must allege that he was denied equal protection because of 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action (internal citation omitted)," the Central District held that "[plaintiff] has no basis to sue under § 1985(3) [because] being

among citizens still rankled by past Covid-19 measures … neither implicates even a quasi-suspect classification nor qualifies as membership in a congressionally protected group." *Id.*

Here, while the proposed TAC avers, in conclusory fashion, that "it is clear that the only justification remaining for their actions are animus for those who remained unvaccinated against COVID-19 and / or those who held religious beliefs against COVID-19 vaccination" (Proposed TAC, ¶ 45), Plaintiff has failed to allege any additional facts to show any purported animus. Moreover, since the proposed TAC has failed to plausibly allege that Plaintiff was qualified as a member of a protected group because of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action," his section 1985(3) claim cannot survive dismissal, making the proposed TAC futile.

## V. CONCLUSION

For all the foregoing reasons, Plaintiff's Motion for Leave to File Third Amended Complaint should be denied.

DATE: May 20, 2024

FISHER & PHILLIPS LLP

By: */s/ Hyunki (John) Jung*
Jason A. Geller
Hyunki (John) Jung
Attorneys for Defendant
Matson Navigation Company, Inc. (*erroneously named as* Matson Navigation Co.)

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is One Montgomery Street, Suite 3400, San Francisco, California 94104.

I served the foregoing document **DEFENDANT MATSON NAVIGATION COMPANY, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND** entitled on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof addressed as follows:

| | |
|---|---|
| E. Scott Lloyd (Pro Hac Vice)<br>Virginia Bar # 76989<br>Lloyd, Lemmon, & Hale, PLLC<br>15 Chester Street<br>Front Royal, VA 22630 | ***Attorneys for Plaintiff Daniel B. Martin***<br><br>Telephone: (540) 823-1110<br>Email: scott@lloydlemmonhale.com |
| Jennifer W. Kennedy<br>California Bar # 185406<br>61 S. Baldwin Ave. #1626<br>Sierra Madre, CA 91025-7076<br>**Served through Court's ECF** | Telephone: (626) 888-2263<br>Email: jenniferkennedyesq@gmail.com |
| JASON WOJCIECHOWSKI<br>SAMANTHA M. KENG<br>BUSH GOTTLIEB, A Law Corporation<br>801 North Brand Boulevard, Suite 950<br>Glendale, California 91203-1260<br>**Served through Court's ECF** | ***Attorneys for Defendant International Organization of Masters, Mates & Pilots, erroneously sued as "Masters, Mates & Pilots***<br><br>Telephone: (818) 973-3200<br>Facsimile: (818) 973-3201<br><br>Email: jasonw@bushgottlieb.com<br>skeng@bushgottlieb.com |

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed May 20, 2024, at San Francisco, California.

Lisa Hamann
Print Name

By: [signature]
Signature