E. Scott Lloyd (Pro Hac Vice)
Virginia Bar # 76989
Lloyd Law Group, PLLC
15 Chester Street
Front Royal, VA 22630
Tel. (540) 823-1110
email: scott@lloydlg.com

Jennifer W. Kennedy (Local Counsel)
California Bar # 185406
61 S. Baldwin Ave. #1626
Sierra Madre, CA 91025-7076
(626) 888-2263
Email: jenniferkennedyesq@gmail.com

Attorneys for Plaintiff, DANIEL B. MARTIN,

Lloyd Law Group, PLLC
15 Chester Street
FRONT ROYAL, VA 22630
(540) 823-1110

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANSICO DIVISION**

| | |
|---|---|
| DANIEL B. MARTIN,<br><br>Plaintiff,<br><br>vs.<br><br>MASTERS, MATES, & PILOTS<br><br>and<br><br>MATSON NAVIGATION CO.,<br><br>Defendants. | Case No. 3:23-cv-04859-RFL<br><br>**RESPONSE TO DEFENDANT MATSON NAVIGATION COMPANY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Rita F. Lin<br>Date: July 9, 2024<br>Time: 10 a.m.<br>Crtrm.: 15 |

**PLAINTIFFS RESPONSE TO**

**DEFENDANT MATSON NAVIGATION COMPANY, INC.'S MOTION TO DISMISS**

Plaintiff DANIEL B. MARTIN, ("Plaintiff"), by and through his attorneys, submits this response to Matson Navigation Company, Inc. ("Matson")'s motion to dismiss.

## I. RELEVANT FACTUAL BACKGROUND

As a Deck Officer, Mr. Martin had established a relationship with Matson, deploying several times on merchant voyages. He was only one deployment away from retirement as of October 1, 2021, and was planning to deploy with Matson.

Matson, along with Mr. Martin's union, Masters, Mates, & Pilots (MM&P), instituted a Requirement effective October 1, 2021, that no Member could be dispatched to a Matson vessel in any capacity unless that Member had received one of three proffered vaccines for COVID-19.

The practical effect of this Memorandum of Understanding was that as of October 1, 2021, no Member could be dispatched to work on a vessel operated by Matson either in port or at sea unless the Member provided proof of having accepted a vaccination for COVID-19.

Mr. Martin objected to this requirement in multiple communications to both Matson and MM&P and went on to request a grievance hearing with MM&P, which it denied. Mr. Martin was barred from working on a Matson vessel as he had done in the past. This lost opportunity amounted to the loss of both a year's income and his planned retirement.

## II. LEGAL STANDARD

Plaintiff agrees with Defendant that a motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Cairns v. Franklin Mint Co.*, 24 F.Supp.2d 1013, 1023 (C.D. Cal. 1998). Dismissal under the rule may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1988).

Lloyd Law Group, PLLC
15 Chester Street
FRONT ROYAL, VA 22630
(540) 823-1110

A motion to dismiss also is proper where a plaintiff seeks remedies to which he is not entitled as a matter of law. *See, e.g., King v. California*, 784 F.2d 910 (9th Cir. 1986).

## III. ARGUMENT

### A. Plaintiff no longer desires to pursue an action for a failure of the Duty of Fair Representation

Although Mr. Martin alleged a failure of the duty of fair representation against Masters, Mates & Pilots only, Matson raises the issue in its Motion to Dismiss.

Mr. Martin does not wish to continue to pursue a claim for failure of the duty of fair representation against either defendant. He has filed a request for leave to Amend his Second Amended Complaint with a complaint that does not include this claim. *See*, Dckt. No. 53. Plaintiff consents to dismissal of this claim.

### B. Plaintiff has alleged a plausible claim of medical battery

Mr. Martin has alleged medical battery against Matson.

As stated in Mr. Martin's complaint, "Californians have a constitutional privacy right that protects against receiving unwanted medical treatment." *In re Terrazas*, 73 Cal. App. 5th 960, 966-67, 288 Cal. Rptr. 3d 801, 805 (2022)(citations omitted). According to this right, "a competent adult has the right to refuse medical treatment, even treatment necessary to sustain life." *Id.* Rooted in both the California Constitution and the common law, this right "guarantees to the individual the freedom to choose to reject, or refuse to consent to, intrusions of his bodily integrity." *Id. See also*, *Cobbs v. Grant*, 8 Cal. 3d 229, 242 (Sup. Ct. Ca. 1972)("A person of adult years and in sound mind has the right, in the exercise of control over his own body, to determine whether or not to submit to lawful medical treatment.")

