JASON A. GELLER (SBN 168149)
Email: jgeller@fisherphillips.com
HYUNKI (JOHN) JUNG (SBN 318887)
Email: hjung@fisherphillips.com
FISHER & PHILLIPS LLP
One Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Attorneys for Defendant
Matson Navigation Company, Inc.,
*erroneously* sued as "Matson Navigation Co."

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL B. MARTIN<br><br>Plaintiff,<br><br>v.<br><br>MASTERS, MATES & PILOTS; and<br><br>MATSON NAVIGATION CO.,<br><br>Defendants. | CASE NO.: 3:23-cv-04859-RFL<br><br>**DEFENDANT MATSON NAVIGATION COMPANY, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF DANIEL B. MARTIN'S SECOND AMENDED COMPLAINT**<br><br>DATE: July 9, 2024<br>TIME: 10:00 a.m.<br>CTRM: 15<br>JUDGE: Hon. Rita F. Lin<br><br>SAC Filed: April 16, 2024<br>FAC Filed: December 12, 2023<br>Complaint Filed: September 22, 2023<br>Trial Date: None Set |

## I. INTRODUCTION

Plaintiff Daniel B. Martin's ("Plaintiff") Opposition to Defendant Matson Navigation Company, Inc.'s (erroneously sued as Matson Navigation Co.) ("Matson") Motion to Dismiss ("Motion") Plaintiff's Second Amended Complaint ("SAC") sheds no light on his claims, and only confirms that the Court should dismiss the SAC with prejudice and without leave to amend.

As a threshold matter, Plaintiff cannot plausibly allege a medical battery claim in the absence of facts, showing Matson's intentional bodily touching or performance of medical procedures. Plaintiff devotes a majority of the Opposition to his meritless contention that Matson's purported "coercion" somehow involves "unwarranted bodily touching" and also asserts that medical battery is analogous to sexual harassment. Plaintiff's claims fail. Other than the conclusory allegations of Matson's purported "coercion," the SAC contains no factual allegations of unwarranted bodily touching or medical procedures performed by Matson. If there is no such touching, there is no battery. Further, the Court should not heed Plaintiff's improper attempt to analogize a sexual harassment claim to a cause of action for battery which requires an intentional and offensive touching.

Additionally, nothing in Plaintiff's Opposition attempts to address Matson's substantive arguments that (1) Plaintiff's reliance on *In re Terrazas*, 73 Cal. App. 5th 960, 966-67 (2022) ("*In re Terrazas*") is unavailing; and (2) mandatory vaccination policy as a condition of employment is lawful. In failing to do so, Plaintiff has waived any arguments countering Matson's position that the SAC fails to plausibly state a cognizable legal claim against Matson.

Plaintiff, this time with the assistance of his new counsel, filed the SAC to purportedly redress his previous complaints' deficiencies. Not only do these attempts fall short, but the SAC should be dismissed for the hoard of other reasons detailed in Matson's Motion and in this Reply. Since there can be no circumstances under which Plaintiff can plausibly state a claim by another amendment, Matson respectfully requests that the Court dismiss each cause of action set forth in Plaintiff's SAC with prejudice, and without leave to amend.

///

///

///

## II. LEGAL ARGUMENT

### A. Plaintiff Consents to Dismissal of the Duty of Fair Representation Claim.

In the Motion, Matson contended that while it recognizes that Plaintiff's first cause of action for duty of fair representation is asserted only against MM&P, it must be dismissed because it is time-barred. Plaintiff's Opposition states that he "does not wish to continue to pursue a claim for failure of the duty of fair representation against either defendant [and] consents to dismissal of this claim." Opp., 3:4-3:10. Accordingly, Plaintiff's first cause of action for duty of fair representation should be dismissed.

### B. Plaintiff's Opposition Further Demonstrates that Plaintiff's Second Cause of Action for Medical Battery Cannot State a Claim and Should be Dismissed.

Matson also argued that Plaintiff's second cause of action for medical battery must be dismissed for failure to state a claim upon which relief can be granted because (1) Plaintiff cannot plausibly allege a prima facie case for medical battery; (2) Plaintiff's reliance on the California Constitution is unavailing; and (3) mandating vaccinations as a condition of employment is lawful. In response, Plaintiff fails to address the thrust of Matson's arguments and only obliquely attempts to rebut some of these points Matson makes in the Motion, but to no avail, as discussed below.

#### 1. Plaintiff Cannot Plausibly Allege a Medical Battery Claim in the Absence of Showing of Matson's Intentional Bodily Touching or Performance of Medical Procedures.

In its Motion, Matson explained that Plaintiff's medical battery claim cannot state a plausible cause of action, particularly because the SAC, as pled, has failed to allege any facts that Matson, a non-medical provider, "performed the medical procedure without Plaintiff's consent," which is one of the three key elements to state a claim for medical battery. *See* CACI No. 530A. Medical Battery; *Saxena v. Goffney*, 159 Cal. App. 4th 316, 324 (2008). While conceding that "Matson did not hold him down and perform a medical procedure on him," Plaintiff asserts that Matson's purported "**coercion [] involves unwarranted bodily touching**, **is analogous**, if not directly, **to sexual harassment**, where defendants are not able to plead innocence in the absence of actual physical touching." Opp., 4:4-4:5 (emphasis added). Plaintiff's argument suffers from two layers of shortcomings.

