JASON WOJCIECHOWSKI (SBN 263911)
jasonw@bushgottlieb.com
SAMANTHA M. KENG (SBN 341550)
skeng@bushgottlieb.com
BUSH GOTTLIEB
A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Defendant International Organization of Masters, Mates & Pilots, *erroneously sued as* Masters, Mates, & Pilots

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL B. MARTIN,<br><br>Plaintiff,<br><br>vs.<br><br>MASTERS, MATES & PILOTS, *et al.*,<br><br>Defendants. | **Case No. 3:23-cv-04859-RFL**<br><br>**NOTICE OF MOTION AND MOTION OF INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS TO DISMISS THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Rita F. Lin<br>Date: October 29, 2024<br>Time: 10 a.m.<br>Crtrm.: 15 |

**TO DANIEL B. MARTIN AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 29, 2024, at 10 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Rita F. Lin, located in the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant International Organization of Masters, Mates & Pilots ("Union") will and hereby does move this Court to Dismiss the Third Amended Complaint.

This Motion is made upon the following grounds:

(1) Plaintiff previously conceded that the medical battery claim has not been brought against the Union;

(2) To the extent the medical battery claim is now alleged against the Union, it is preempted by the duty of fair representation and is thus untimely under the applicable six-month statute of limitations. Moreover, the Third Amended Complaint does not allege facts sufficient to establish such a violation because there are no allegations of fact that would tend to show that the Union's bargaining conduct was arbitrary, discriminatory, or in bad faith;

(3) In any event, the Third Amended Complaint does not state facts that give rise to a medical battery claim against the Union even if the claim is not preempted, in large part because medical battery is a species of battery, *i.e.* an element of the claim is a physical touching and the gravamen of Plaintiff's complaint is that he successfully *avoided* an injection of the COVID-19 vaccine; and

(4) The new 42 U.S.C. § 1985 claim fails because Plaintiff is not a member of a protected class under that statute, his claim of religious discrimination is not cognizable under that law, and in any event there are insufficient facts to support a plausible claim that the Union had invidious animus toward Plaintiff.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED: August 28, 2024

BUSH GOTTLIEB, A Law Corporation

By: */s/ Jason Wojciechowski*
JASON WOJCIECHOWSKI
Attorneys for Defendant International Organization of Masters, Mates & Pilots,
erroneously sued as Masters, Mates, & Pilots

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

A. Summary of Factual Allegations ..... 2

B. Procedural History ..... 2

III. ARGUMENT ..... 3

A. The Medical Battery Claim—to the Extent Asserted Against the Union—Should Be Dismissed ..... 3

1. The Medical Battery Claim Is Preempted by the Duty of Fair Representation ..... 4

(a) The Medical Battery Claim Recharacterized as a Duty of Fair Representation Claim is Untimely ..... 4

(b) The Medical Battery Claim Recharacterized as a Duty of Fair Representation Claim Fails to Allege Arbitrary, Discriminatory, or Bad Faith Conduct by the Union ..... 6

2. Even If Not Preempted, the TAC Fails to Allege Sufficient Facts to State a Plausible Medical Battery Claim ..... 9

B. The Section 1985 Claim Should Be Dismissed ..... 11

1. Plaintiff's Desire Not to Be Vaccinated Does Not Make Him a Member of a Protected Class ..... 11

2. The Religion Claim Is Not Cognizable Under Section 1985 ..... 11

3. Plaintiff Fails to Allege Facts to Raising a Plausible Claim That the Union Had Discriminatory Invidious Animus Toward Plaintiff ..... 12

C. Dismissal Should Be With Prejudice ..... 13

IV. CONCLUSION ..... 14


BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

Air Line Pilots v. O'Neill,
499 U.S. 65 (1991) .......... 6, 8

Archer v. Airline Pilots,
609 F.2d 934 (9th Cir. 1979) .......... 5

Bautista v. Pan Am. World Airlines,
828 F.2d 546 (9th Cir. 1987) .......... 6

Behringer v. Cal. Polytechnic State Univ.,
No. 23-CV-934, 2023 WL 6811813 (C.D. Cal. Sep. 15, 2023) .......... 11

