E. Scott Lloyd (Pro Hac Vice)
Virginia Bar # 76989
Lloyd Law Group, PLLC
15 Chester Street
Front Royal, VA 22630
Tel. (540) 823-1110
email: scott@lloydlg.com

Jennifer W. Kennedy (Local Counsel)
California Bar # 185406
61 S. Baldwin Ave. #1626
Sierra Madre, CA 91025-7076
(626) 888-2263
Email: jenniferkennedyesq@gmail.com

Attorneys for Plaintiff, DANIEL B. MARTIN,



**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANSICO DIVISION**

| | |
|---|---|
| DANIEL B. MARTIN,<br><br>Plaintiff,<br><br>vs.<br><br>MASTERS, MATES, & PILOTS<br><br>and<br><br>MATSON NAVIGATION CO.,<br><br>Defendants. | Case No. 3:23-cv-04859-RFL<br><br>**RESPONSE TO DEFENDANT MASTERS, MATES, & PILOTS MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Rita F. Lin<br>Date: November 5, 2024<br>Time: 10 a.m.<br>Crtrm.: 15 |

Lloyd Law Group, PLLC
15 Chester Street
FRONT ROYAL, VA 22630
(540) 823-1110

**PLAINTIFFS RESPONSE TO DEFENDANT INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Plaintiff DANIEL B. MARTIN, ("Plaintiff"), by and through his attorney, submits this response to International Organization of Masters, Mates & Pilots' ("MM&P's") motion to dismiss.

## I. RELEVANT FACTUAL BACKGROUND

As a Deck Officer, Mr. Martin had established a relationship with Matson, deploying several times on merchant voyages. He was only one deployment away from retirement as of October 1, 2021, and was planning to deploy with Matson.

Matson, along with Mr. Martin's union, Masters, Mates, & Pilots (MM&P), instituted a Requirement effective October 1, 2021, that no Member could be dispatched to a Matson vessel in any capacity unless that Member had received one of three proffered vaccines for COVID-19.

The practical effect of this Memorandum of Understanding was that, as of October 1, 2021, no Member could be dispatched to work on a vessel operated by Matson either in port or at sea unless the Member provided proof of having accepted a vaccination for COVID-19.

Mr. Martin objected to this requirement in multiple communications to both Matson and MM&P and went on to request a grievance hearing with MM&P, which it denied. Mr. Martin was barred from working on a Matson vessel as he had done in the past, despite personnel with different responsibilities working in the vicinity having no vaccination requirement. This lost opportunity amounted to the loss of both a year's income and his planned retirement.

## II. LEGAL STANDARD

Plaintiff agrees with Defendant that a motion to dismiss pursuant to Rule 12(b)(6) "To survive a motion to dismiss, a complaint must contain sufficient factual matter,accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

Lloyd Law Group, PLLC
15 Chester Street
FRONT ROYAL, VA 22630
(540) 823-1110

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Factual allegations must be enough to raise a right to relief above the speculative level," and "formulaic recitation of the elements of a cause of action" will not satisfy this requirement. *Twombly*, 550 U.S. at 555. "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim," *Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996), and even a liberal interpretation of a claim may not "supply essential elements of the claim," *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Dismissal is therefore appropriate where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533–34 (9th Cir. 1984)).

## ARGUMENT

### A. Mr. Martin Does Not Wish to Pursue His Tort Claims Against Defendant MM&P

As Mr. Martin has indicated in his response to the Motion to Dismiss the Second Amended Complaint in this case, he acknowledges case law indicating that the federal duty of fair representation preempts a tort claim *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 367, (1990), and that such a claim in Mr. Martin's case would be untimely under the standard the Supreme Court recognized in *DelCostello v. Teamsters*, 462 U.S. 151, 172 (1983).

Mr. Martin does not wish to pursue any element of his tort claims against MM&P as articulated in Count I of his Third Amended Complaint.

