JASON WOJCIECHOWSKI (SBN 263911)
jasonw@bushgottlieb.com
SAMANTHA M. KENG (SBN 341550)
skeng@bushgottlieb.com
BUSH GOTTLIEB
A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Defendant International Organization of Masters, Mates & Pilots, *erroneously sued as* Masters, Mates, & Pilots

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

DANIEL B. MARTIN,

Plaintiff,

vs.

MASTERS, MATES & PILOTS, *et al.*,

Defendants,

**Case No. 23-cv-04859-RFL**

**INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Judge: Hon. Rita F. Lin
Date: November 5, 2024
Time: 10 a.m.
Crtrm.: 15

In reply to Plaintiff Daniel B. Martin's Response [Dkt. 74] to the International Organization of Masters, Mates & Pilots' ("Union") Motion to Dismiss [Dkt. 67], the Union respectfully requests that the Court dismiss the Third Amended Complaint [Dkt. 66] as to the Union, with prejudice, for the following reasons:

## I. THERE IS NO BASIS FOR EXPANDING § 1985(3)'S SCOPE TO COVER THE UNVACCINATED AS A CLASS

Plaintiff's § 1985(3) claim requires a conspiracy to deny equal protection and "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

While Plaintiff appears to be correct that there is not (yet) precedent binding on this Court holding that 42 U.S.C. § 1985 does not cover the unvaccinated as a class, he also has not pointed to any precedent cutting against the Central District's persuasive reasoning in Behringer v. California Polytechnic State University, No. 23-CV-934, 2023 WL 6811813 (C.D. Cal. Sep. 15, 2023), report and recommendation accepted, 2023 WL 6810244 (C.D. Cal. Oct. 16, 2023). In the only other § 1985(3) case raising this question of which counsel is aware, the Western District of Virginia held the same as in Behringer, stating that "[a] person's vaccination status, which is based on his choice as to whether to accept a vaccine, however 'coerced,' is not a 'discrete, insular, and immutable characteristic[] comparable to those characterizing classes such as race, national origin, and sex.'" Ford v. Northam, No. 22-CV-122, 2023 WL 2767780, at *9 (W.D. Va. Mar. 31, 2023), aff'd, No. 23-6410, 2023 WL 6057493 (4th Cir. Sep. 18, 2023), cert. denied, 144 S. Ct. 1358 (2024) (quoting Andreadakis v. Ctr. for Disease Control, No. 22-CV-52, 2022 WL 2674194, at *8 (E.D. Va. July 11, 2022)) (alteration in original).

Moreover, the reasoning of Behringer (and Ford) is sound. As the Central District noted, "[t]he reach of § 1985(3) can extend 'beyond race only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights.'" Behringer, 2023 WL 6811813, at *6 (quoting Orin v. Barclay, 272 F.3d 1207, 1217 n.4 (9th Cir. 2001)). Thus in Orin, the Ninth Circuit stated that the plaintiff had made no showing of governmental determination that the class of "abortion protestor[s] or . . . speaker[s] who would convey a religious message on a public college's campus" warranted special federal assistance. Orin, 272 F.3d at 1217 n.4. Similarly, Plaintiff has not identified any indication that the federal government has expressed a need to protect the unvaccinated.

The Court in Orin quoted Sever v. Alaska Pulp Corp., 978 F.2d 1529 (9th Cir. 1992), for the proposition discussed above. Nevertheless, Plaintiff himself cites Sever as supporting his claim, as he analogizes societal treatment of the unvaccinated with that of women. But it is far from "well established" that there is broad-based invidious

discrimination against the unvaccinated in the way that there is—and certainly was as of the time of Sever and Life Insurance Co. v. Reichardt, 591 F.2d 499 (9th Cir. 1979)—against women. The Ninth Circuit noted in Sever that women—who have been protected in Title VII among many other statutes—have been recognized as a federally protected class, as distinct from, for instance, "Holocaust revisionists," regarding whom there has been no special federal protection offered. McCalden v. Cal. Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990).

Plaintiff has cited no evidence bringing his proposed class into the same category as women or persons with disabilities. At the end of the day all he can point to is a *personal* belief that those who do not obtain vaccines are subject to unwarranted discrimination, which falls far short of what is needed to expand the coverage of § 1985(3). In particular, Plaintiff has pointed to nothing indicating that *Congress* regards the unvaccinated as warranting the coverage of the Ku Klux Klan Act.

Therefore, the § 1985(3) claim should be dismissed with prejudice, as no further factual pleading can cure this fundamental defect.

## II. PLAINTIFF'S ARGUMENT THAT THE UNION HAD INVIDIOUS ANIMUS TOWARD THE UNVACCINATED IS UNAVAILING

Even if the unvaccinated were a protected class, Plaintiff has not alleged facts suggesting that the Union entered into an agreement with Matson permitting a vaccination requirement out of discriminatory animus.