Medical battery occurs when circumstances meet three conditions: (1) that a party performed a medical procedure without Plaintiff's consent [...] (2) that the Plaintiff was harmed, and (3) that the defendant's conduct was a substantial factor in causing Plaintiff harm. CACI No. 530A. Medical Battery; *Saxena v. Goffney*, 159 Cal. App. 4th 316, 324 (2008); *Conte v. Girard*

Lloyd Law Group, PLLC
15 Chester Street
FRONT ROYAL, VA 22630
(540) 823-1110

Lloyd Law Group, PLLC
15 Chester Street
FRONT ROYAL, VA 22630
(540) 823-1110

*Orthopaedic Surgeons Med. Grp., Inc.*, 107 Cal. App. 4th 1260, 1266-67 (2003)("A battery is an intentional and offensive touching of a person who has not consented to the touching" and "[i]t is well settled that a physician who performs a medical procedure without the patient's consent commits a [medical] battery irrespective of the skill or care used.").

Mr. Martin acknowledges that Matson did not hold him down and perform a medical procedure on him. What Matson *did* do, however, is exert coercive pressure on Mr. Martin's right to refuse medical treatment by threatening his livelihood. Such coercion, as it involves unwanted bodily touching, is analogous, if not directly, to sexual harassment, where defendants are not able to plead innocence in the absence of actual physical touching. Instead, in sexual harassment, as it must be here, it is the coercion itself that constitutes the offense.

In 1977, the case of *Barnes v. Costle* solidified the legal convention that, in addition to direct discrimination, sexual harassment is also discrimination on the basis of sex and carries with it legal consequences. 561 F.2d 983 (D.C. Cir. 1977).[1] It is appropriate here for this Court to recognize that the precedent prohibiting coercion in the context of sex discrimination also provides the framework for courts to recognize that coercion in the pursuit of unwanted medical battery is unlawful as well.

This is especially so in the context of developments in the context of informed consent. The Belmont Report, for example, arose out of an American medical and research culture that had seen both forced sterilizations and the Tuskegee medical experiments on African Americans. The report states:

> Coercion occurs when an overt threat of harm is intentionally presented by one person to another in order to obtain compliance...Unjustifiable pressures usually

[1] Before *Barnes v. Costle*, courts treated sexual harassment as "a personal matter having nothing to do with work or a sexual assault that just happened to occur at work." Reva B. Siegel, A Short History of Sexual Harassment, in DIRECTIONS IN SEXUAL HARASSMENT LAW 11, (Catherine McKinnon, ed. 2003). [T]he American legal system," before 1977 "offered women scant protection from sexual coercion at work […] most free women sexually coerced at work would have little reason to expect the state to sanction the men who took advantage of them." New York's high court in 1874, for example, rejected a rape conviction of a man who assaulted his fourteen-year-old servant girl, after locking her younger siblings in his barn. *Id*. Legal and social advances, including women's suffrage, gradually began to change this balance.

> occur when persons of authority or commanding influence--especially where possible sanctions are involved-- urge a course of action for a subject. Undue influence, by contrast, occurs through an offer of an excessive, unwarranted, inappropriate or improper reward or other overture in order to obtain compliance. Also, inducements that would ordinarily be acceptable may become undue influences if the subject is especially vulnerable. HHS.gov, The Belmont Report, at at https://www.hhs.gov/ohrp/regulations-and-policy/belmontreport/index.html

The American Medical Association Code of Medical Ethics Opinion 2.1.1 articulates a similar approach: "Informed consent to medical treatment is fundamental in both ethics and law. Patients have the right to receive information and ask questions about recommended treatments so that they can make well-considered decisions about care. Successful communication in the patient-physician relationship fosters trust and supports shared decision making." (available at: https://code-medical-ethics.ama-assn.org/sites/default/files/2022-08/2.1.1%20Informed%20consent%20--%20background%20reports.pdf)

Defendants seek solace in *Jacobson v. Massachusetts*, 197 U.S. 11 (1905), where the Supreme Court found that a state may create conditions for a vaccine mandate. This precededent however, has received the caution that it is a "modest decision" that should not be read to "overshadow the Constitution during a pandemic." *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63,70 (2020)(Gorsuch, J., concurring). Furthermore, this is a decision that should be read to apply a rational basis review to such a mandate.