As an initial matter, Plaintiff misconstrues the elements of a prima facie case for battery:

intentional and offensive touching. *Conte v. Girard Orthopaedic Surgeons Med. Grp., Inc.*, 107 Cal. App. 4th 1260, 1266-67 (2003) ("A battery is an intentional and offensive touching of a person who has not consented to the touching."). Just like the SAC, other than these conclusory allegations of Matson's purported "coercion," the Opposition demonstrates that the SAC cannot plausibly state any specific allegations of an unwarranted bodily touching. These conclusory allegations do not sufficiently track the elements of battery. *See Snider v Whitson*, 184 Cal. App. 2d. 211, 214-215 (1960) (when pleading a medical battery claim, Plaintiff is held to a greater degree of specificity, requiring a recitation of specific facts upon which the allegation is based). Because the SAC, as pled, cannot show (other than conclusory allegations of the purported "coercion") that there was an intentional and offensive touching – unwanted medical procedure that Matson, a non-medical provider, performed on Plaintiff's body by injecting a COVID-19 vaccine without his consent, the cause of action for a medical battery cannot survive dismissal. Simply put, if there is no such touching, there is no battery.

More problematically, Plaintiff has drawn *improper analogies* between a sexual harassment claim and a cause of action for medical battery. While Plaintiff appears to *misleadingly* assert that a medical battery claim can be established without intentional bodily touching as in the case of sexual harassment where "it is the coercion itself that constitutes the offense," (Opp., 4:6-4:9), he completely misses the mark. Unlike a sexual harassment claim where plaintiff is not necessarily required to show a bodily touching, a medical battery claim explicitly requires showing of a medical professional's intentional touching, e.g., performance of a medical procedure without plaintiff's consent). *See* 29 CFR § 1604.11(a) (sexual harassment includes "[u]nwelcome sexual advances, requests for sexual favors, and other **verbal *or* physical** conduct of a sexual nature") (emphasis added); *see also Cobbs v. Grant*, 8 Cal.3d 229, 239 ("The battery theory should be reserved for those circumstances ***when a doctor performs an operation*** **to which the patient has not consented**") (emphasis added). As already discussed in the Motion and herein, there are no factual allegations in the SAC suggesting Matson performed any type of medical procedure on Plaintiff without his consent. Since Plaintiff cannot establish this required element of bodily touching other than conclusory allegations of purported coercion, Plaintiff's medical battery claim must be dismissed for failure to state a claim.

///

**2. Plaintiff did not Respond to Matson's Argument That his Reliance of the California Constitution is Unavailing, and Therefore has Effectively Conceded it.**

If Plaintiff fails to respond or to otherwise oppose Defendant's arguments in a motion, then the district court may deem Plaintiff to have waived opposition to the motion. *See Locricchio v. Office of U.S. Trustee*, 313 Fed.Appx. 51, 52 (9th Cir. 2009) (holding that "the district court correctly opined that Appellants had waived their … argument for failing to raise it in their opposition to the Trustee's motion to dismiss"); *Conservation Force v. Salazar*, 677 F.Supp.2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived."); *Roy v. Contra Costa Cty.*, No. 15-cv-02672-TEH, 2015 WL 5698743, at *3 n.7 (N.D. Cal. Sept. 29, 2015) ("When a non-moving party's opposition to a motion to dismiss fails to address the moving party's arguments regarding certain claims, the non-moving party has conceded that those claims fail."); *Pecover v. Elec. Arts Inc.*, 633 F. Supp. 2d 976, 984 (N.D. Cal. 2009) ("[P]laintiffs have effectively conceded, by failing to address the issue in their opposition memorandum, that their claims … should be dismissed.").

In the Motion, Matson points out Plaintiff's reliance on *In re Terrazas*, 73 Cal. App. 5th 960, 966-67 (2022) ("*In re Terrazas*") is factually distinguishable and misplaced. As noted, unlike in *In re Terrazas* where an inmate with a history of mental health lacked the capacity to provide informed consent, here, the SAC *expressly* alleges that "a COVID-19 vaccine" is something that "he did not want" (SAC, ¶ 28). Matson also explained that the SAC fails to plausibly allege that Plaintiff's right to privacy under the California Constitution, article I, section 1 was violated in any way especially in that the SAC makes clear Plaintiff has exercised his right to not take the COVID-19 vaccines. *See generally* SAC. Since nothing in Plaintiff's Opposition attempts to address any of these arguments, Plaintiff has waived his opposition to them.