Bray v. Alexandria Women's Health Clinic,
506 U.S. 263 (1993) .......... 11

Burkevich v. Air Line Pilots,
894 F.2d 346 (9th Cir. 1990) .......... 6

Carpenters Local 610 v. Scott,
463 U.S. 825 (1983) .......... 11

DelCostello v. Teamsters,
462 U.S. 151 (1983) .......... 3, 5

Demetris v. Transp. Workers,
862 F.3d 799 (9th Cir. 2017) .......... 6, 7

Ebner v. Fresh, Inc.,
838 F.3d 958 (9th Cir. 2016) .......... 13

Elec. Workers v. Foust,
442 U.S. 42 (1979) .......... 4

Ford Motor Co. v. Huffman,
345 U.S. 330 (1953) .......... 6, 8

Galindo v. Stoody Co.,
793 F.2d 1502 (9th Cir. 1986) .......... 5, 6

Great Am. Fed. Sav. & Loan Ass'n v. Novotny,
442 U.S. 366 (1979) .......... 12

Griffin v. Breckenridge,
403 U.S. 88 (1971) .......... 11, 12

Herring v. Delta Airlines,
894 F.2d 1020 (9th Cir. 1990) ........ 6

Huey v. Honeywell, Inc.,
82 F.3d 327 (9th Cir. 1996) ........ 5

Humphrey v. Moore,
375 U.S. 335 (1964) ........ 6

Jay v. SEIU United Healthcare Workers W.,
203 F. Supp. 3d 1024 (N.D. Cal. 2016) ........ 7

Knowles v. Pac. Gas & Elec.,
No. 07-CV-2284, 2008 WL 2705097 (N.D. Cal. Jul. 8, 2008) ........ 7

Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc.,
32 F.2d 195 (2d Cir. 1929) ........ 5

Madison v. Motion Picture Set Painters,
132 F. Supp. 2d 1244 (C.D. Cal. 2000) ........ 4

Metro. Life Ins. Co. v. Taylor,
481 U.S. 58 (1987) ........ 4

Moore v. Bechtel Power Corp.,
840 F.2d 634 (9th Cir. 1988) ........ 6

Motor Coach Emps. v. Lockridge,
403 U.S. 274 (1971) ........ 7

Price v. S. Pac. Trans. Co.,
586 F.2d 750 (9th Cir. 1978) ........ 5

Saliba v. Allied Pilots,
No. CV-22-1025, 2023 WL 2648141 (D. Ariz. Mar. 27, 2023) ........ 7

Seitz v. Teamsters,
No. 23-CV-1716, 2023 WL 6883358 (N.D. Cal. Oct. 17, 2023) ........ 4

Steckman v. Hart Brewing,
143 F.3d 1293 (9th Cir. 1998) ........ 14

Steelworkers v. Rawson,
495 U.S. 362 (1990) ........ 3, 7

Stevens v. Moore Bus. Forms,
18 F.3d 1443 (9th Cir. 1994) ........ 6

Stroble v. Walmart,
No. 23-35287, 2024 WL 1612240 (9th Cir. Apr. 15, 2024) ........ 13

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Truesdell v. S. Cal. Permanente Med. Grp.,
151 F. Supp. 2d 1161 (C.D. Cal. 2001) ... 7

Vaca v. Sipes,
386 U.S. 171 (1967) ... 6

Valdez v. Grisham,
676 F. Supp. 3d 1021 (D.N.M. 2022) ... 8

**State Cases**

Daley v. Regents of the Univ. of Cal.,
39 Cal. App. 5th 595 (2019) ... 9

Dennis v. Southard,
174 Cal. App. 4th 540 (2009) ... 10

**Federal Statutes**

29 U.S.C. § 151 ... 4

42 U.S.C. § 1985 ... 1, 11, 12, 13, 14

**Rules**

Fed. R. Civ. P. 15 ... 2, 13

**Other Authorities**

CACI No. 530A ... 9, 10

CACI No. 530B ... 9, 10

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Daniel B. Martin is a licensed deck officer who works aboard oceangoing vessels, including ships operated by Defendant Matson Navigation Company ("Matson"). The union that represents him in that work is Defendant International Organization of Masters, Mates & Pilots ("Union"). In August 2021, employees were notified about a memorandum of understanding ("MOU") Matson and the Union had negotiated that, as relevant here, allowed Matson to require deck officers who sought to work aboard its vessels to obtain vaccination against COVID-19. Plaintiff decided not to become vaccinated. He also protested the requirement to both the Union and Matson, and sought a religious exemption from Matson. However, when those avenues did not result in Plaintiff being allowed to work for Matson without vaccination, he waited until September 2023 to file this lawsuit against both the Union and Matson.