### B. Section 1985 provides protection for Mr. Martin in this Context

To bring a cause of action successfully under § 1985(3), a plaintiff must allege and prove four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges

and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828-29, 77 L. Ed. 2d 1049 , 103 S. Ct. 3352 (1983)

All of these elements are satisfied here—there was agreement between MM&P and Matson to fire people willing, able, and entitled to work on Matson ships if they were unvaccinated against COVID-19. They fired Mr. Martin, and he was deprived of his right to work and pursue his profession.

The Supreme Court in *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) clarified regarding 42 U.S.C. §1985, that "the language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all."

Courts have expanded that protection to groups of individuals who have not enjoyed heightened scrutiny under the Supreme Court's Equal Protection analysis.[1] The analysis is whether the group experiencing discrimination is a class, whether there is discriminatory animus, and whether the deprivation is of rights secured in the law to all.

Here, the class in question is the unvaccinated, with a subclass of those with religious beliefs against the unvaccinated. Mr. Martin is part of both groups, but acknowledges the protections afforded under Title VII of the Civil Rights Act for religious believers in the employment context, so he focuses on the class of unvaccinated.

[1] *Musko v. McClandless*, 1995 U.S. Dist. LEXIS 5911 (E.D. Pa. 1995), and *Trautz v. Weisman*, 819 F. Supp. 282 (S.D. N.Y. 1993) have acknowledged protections for the disabled under §1985.

Lloyd Law Group, PLLC
15 Chester Street
FRONT ROYAL, VA 22630
(540) 823-1110

Lloyd Law Group, PLLC
15 Chester Street
FRONT ROYAL, VA 22630
(540) 823-1110

While it is true that the Central District of California has ruled that a group of individuals objecting to the COVID-19 mitigation measures, including both vaccination and other measures not at issue here, are not a class for purposes of §1985, no binding authority prevents this Court from so finding.

Such a finding would accord with the purpose of §1985. In *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1537 (9th Cir. 1992), the Ninth Circuit acknowledged that women purchasers of disability insurance who alleged that insurance was sold to them at discriminatory rates are a class under §1985(c), because it is "well established that gender-based classifications may result in invidious discrimination." *Id* (citing *Life Insurance Co. of North America v. Reichardt*, 591 F.2d 499, 505 & n.16 (9th Cir. 1979)).

The reality post-COVID is that the same may be said of those who are unvaccinated against COVID-19. These individuals were singled out not only for loss of employment, education, and schooling, they were also subject to public shaming, death wishes, and personal harassment. Although much of this was couched in concern over public health, Plaintiff thinks it uncontroversial to assert that often the opposition the unvaccinated felt went far beyond concern over public health and deeply into the realm of invidiousness.

In this case, the invidiousness may be identified by the lack of any genuine public health justification for the mandate as applied. While MM&P claims that it was over concern for public health, the reality is that other members of Matson's operations, operating in close proximity, were not subject to the same requirement. Futhermore, the vaccinated could also catch and spread COVID-19, and this was known publicly at the time.

## III. <u>CONCLUSION</u>

For the foregoing reasons, this Court should deny MM&P's motion to dismiss with respect to the §1985 conspiracy claims.

Dated: September 18, 2024

By: __/s/ E. Scott Lloyd ____________

E. Scott Lloyd
Virginia Bar # 76989
Lloyd, Lemmon, & Hale, PLLC
15 Chester Street
Front Royal, VA 22630
Tel. (540) 823-1110
scott@lloydlemmonhale.com
*Admitted Pro Hac Vice*

__/s/ Jennifer W. Kennedy________

Jennifer W. Kennedy
California Bar # 185406
61 S. Baldwin Ave. #1626
Sierra Madre, CA 91025-7076
(626) 888-2263
jenniferkennedyesq@gmail.com
*Local Counsel*

**Lloyd Law Group, PLLC**
15 Chester Street
FRONT ROYAL, VA 22630
(540) 823-1110