Plaintiff argues that because not all persons aboard Matson ships needed to be vaccinated, that must mean the Union had animus against the unvaccinated because it shows that its public health rationale was a mere pretext.

Preliminarily, this argument fails as to its factual premise: There are no allegations regarding any Union assertions about the reasons it agreed to the terms on which Matson could issue a vaccine mandate. Therefore, there is no basis for finding a plausible claim that the reality did not match its asserted rationale.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Moreover, even if Plaintiff offered to plead that, for instance, the Union made contemporaneous statements that it was agreeing to vaccine mandates with covered employers in order to contribute to public health, the fact that other persons aboard Matson vessels did not require vaccination does not plausibly undermine that rationale. There is no allegation that the Union had any bargaining rights with respect to those other persons. Therefore, even supposing the Union was aware of them, it was faced with a choice: increase the number of vaccinated persons aboard the vessels by agreeing to permit Matson to implement a mandate with respect to the employees the Union represents, or decrease the number by refusing to agree to such a rule. Plaintiff cannot and does not challenge the basic fact that vaccination *mitigates*—even if it does not eliminate—spread and severity of COVID-19. Therefore, even supposing the Union's basis for agreeing to the mandate really was public health, it is not inconsistent with that basis for the Union to have done its part by agreeing to terms that would increase vaccination uptake within the group—its represented members—regarding whom it could bargain. The Union had no control over anything but its own bargaining. It is not inconsistent or suggestive of the Union's animus that other groups and individuals may have made different choices than the Union did.

Plaintiff's other argument that the Union displayed invidiousness is that the vaccines are not perfect at preventing spread. As the Union noted in its Motion, this is a similar species of argument as the above: Under Plaintiff's theory, if the vaccine could not be made perfect, then it should not have been given at all, so the only reason the Union would agree to the mandate is because it hates the unvaccinated as a class. Nobody would accept this argument as applied to, for instance, seat belts. Belted drivers die daily. Yet it beggars belief that the government nevertheless issues seat belt mandates not as a public health measure but because it hates the unbelted. Just so here: the fact that the Union did not let the perfect be the enemy of the good does not suggest that the Union's real motive was to cost Plaintiff and those like him his job.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Therefore, Plaintiff's arguments that the Third Amended Complaint has plausibly alleged the element of invidiousness are not persuasive.

## III. **CONCLUSION**

For the reasons stated in the Motion and those stated above, Plaintiff has not alleged facts giving rise to a § 1985(3) claim against the Union. The arguments in Plaintiff's Response to the Motion show that further amendment would be futile; no further facts can save his claim, which is *legally* insupportable. Therefore, the Union respectfully requests that the Court dismiss the Third Amended Complaint against it with prejudice.

DATED: September 25, 2024

BUSH GOTTLIEB, A Law Corporation

By: */s/ Jason Wojciechowski*
JASON WOJCIECHOWSKI
Attorneys for Defendant International Organization of Masters, Mates & Pilots, *erroneously sued as* Masters, Mates, & Pilots

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

# PROOF OF SERVICE

**CASE NAME: DANIEL B. MARTIN v. MASTERS, MATES & PILOTS, ET AL.**
**CASE NO.: 23-cv-04859-RFL**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 801 North Brand Boulevard, Suite 950, Glendale, CA 91203-1260.

On September 25, 2024, I served true copies of the following document(s) described as **INTERNATIONSL ORGANIZATION OF MASTERS, MATES & PILOTS' REPLY IN SUPPORT OF MOTION TO DISMISS** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 25, 2024, at Glendale, California.

/s/ Ian Zulueta
Ian Zulueta

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

**SERVICE LIST**
**CASE NAME: DANIEL B. MARTIN v. MASTERS, MATES & PILOTS, ET AL.**
**CASE NO.: 23-cv-04859-RFL**

Jennifer W. Kennedy, Esq.
61 S. Baldwin Avenue
Suite 1626
Sierra Madre, CA 91025

Email: jenniferkennedyesq@gmail.com

Edward Scott Lloyd
Lloyd Law Group, PLLC
Lloyd, Lemmon, & Hale, PLLC
15 Chester Street
Front Royal, VA 22630

E-Mail: scott@lloydlg.com

Jason Alex Geller
Fisher & Phillips LLP
One Montgomery St., Suite 3400
San Francisco, CA 94104

E-Mail: jgeller@fisherphillips.com

Hyunki John Jung
Fisher & Phillips
1 Montgomery St., Suite 3400
San Francisco, CA 94104

E-Mail: hjung@fisherphillips.com