Here, there was no rational basis, as it was widely acknowledged at the time that the vaccine did not prevent the disease or transmission of the disease.[2]

Mr. Martin, in experiencing coercion in pursuit of battery, has experienced an offence against his rights as articulated in the California Constitution and the common law. Matson in

[2] Holcombe and Maxouris, *CDC head says COVID-19 vaccines prevent severe illness and death, but they can't prevent transmission,* CNN.COM, (August 16, 2021), at https://www.cnn.com/us/live-news/coronaviruspandemic-vaccine-updates-08-06-21/h_61de1502e86060f5faf4477339928e33. See also, Singanayagam, Ankia, PhD, et al., *Community transmission and viral load kinetics of the SARS-CoV-2 delta (B.1.617.2) variant in vaccinated and unvaccinated individuals in the UK: a prospective, longitudinal, cohort study, The Lancet, Infectious Diseases*, October 29, 2021, https://www.thelancet.com/journals/laninf/article/PIIS1473-3099(21)00648-4/fulltext (British study finding that "fully vaccinated individuals with breakthrough infections have peak viral load similar to unvaccinated cases and can efficiently transmit infection in household settings, including to fully vaccinated contacts").



Lloyd Law Group, PLLC
15 Chester Street
FRONT ROYAL, VA 22630
(540) 823-1110

pursuit of these in appropriate ends has committed an offense against Mr. Martin's rights.

**C. Mr. Matson does not assert a Title VII Claim**

Mr. Matson does not plead a Title VII claim in his Second Amended complaint, and does not pursue one here.

## IV. CONCLUSION

For the foregoing reasons, this court should deny the Defendant's Motion to Dismiss.

Dated: May 21, 2024

By: __/s/ E. Scott Lloyd______________
E. Scott Lloyd
Virginia Bar # 76989
Lloyd, Lemmon, & Hale, PLLC
15 Chester Street
Front Royal, VA 22630
Tel. (540) 823-1110
scott@lloydlemmonhale.com
*Admitted Pro Hac Vice*

__/s/ Jennifer W. Kennedy_________
Jennifer W. Kennedy
California Bar # 185406
61 S. Baldwin Ave. #1626
Sierra Madre, CA 91025-7076
(626) 888-2263
jenniferkennedyesq@gmail.com
*Local Counsel*

Lloyd Law Group, PLLC
15 Chester Street
FRONT ROYAL, VA 22630
(540) 823-1110

# PROOF OF SERVICE

**DANIEL B. MARTIN**
**v.**
**MASTERS, MATES & PILOTS, *et al***

**Case No. 23-cv-04859-RFL**

At the time of service, I was over 18 years of age and **not a party to this action**. My place of business is in Warren County, State of Virginia. My business address is 15 Chester St., Front Royal, VA 22630.

On May 21, 2024, I served true copies of the following document(s) described as: **RESPONSE TO DEFENDANT MATSON NAVOIGATION COMPANY, INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**
on the interested parties in this action as follows:

**SEE SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 21, 2024, at Front Royal, Virginia.

/s/ E. Scott Lloyd
E. Scott Lloyd

## SERVICE LIST

**DANIEL B. MARTIN**
**v.**
**MASTERS, MATES & PILOTS, *et al***

**Case No. 23-cv-04859-RFL**

| | |
|---|---|
| Jennifer W. Kennedy, Esq.<br>61 S. Baldwin Avenue<br>Ste #1626<br>Sierra Madre, CA 91025<br>Email: jenniferkennedyesq@gmail.com | *Counsel for Plaintiff*<br>*Via CM/ECF system* |
| Jason Alex Geller<br>Hyunki John Jung<br>FISHER & PHILLIPS LLP<br>One Montgomery St., Suite 3400<br>San Francisco, CA 94104<br>E-Mail: jgeller@fisherphillips.com<br>hjung@fisherphillips.com | *Counsel for Defendant*<br>*Matson Navigation Company, Inc.,*<br>*Via CM/ECF system* |
| Jason Wojciechowski<br>Samantha M. Keng<br>BUSH GOTTLIEB, A Law Corporation<br>801 North Brand Boulevard, Suite 950<br>Glendale, California 91203-1260<br>Email: jasonw@bushgottlieb.com<br>skeng@bushgottlieb.com | *Counsel for Defendant*<br>*International Organization of Masters, Mates & Pilots, erroneously sued as "Masters, Mates & Pilots"*<br>*Via CM/ECF system* |