**3. Plaintiff Fails to Offer Viable Arguments Against Matson's Showing That Mandating Vaccinations as a Condition of Employment is Lawful.**

Plaintiff's cause of action for medical battery should also be dismissed under Rule 12(b)(6) because the Opposition fails to offer viable arguments to rebut Matson's position that private employers, such as Matson, can lawfully require vaccinations as a condition of employment. *See Burcham v. City*

*of Los Angeles*, 562 F.Supp.3d 694, 707 (2022) (holding that the mandatory vaccination policy did not force Plaintiffs to get vaccinated, did not amount to "coercion," and did not violate Plaintiffs' constitutional rights); *Beckerich v. St. Elizabeth Med. Ctr.*, 563 F.Supp.3d 633, 644 (2021) ("[N]o Plaintiff in this case is being forcibly vaccinated … no Plaintiff is being imprisoned and vaccinated against his or her will … Rather, these Plaintiffs are choosing whether to comply with a condition of employment or to deal with the potential consequences of that choice"); *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 294 (2d Cir. 2021) (holding that making vaccination a condition of employment does not come close to the level of coercion necessary to infringe a liberty interest in avoiding forcible medical treatment); *McCutcheon v. Enlivant ES, LLC*, No. 5:21-cv-00393, 2021 WL 5234787, at *3 (S.D.W. Va. Nov. 9, 2021) ("[plaintiff] is free to accept or refuse the COVID-19 vaccine. If she refuses, she need only to pursue employment elsewhere."). By failing to respond to these substantive arguments made in Matson's Motion, Plaintiff cannot dispute that he has waived his arguments, has conceded Matson's position, and the Court should dismiss Plaintiff's medical battery claim for that reason alone.

**C. Plaintiff Should not be Given Further Leave to Amend Because any Such Further Amendment Would be Futile.**

"Futility of amendment alone can justify the denial of a motion" to amend. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009). Thus, "leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). Here, Plaintiff should not be given any further amendment because it would be futile. Although Plaintiff has already been afforded *three* separate opportunities to plead his complaint in this action, he, even with new counsel, has repeatedly failed to plausibly allege any viable claims against Matson. For example, as discussed herein, as well as in Matson's Motion, Plaintiff's new medical battery cause of action cannot plausibly state a claim upon which relief can be granted because (1) Plaintiff cannot plausibly allege a prima facie case for medical battery; (2) Plaintiff's reliance on the California Constitution is unavailing; and (3) mandating vaccinations as a condition of employment is lawful. Further, while Plaintiff filed a motion for leave to amend the SAC to purportedly add a new theory of liability, e.g., 42 U.S.C. § 1985: Conspiracy Against Rights in the proposed Third Amended Complaint ("TAC"), an addition of this new cause of action does not change any conclusions that

Plaintiff's amendment would be futile because he still fails to plausibly allege a prima facie case. *See* Dkt. No. 57 at pp. 10-12. Because of the fundamental defects in Plaintiff's case, any further amendment would be futile. *See Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). Accordingly, the Court should dismiss the SAC with prejudice and without leave to amend.

## III. <u>CONCLUSION</u>

For all the foregoing reasons, as well as those put forth in the Motion, Matson respectfully requests the Court grant its Motion and dismiss Plaintiff's SAC and each cause of action alleged therein for failure to state a claim against it, with prejudice and without leave to amend.

DATE: May 28, 2024 FISHER & PHILLIPS LLP

By: */s/Jason A. Geller*
Jason A. Geller
Hyunki (John) Jung
Attorneys for Defendant
Matson Navigation Company, Inc. (*erroneously named as* Matson Navigation Co.)

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is One Montgomery Street, Suite 3400, San Francisco, California 94104.

I served the foregoing document entitled **DEFENDANT MATSON NAVIGATION COMPANY, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF DANIEL B. MARTIN'S SECOND AMENDED COMPLAINT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof addressed as follows:

| | |
|---|---|
| E. Scott Lloyd (Pro Hac Vice)<br>Virginia Bar # 76989<br>Lloyd, Lemmon, & Hale, PLLC<br>15 Chester Street<br>Front Royal, VA 22630<br>**Served through Court's ECF** | ***Attorneys for Plaintiff Daniel B. Martin***<br><br>Telephone: (540) 823-1110<br>Email: scott@lloydlemmonhale.com |
| Jennifer W. Kennedy<br>California Bar # 185406<br>61 S. Baldwin Ave. #1626<br>Sierra Madre, CA 91025-7076<br>**Served through Court's ECF** | Telephone: (626) 888-2263<br>Email: jenniferkennedyesq@gmail.com |
| JASON WOJCIECHOWSKI<br>SAMANTHA M. KENG<br>BUSH GOTTLIEB, A Law Corporation<br>801 North Brand Boulevard, Suite 950<br>Glendale, California 91203-1260<br>**Served through Court's ECF** | ***Attorneys for Defendant International Organization of Masters, Mates & Pilots, erroneously sued as "Masters, Mates & Pilots***<br><br>Telephone: (818) 973-3200<br>Facsimile: (818) 973-3201<br><br>Email: jasonw@bushgottlieb.com<br>skeng@bushgottlieb.com |

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed May 28, 2024, at San Francisco, California.

Lisa Hamann
Print Name

By: [signature]
Signature