The Third Amended Complaint [Dkt. 66] ("TAC") states two causes of action: medical battery and violation of 42 U.S.C. § 1985. Plaintiff previously stated that he was not making a medical battery claim against the Union [Dkt. 59-1 at 3], but it is not clear from the face of the Third Amended Complaint whether that remains the case. In order to ensure that the Union does not waive any arguments, the Union here argues, as it has in prior motions, that the state tort claim is preempted by the federal duty of fair representation and, analyzed as such, is untimely. In any event no facts show that the Union breached its duty to Plaintiff in negotiating the MOU. The federal discrimination claim is not cognizable because Plaintiff has not alleged facts showing discrimination even by Matson, much less by the Union, and his claim of religious bias, even if supported by factual allegations, is not cognizable under Section 1985. No further amendment can rescue Plaintiff's claims, so dismissal should be with prejudice.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

## II. BACKGROUND

### A. Summary of Factual Allegations[1]

Plaintiff alleges he is a licensed deck officer who works mainly aboard oceangoing vessels out of the Port of Oakland. TAC ¶ 5. The Union represents such officers in their employment with shipping companies like Matson. TAC ¶¶ 6–7. On August 26, 2021, the MOU was posted at the Union's dispatch hall in Oakland, alerting Union members that as of October 1, 2021, licensed deck officers would need to be vaccinated against COVID-19 in order to be employed aboard a Matson vessel. TAC ¶¶ 16–18. Plaintiff objected in writing to this requirement on September 20, 2021. TAC ¶ 19. On December 22, 2021, Plaintiff requested a grievance hearing with the Union. TAC ¶ 23. After a telephone hearing, the Union declined to file a grievance on February 14, 2022. TAC ¶ 24. Plaintiff also sought but did not receive a religious exemption from Matson. TAC ¶¶ 21, 22. Nevertheless, Plaintiff continued to object to receiving the vaccine and thus "was barred from working on a Matson vessel . . . ." TAC ¶ 27. Plaintiff alleges that other persons aboard Matson vessels were not subject to vaccine requirements. TAC ¶ 35. He also asserts that "[n]one of the vaccines available prevented infection with and transmission of COVID-19." TAC ¶ 36.

### B. Procedural History

Plaintiff initiated this action on September 22, 2023. Defendants moved to dismiss the original complaint and, in lieu of opposing the motions, Plaintiff filed a First Amended Complaint [Dkt. 23] ("FAC") as of right under Federal Rule of Civil Procedure 15(a)(1)(B) on December 12, 2023. Defendants again moved to dismiss. This time Plaintiff opposed, and Defendants filed reply memoranda. Before the Court issued any decision on the motion, however, Plaintiff sought and received additional time from the Court to find counsel. Ultimately, Plaintiff did find counsel, who filed on Plaintiff's behalf a Second Amended Complaint on April 5, 2024. [Dkt. 47.] The Court construed the filing as a motion for leave to amend, which Defendants did not oppose. Then, the day before Defendants' responses were due, Plaintiff filed a motion for leave to amend [Dkt. 53] and attached a proposed Third Amended Complaint. Defendants timely filed motions to dismiss the

---

[1] The allegations are presumed true solely for purposes of this Motion.

Second Amended Complaint [Dkt. 54, 55] and oppositions to the motion for leave to amend [Dkt. 56, 57]. The Court granted leave to amend and therefore denied the motions to dismiss as moot without reaching the merits of those motions. [Dkt. 65] Plaintiff filed the TAC [Dkt. 66] and the Union now moves to dismiss.

## III. ARGUMENT

### A. The Medical Battery Claim—to the Extent Asserted Against the Union—Should Be Dismissed

Responding to the Union's motion to dismiss the Second Amended Complaint, Plaintiff asserted that he

> [a]cknowledges case law indicating that the federal duty of fair representation preempts a tort claim *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 367, (1990), and that such a claim in Mr. Martin's case would be untimely under the standard the Supreme Court recognized in *DelCostello v. Teamsters*, 462 U.S. 151, 172 (1983).
>
> Accordingly, he has filed for leave to amend his complaint to exclude the duty of fair representation claim. Dckt. No. 53.

[Dkt. 59-1 at 3–4.] However, the Third Amended Complaint asserts that via the MOU, "Matson and MM&P conspired to exert coercive pressure upon Mr. Martin to accept unwanted medical treatment by threatening his livelihood." TAC ¶ 42. The Union is therefore not certain whether Plaintiff is, after all, attempting to state a medical battery claim against the Union or whether the conspiracy allegation is only an assertion of fact intended to show *Matson's* liability.

To the extent Plaintiff has changed his mind about the applicability of the medical battery cause of action, the Court should find that Plaintiff's statement quoted above constituted a voluntary dismissal with prejudice of that claim or an admission that he cannot maintain the claim against the Union. Therefore, the Court should construe the Third Amended Complaint as not alleging a medical battery claim against the Union or simply dismiss the medical battery claim against the Union because of the prior voluntary dismissal or admission.

Even if the Court analyzes the merits of the Union's motion to dismiss the medical battery claim, the claim should still be dismissed because Plaintiff is correct: The claim is preempted and thus untimely. Additionally, the Third Amended Complaint fails to allege facts sufficient to raise a

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

plausible claim that the Union acted arbitrarily, discriminatorily, or in bad faith. And even if not preempted, the Third Amended Complaint also fails to allege facts that plausibly state the elements of a medical battery claim under California law.

### 1. The Medical Battery Claim Is Preempted by the Duty of Fair Representation

As pointed out previously, "the court must look to the conduct at the heart of the controversy" to determine whether the claims arise under state law or the federal duty of fair representation. Madison v. Motion Picture Set Painters, 132 F. Supp. 2d 1244, 1256–59 (C.D. Cal. 2000); Seitz v. Teamsters, No. 23-CV-1716, 2023 WL 6883358, *13 (N.D. Cal. Oct. 17, 2023) ("[A] fair-representation claim that is simply given a different label should be treated by the court as a fair-representation claim."). The duty, not state law, applies to union representation activity, including "negotiation, administration, and enforcement of collective bargaining agreements." Elec. Workers v. Foust, 442 U.S. 42, 47 (1979).

That Plaintiff called his claim "medical battery" in the Third Amended Complaint rather than, for instance, "wrongful termination in violation of Plaintiff's right to refuse investigational / experimental medical products," as he did in the First Amended Complaint, does not change the "conduct at the heart of the controversy," Madison, 132 F. Supp. 2d at 1257, which is the Union's negotiation of the MOU with Matson and/or its choice not to file a grievance on Plaintiff's behalf. That conduct is core union representation activity, as the very purpose of a union under federal labor law is to deal with the employer regarding employees' terms and conditions of employment. See generally 29 U.S.C. § 151 (noting policy of the National Labor Relations Act). Indeed, the Third Amended Complaint makes crystal clear that the conduct at the heart of the claim is the Union's negotiation of the MOU. See TAC ¶¶ 33, 34.

#### (a) The Medical Battery Claim Recharacterized as a Duty of Fair Representation Claim is Untimely

Preempted claims are recharacterized as duty of fair representation claims, Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987), including as to the appropriate statute of limitations. The statute of limitations for a duty of fair representation suit is an intentionally short six months,

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

DelCostello v. Teamsters, 462 U.S. 151, 172 (1983), and "generally begins to run when an employee knows or should know of the alleged breach," Galindo v. Stoody Co., 793 F.2d 1502, 1509 (9th Cir. 1986).

Plaintiff alleges the MOU was posted at the Union dispatch hall on August 26, 2021. TAC ¶ 17. Because Plaintiff asserts the Union violated the law simply by agreeing to that MOU, the statute of limitations began running once he became aware of the agreement. See Archer v. Airline Pilots, 609 F.2d 934, 937 (9th Cir. 1979) (quoting Price v. S. Pac. Trans. Co., 586 F.2d 750, 754 (9th Cir. 1978)) ("To identify the time of accrual, courts look to (1) the date on which the last 'action by the Union of any consequence occurred'; and (2) 'the point at which any injury to (the union member) allegedly caused by the Union became fixed and reasonably certain.'"). It appears Plaintiff was aware as of the MOU posting date of August 26, but in any event he admits awareness by at latest September 20, 2021, the date he objected to the MOU in writing. See TAC ¶ 19. While the Third Amended Complaint is vague as to whether Plaintiff filed his objection only with Matson or also with the Union, the First Amended Complaint made clear that he did send the objection to the Union. FAC ¶ 18. The Court can rely on this prior allegation because

> [w]hen a pleading is amended . . . , the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent.

Huey v. Honeywell, Inc., 82 F.3d 327, 333 (9th Cir. 1996) (quoting Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc., 32 F.2d 195, 198 (2d Cir. 1929)). Therefore, Plaintiff knew or should have known of any claim against the Union related to bargaining the MOU by at latest September 20, 2021, so the latest date by which Plaintiff could have filed a duty of fair representation claim was March 20, 2022.

Similarly, any claim related to the Union's determination not to file a grievance on Plaintiff's behalf is also time-barred because Plaintiff was aware the Union would not do so by February 14, 2022. TAC ¶ 24. Thus, any claim regarding that decision needed to be filed by August 14, 2022.

Because Plaintiff did not file this action until September 2023, and because he alleges no facts giving rise to tolling or estoppel, the claim should be dismissed as time-barred.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

**(b) The Medical Battery Claim Recharacterized as a Duty of Fair Representation Claim Fails to Allege Arbitrary, Discriminatory, or Bad Faith Conduct by the Union**

Preemption of the medical battery cause of action also requires application of the substantive standards of the duty of fair representation, under which the Union can only be liable for arbitrary, discriminatory, or bad-faith conduct.

Because a union must represent disparate—sometimes conflicting—groups and has scarce resources, the courts are deferential to a union's decisions, and will not second-guess them as long as they are not "arbitrary, discriminatory or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967). Unions enjoy a wide range of bargaining latitude: "The complete satisfaction of all who are represented is hardly to be expected. A wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents . . . ." Ford Motor Co. v. Huffman, 345 U.S. 330, 338 (1953). Thus, the Ninth Circuit has acknowledged that the duty of fair representation doctrine should be "narrowly construed," Galindo, 793 F.2d at 1514, because a union "must be able to focus on the needs of its whole membership without undue fear of law suits," Herring v. Delta Airlines, 894 F.2d 1020, 1023 (9th Cir. 1990) (citing Bautista v. Pan Am. World Airlines, 828 F.2d 546, 549 (9th Cir. 1987)).

Discretionary conduct is inherently not arbitrary. Demetris v. Transp. Workers, 862 F.3d 799, 805 (9th Cir. 2017). "Therefore, [the] threshold inquiry . . . must be to determine whether the alleged conduct involved judgment or . . . was merely ministerial or procedural in nature," id. (citing Burkevich v. Air Line Pilots, 894 F.2d 346, 349 (9th Cir. 1990)), and "[i]f it is a union's judgment that is in question . . . the plaintiff may prevail only if the union's conduct was discriminatory or in bad faith." Moore v. Bechtel Power Corp., 840 F.2d 634, 636 (9th Cir. 1988).

In any event, a union's conduct is arbitrary only if it lacks a rational basis, Stevens v. Moore Bus. Forms, 18 F.3d 1443, 1447 (9th Cir. 1994), or "is so far outside a 'wide range of reasonableness' as to be irrational," Air Line Pilots v. O'Neill, 499 U.S. 65, 67 (1991) (citation omitted) (quoting Huffman, 345 U.S. at 338). Bad faith requires "substantial evidence of fraud, deceitful action or dishonest conduct." Humphrey v. Moore, 375 U.S. 335, 348 (1964); see also

Demetris, 862 F.3d at 808. The discrimination prong is equally deferential and can only be proven "where the aggrieved members set forth 'substantial evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives.'" Id. at 806 (quoting Motor Coach Emps. v. Lockridge, 403 U.S. 274, 301 (1971)).

This Motion should therefore be granted unless Plaintiff has alleged facts that plausibly rise to the level of arbitrary, discriminatory, or bad-faith conduct. Conclusory allegations do not suffice. See, e.g., Jay v. SEIU United Healthcare Workers W., 203 F. Supp. 3d 1024, 1041–42 (N.D. Cal. 2016) (dismissing duty of fair representation claim because complaint "does not provide enough facts . . . to draw a reasonable inference" of breach); Knowles v. Pac. Gas & Elec., No. 07-CV-2284, 2008 WL 2705097, *6 (N.D. Cal. Jul. 8, 2008) (dismissing duty of fair representation claim because "[p]laintiffs do not provide any facts that explain how [the union]'s failure to act constituted fraud, deceitful action or dishonest conduct").

Plaintiff's personal dissatisfaction with a vaccination requirement—no matter how fervent—does not entitle him to relief. See Saliba v. Allied Pilots, No. CV-22-1025, 2023 WL 2648141, *6 (D. Ariz. Mar. 27, 2023) (denying plaintiff's duty of fair representation claim based on union's failure to oppose an employer airline's COVID-19 mask policy or "advance [his] idiosyncratic view"). "A union does not have a freestanding duty to address every problem, or even every workplace problem, that a bargaining-unit employee may have." Steelworkers v. Rawson, 495 U.S. 362, 374–75 (1990). To establish the Union's liability, "it is not enough that the union's representation does not meet Plaintiff's expectations . . . ." Truesdell v. S. Cal. Permanente Med. Grp., 151 F. Supp. 2d 1161, 1170 (C.D. Cal. 2001). Plaintiff may have wanted the Union to capitulate to his beliefs about the vaccine, but the Union's choice not to do so, and to instead promote the health and safety of its members at large, does not mean it acted arbitrarily, discriminatorily, or in bad faith.

#### (i) The Allegations Do Not Show Arbitrary Conduct

Bargaining an agreement is inherently an exercise of discretion. Therefore, the arbitrary prong does not even apply. Demetris, 862 F.3d at 805. But even if it did, the allegations of fact do not reflect arbitrary decision-making by the Union.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

While Plaintiff asserts the vaccines did not stop transmission of COVID-19 and other persons were allowed to work aboard Matson vessels without being vaccinated, these allegations do not give rise to a plausible claim that the Union acted arbitrarily in negotiating the MOU because they fall far short of showing that the Union's conduct was "irrational" under O'Neill, 499 U.S. at 67.

The vaccines' failure to provide full immunity does not lead to a plausible conclusion that it is irrational to nevertheless agree to a vaccination requirement. Plaintiff does not allege that the vaccines cause any particular harm, he does not allege that COVID-19 is harmless, and he does not allege that the vaccine is completely ineffective. As in Valdez v. Grisham, 676 F. Supp. 3d 1021 (D.N.M. 2022), and cases cited therein, Plaintiff has not established that there was an utter lack of legitimate basis for the Union to bargain the MOU.

Whatever rules are applicable to other workers—who are not represented by the Union—are irrelevant to the question of whether *the Union's* bargaining conduct for its own members was arbitrary. Therefore, the allegation that others were allowed aboard Matson vessels without vaccination does not show the Union's conduct was arbitrary.

**(ii) The Allegations Do Not Show Discrimination**

Plaintiff claims the Union's conduct reflected animus toward the unvaccinated and toward those with religious beliefs against vaccination.

There is no basis for finding unvaccinated persons to be a protected class under the antidiscrimination prong of the duty of fair representation. In any event, the Third Amended Complaint does not contain any allegations that would tend to show that the Union is biased against the unvaccinated, such as statements or other conduct reflecting that bias. That the MOU resulted in members like Plaintiff not being able to work at Matson is not discrimination; it reflects only that "complete satisfaction of all who are represented" is not always possible. Huffman, 345 U.S. at 338.

Plaintiff has not alleged any facts tending to show the Union's actions were related to his religion. The Third Amended Complaint lacks any allegations of bias by the Union against anyone of any religion. Indeed, Plaintiff has not even alleged what his religious belief is. He has only alleged that he told Matson he wanted a religious accommodation. Plaintiff says that "without any genuine

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

option for religious accommodation," the reason for the Union and Matson's action must be discrimination, TAC ¶ 39, but Plaintiff has not alleged that there was no "genuine option" for accommodation. All he alleges is that Matson asked him to make a request for accommodation and then denied it. He has never, in any of his four complaints, made any further allegations that would suggest Matson was incorrect to do so, much less that Matson's option for Plaintiff to make a religious accommodation request was not "genuine."

Moreover, the only allegations related to religious accommodation deal only with Matson; there is not a single allegation of fact about the Union's treatment of religious issues. Therefore, there is no way to plausibly conclude from the allegations in the Third Amended Complaint that the Union acted out of religious bias toward Plaintiff and others like him.

**(iii) The Allegations Do Not Show Bad Faith**

Finally, Plaintiff does not appear to assert the Union acted in bad faith, and the allegations certainly fall far short of fraud, deceit, or dishonesty. Indeed, the allegations reflect forthrightness, as Plaintiff asserts that the MOU was posted in the Union hall with advance notice of the impending deadline to become vaccinated, and that the Union engaged in a telephone hearing with him regarding his desire to file a grievance.

* * *

Therefore, the allegations do not raise a plausible claim for breach of the duty of fair representation, and the preempted battery cause of action should be dismissed even if it was timely filed.

**2. Even If Not Preempted, the TAC Fails to Allege Sufficient Facts to State a Plausible Medical Battery Claim**

Even if the medical battery claim against the Union were not preempted, it would fail on its merits. Under California law, medical battery is a species of battery arising from a medical provider's failure to obtain consent to the particular physical contact inflicted on the patient. See Daley v. Regents of the Univ. of Cal., 39 Cal. App. 5th 595, 602 (2019). Thus,

> [t]here are two form [jury] instructions for medical battery: (1) CACI No. 530A, which is to be used when it is alleged the defendant performed a medical procedure without the plaintiff's consent; and (2) CACI No. 530B, which is to be used when a

> plaintiff gave conditional consent to a medical procedure and when it is alleged that the defendant proceeded without the condition having been satisfied.

Dennis v. Southard, 174 Cal. App. 4th 540, 543 (2009). CACI No. 530A states, in full,

> [Name of plaintiff] claims that [name of defendant] committed a medical battery. To establish this claim, [name of plaintiff] must prove all of the following:
>
> 1. [That [name of defendant] performed a medical procedure without [name of plaintiff]'s consent; [or]]
>
> [That [name of plaintiff] consented to one medical procedure, but [name of defendant] performed a substantially different medical procedure;]
>
> 2. That [name of plaintiff] was harmed; and
>
> 3. That [name of defendant]'s conduct was a substantial factor in causing [name of plaintiff]'s harm.
>
> A patient can consent to a medical procedure by words or conduct.

Similarly, CACI No. 530B states, in full,

> [ Name of plaintiff ] claims that [ name of defendant ] committed a medical battery. To establish this claim, [ name of plaintiff ] must prove all of the following:
>
> 1. That [ name of plaintiff ] consented to a medical procedure, but only on the condition that [ describe what had to occur before consent would be given ];
>
> 2. That [ name of defendant ] proceeded without this condition having occurred;
>
> 3. That [ name of defendant ] intended to perform the procedure with knowledge that the condition had not occurred;
>
> 4. That [ name of plaintiff ] was harmed; and
>
> 5. That [ name of defendant ]'s conduct was a substantial factor in causing [ name of plaintiff ]'s harm.
>
> A patient can consent to a medical procedure by words or conduct.

It cannot be plausibly concluded from allegations in the Third Amended Complaint that the Union can be held liable for medical battery. In particular, there is no allegation that the Union inflicted any touching at all on Plaintiff. The gravamen of Plaintiff's complaint is that he declined a vaccine, *i.e.* he was effective in refusing a touching to which he did not consent. Moreover, it certainly cannot be said from Plaintiff's allegations that the Union "performed a medical procedure" on Plaintiff.

Therefore, even if the claim is not preempted, there are no facts alleged that give rise to a plausible medical battery claim, and this cause of action should be dismissed.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

### B. The Section 1985 Claim Should Be Dismissed

#### 1. Plaintiff's Desire Not to Be Vaccinated Does Not Make Him a Member of a Protected Class

Plaintiff appears to implicitly acknowledge that 42 U.S.C. § 1985(3) "'provides no substantive rights itself' to the class conspired against[, so t]he rights, privileges, and immunities that § 1985(3) vindicates must be found elsewhere . . . ." Carpenters Local 610 v. Scott, 463 U.S. 825, 833 (1983). Thus, Plaintiff argues that "Matson and MM&P conspired to deprive Mr. Martin of the right to the enjoyment of his profession, and of the compensation available to him for the exercise of his profession because he was unvaccinated against COVID-19 and / or because he held religious beliefs against COVID-19 [sic] . . . ." TAC ¶ 44.

Such an argument, even if there were sufficient factual basis to support it, does not state a claim under Section 1985(3). Rather, "plaintiff must allege that he was denied equal protection because of 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" Behringer v. Cal. Polytechnic State Univ., No. 23-CV-934, 2023 WL 6811813, *6 (C.D. Cal. Sep. 15, 2023) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). Thus, in Behringer, the Central District found that belonging to the group of persons who oppose "Covid-19 public health measures cannot meet that element" because that group is not a suspect or quasi-suspect class and Congress has not indicated that group requires any special protection. Id. A protected class under Section 1985(3) is "something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 269 (1993). Therefore, even on the assumption that the Union does disfavor the unvaccinated, Plaintiff cannot maintain a claim under Section 1985(3) for deprivation on that basis. No additional facts can be pleaded to cure this deficiency, so there is no basis to permit further amendment.

#### 2. The Religion Claim Is Not Cognizable Under Section 1985

As to the religion-based prong of Plaintiff's claim, the right to be free of religious discrimination in private employment arises from Title VII of the Civil Rights Act of 1964. The Supreme Court has stated that Section 1985(3) cannot be used to incorporate Title VII employment

rights because Congress created a significant administrative structure for the vindication of those rights, and required exhaustion of administrative procedures before proceeding to court. Avoiding those procedures by skipping straight to federal court, artfully pleading a Section 1985(3) violation rather than a Title VII violation, would frustrate congressional intent. Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366 (1979). Therefore, Plaintiff's religious discrimination claim related to his employment with Matson is not cognizable under Section 1985(3), and no amount of further amendment can cure that deficiency in his pleading.

**3. Plaintiff Fails to Allege Facts to Raising a Plausible Claim That the Union Had Discriminatory Invidious Animus Toward Plaintiff**

Even if Plaintiff's refusal to receive the vaccine placed him in a protected class, and even if Plaintiff could bring a an employment-based religious discrimination claim under Section 1985(3), Plaintiff's factual pleadings fall far short of showing the "invidiously discriminatory animus," Griffin, 403 U.S. at 102, required to make out such a claim.

As noted above, Plaintiff's animus argument is that there was no genuine health justification for the vaccine requirement, so the only possible conclusion is that Defendants had animus against those who did not want to receive a vaccine. This logical leap does not hold up under scrutiny, not least because there *is* a genuine health justification for the vaccines: Mitigation of spread and severity of a deadly virus is a valid health justification for taking action even if that action cannot eliminate the virus entirely. In other words, the law does not require the perfect to be the enemy of the good. Thus, Plaintiff has alleged no facts tending to show the Union acted out of animus toward the unvaccinated.

The same is true regarding Plaintiff's religion claim. His argument is that no legitimate avenue was provided for religious exemption, which, to him, shows animus against religious beliefs. But Matson provided an opportunity for Plaintiff to apply for a religious exemption. Plaintiff's implicit claim, then, is that this opportunity was a sham. But there are no facts supporting that supposition. Plaintiff does not describe his request for exemption; he does not provide any facts that explain why the only lawful treatment by Matson would have been to grant that exemption; he does not explain—even on information and belief—what internal process Matson used to evaluate the

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

claim; and he does not allege any facts even tending to suggest Matson failed to honestly evaluate his exemption request. Most relevantly to this Motion, Plaintiff makes no factual allegation whatsoever regarding *the Union's* purported religious animus, because there is no allegation that the Union had anything to do with Matson's decision to deny a religious exemption, or that the Union's decision not to file a grievance was made because of animus against a religious belief. Even to the extent Plaintiff had some claim against Matson related to Matson's evaluation of his application for religious exemption, there are no allegations of fact that would support the Union's liability for Matson's actions.

As noted above, Plaintiff has not even alleged he has a sincere religious belief that prevents him from receiving a COVID-19 vaccine. He does not explain any basis for any such belief or how the rejection of a vaccine fits into his religious worldview. All he alleges about religion is that he asked for a religious exemption from Matson and Matson rejected it. Without explaining to the Court and Defendants on what basis Matson was supposed to grant the exemption, or on what basis the Union was supposed to take some action, there is no reason to find that Plaintiff has plausibly alleged religious discrimination.

* * *

For all of these reasons, the Section 1985(3) claim has no legal or factual basis and should be dismissed.

### C. <u>Dismissal Should Be With Prejudice</u>

When a complaint fails to state a claim, courts are to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The liberal policy "does not apply when amendment would be futile." <u>Ebner v. Fresh, Inc.</u>, 838 F.3d 958, 968 (9th Cir. 2016). "An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." <u>Stroble v. Walmart</u>, No. 23-35287, 2024 WL 1612240, *1 (9th Cir. Apr. 15, 2024) (internal quotations omitted).

Dismissal here should be with prejudice. As to the medical battery claim, the Union has made precisely the same arguments in its prior motions to dismiss, but no facts have been added addressing the deficiencies. In particular, Plaintiff has not shown any legally or equitably cognizable

excuse for failing to timely file. Nor has Plaintiff alleged any facts enhancing his claim that the Union acted arbitrarily, discriminatorily, or in bad faith. Finally, the medical battery claim—even if not preempted—cannot be revived by amendment because nothing can change that the Union is a labor organization, not a medical provider. Therefore, further leave to amend would be futile and the Court should exercise its discretion to deny such leave. See Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998).

Amendment of the Section 1985 claim is also futile because, as described above, the claim fails as a matter of law. Plaintiff is not making a racial or other class-based claim, and his religion claim is not cognizable under Section 1985. Additional factual allegations will not change those conclusions.

## IV. CONCLUSION

The Union respectfully requests that the Court dismiss the Third Amended Complaint *without* further leave to amend and enter judgment of dismissal.

DATED: August 28, 2024

BUSH GOTTLIEB, A Law Corporation

By: */s/ Jason Wojciechowski*
JASON WOJCIECHOWSKI
Attorneys for Defendant International Organization of Masters, Mates & Pilots, *erroneously sued as* Masters, Mates, & Pilots

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

**PROOF OF SERVICE**

**CASE NAME: DANIEL B. MARTIN v. MASTERS, MATES & PILOTS, ET AL.**
**CASE NO.: 3:23-cv-04859-RFL**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of . My business address is 801 North Brand Boulevard, Suite 950, Glendale, CA 91203-1260.

On August 28, 2024, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION OF INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS TO DISMISS THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 28, 2024, at Glendale, California.

*/s/ Judith Valenzuela*
Judith Valenzuela

**SERVICE LIST**
**CASE NAME: DANIEL B. MARTIN v. MASTERS, MATES & PILOTS, ET AL.**
**CASE NO.: 3:23-cv-04859-RFL**

Jennifer W. Kennedy, Esq.
61 S. Baldwin Avenue
Ste #1626
Sierra Madre, CA 91025
Email: jenniferkennedyesq@gmail.com

Edward Scott Lloyd
Lloyd Law Group, PLLC
Lloyd, Lemmon, & Hale, PLLC
15 Chester Street
Front Royal, VA 22630
540-823-1110
Email: scott@lloydlg.com

Jason Alex Geller
Fisher & Phillips LLP
One Montgomery Street, Suite 3400
San Francisco, CA 94104
Email: jgeller@fisherphillips.com

Hyunki John Jung
Fisher & Phillips
1 Montgomery Street
Ste 3400
San Francisco, CA 9410
Email: hjung@fisherphillips.com

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260