UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL B. MARTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>MASTERS, MATES, & PILOTS, et al.,<br><br>        Defendants. | Case No. 23-cv-04859-RFL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART AS MOOT MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 67, 69 |

Plaintiff Daniel Martin alleges that Defendant Matson Navigation Co. conspired with his union, Defendant Masters, Mates, & Pilots, to deprive him of his civil rights based on his unvaccinated status, in violation of 42 U.S.C. § 1985(3). Because unvaccinated people are not a protected class under § 1985(3), the motions to dismiss that claim are granted. The Court declines to exercise supplemental jurisdiction over the remaining state law claim for medical battery, which is dismissed without prejudice to being refiled in state court.

**I.   BACKGROUND**

The following is a recitation of the allegations of the Third Amended Complaint, which must be taken as true at this stage of the proceedings.

Martin is a licensed deck officer who has worked aboard merchant vessels, including those operated by Matson Navigation Co. ("Matson"). (Dkt. No. 66 ("TAC") ¶¶ 5, 8.) He is also a member of Masters, Mates, & Pilots ("the Union"), a maritime union. (*Id.* ¶ 6.) Beginning in October 2021, Matson and the Union required that all union members be

1

vaccinated against COVID-19 to be employed on Matson's vessels.  (*Id.* ¶¶ 16–18.)  Martin objected to this requirement and submitted a request for religious exemption, which Matson rejected.  (*Id.* ¶¶ 19–22.)  Subsequently, Martin requested a grievance hearing with the Union, after which it denied the grievance.  (*Id.* ¶¶ 23–24.)  Martin then sent a demand notice letter to Matson and the Union, but received no response.  (*Id.* ¶¶ 25–26.)  Because Martin ultimately refused to receive a COVID-19 vaccine, he was unable to work aboard a Matson vessel, resulting in a loss of income and his planned retirement.  (*Id.* ¶¶ 27–28.)

Based on the above allegations, Martin asserts a claim under 42 U.S.C. § 1985(3), as well as a state law claim for medical battery.  (*Id.* ¶¶ 41–45.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6).  *See* Fed. R. Civ. P. 12(b)(6).  To overcome a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of the elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959–60 (9th Cir. 2013) (cleaned up).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

In ruling on a Rule 12(b)(6) motion, the court "accept[s] all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."  *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009) (citation omitted).  But "allegations that are merely conclusory, unwarranted deductions of fact, or

unreasonable inferences" need not be accepted. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). "Dismissal is appropriate when the complaint lacks a cognizable legal theory or sufficient factual allegations to support a cognizable legal theory." *Saloojas, Inc. v. Aetna Health of Cal., Inc.*, 80 F.4th 1011, 1014 (9th Cir. 2023) (cleaned up).

### III.   DISCUSSION

#### A.   42 U.S.C. § 1985(3)

Martin asserts a claim under § 1985(3), which proscribes private conspiracies "to deny equal protection of the laws." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.3 (9th Cir. 1985) (en banc). As part of the Reconstruction-era Ku Klux Klan Act of 1871, now codified as 42 U.S.C. § 1985(3), Congress created a private cause of action "to protect individuals—primarily blacks—from conspiracies to deprive them of their legally protected rights." *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). Section 1985(3) provides a damages action "[i]f two or more persons in any State or Territory conspire . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). Under that section, "a plaintiff must show, *inter alia*, (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." *Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002) (per curiam) (cleaned up) (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993)).

It is also well-settled that § 1985(3) "should not be extended to every class which the artful pleader can contrive." *Id.* (cleaned up). While the Supreme Court "has not defined the parameters of a 'class' beyond race," it has made clear that "'the term unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) disfavors.'" *Id.* (quoting *Bray*, 506 U.S. at 269). Lower courts must therefore "exercise restraint in extending § 1985(3) beyond racial prejudice," *id.*, ensuring not to transform the section into "a generalized federal tort law to be invoked for any private tortious conspiracy,"

*Bretz*, 773 F.2d at 1028.

In this case, there are no allegations that Matson and the Union acted with discriminatory animus based on Martin's membership in a protected class. Martin argues that unvaccinated people are a protected class under § 1985(3). (*See* Dkt. No. 74 at 4; Dkt. No. 75 at 7.)[1] But Martin concedes, as he must, that no precedent extends § 1985 protection to unvaccinated status.

Nor does Martin offer a legally viable basis for his novel expansion of § 1985(3). To be sure, § 1985(3) applies beyond the "historical circumstances of reconstruction America," and the Ninth Circuit has recognized that this section protects groups beyond "southern blacks and their allies . . . against the Ku Klux Klan," such as women. *DeSantis v. Pac. Tel. & Tel. Co.*, 608 F.2d 327, 332–33 (9th Cir. 1979), *abrogated on other grounds by Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864 (9th Cir. 2001). But under Ninth Circuit precedent, "[§] 1985(3) is extended beyond race 'only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights.'" *Sever*, 978 F.2d at 1536 (quoting *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985)). This means that "the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." *Id.* (quoting *Schultz*, 759 F.2d at 718).

Applying that rule here, unvaccinated people are not a protected class under § 1985(3). Unlike racial minorities or women, unvaccinated people have not been "singled out for special federal protection," whether "legislative []or judicially crafted," and Martin identifies no indication to the contrary. *See id.* at 1537; *see also Behringer v. Cal. Polytechnic State Univ., San Luis Obispo*, No. 523CV00934, 2023 WL 6811813, at *6 (C.D. Cal. Sept. 15, 2023), *report and recommendation adopted*, No. 523CV00934, 2023 WL 6810244 (C.D. Cal. Oct. 16, 2023) (group opposed to COVID-19 public health measures is not a protected class under § 1985(3) because it "neither implicates even a quasi-suspect classification nor qualifies as membership in

---

[1] Citations to page numbers refer to the ECF pagination.

a congressionally protected group"); *cf. Ford v. Northam*, No. 7:22-CV-00122, 2023 WL 2767780, at *9 (W.D. Va. Mar. 31, 2023), *aff'd*, No. 23-6410, 2023 WL 6057493 (4th Cir. Sept. 18, 2023) (vaccination status cannot support "class-based, invidiously discriminatory animus" under § 1985(3), as it "is not a discrete, insular, and immutable characteristic comparable to those characterizing classes such as race, national origin, and sex" (cleaned up)).

Accordingly, the motions to dismiss the § 1985(3) claim are granted. Amendment would be futile because Martin's theory of § 1985(3) liability fails as a matter of law for the reasons explained above. *See Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020). Nor does Martin "state what additional facts [he] would plead if given leave to amend." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008); *see also Salameh v. Tarsadia*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A plaintiff may not in substance say 'trust me' and thereby gain a license for further amendment when prior opportunity to amend has been given."). Moreover, Martin has already amended his complaint three times and was on sufficient notice that further amendments would likely not be entertained.[2] In granting Martin's motion for leave to file the Third Amended Complaint, the Court cautioned Martin that it "is unlikely to grant any further leave to amend if the claims do not survive a motion to dismiss" given his multiple opportunities for amendment (Dkt. No. 65 at 1). *See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (cleaned up)). The § 1985(3) claim is therefore dismissed without leave to amend and with prejudice.[3]

---

[2] While Martin was proceeding *pro se* when he filed suit and the First Amended Complaint, both the Second and Third Amended Complaints were filed with the benefit of counsel.

[3] To the extent the Third Amended Complaint asserts a § 1985(3) claim based on Martin's religious beliefs concerning COVID-19, Martin concedes dismissal of that claim by failing to address the motions to dismiss it in his opposition briefs. *See Roy v. Contra Costa County*, No. 15-CV-02672-TEH, 2015 WL 5698743, at *3 n.7 (N.D. Cal. Sept. 29, 2015) ("When a non-moving party's opposition to a motion to dismiss fails to address the moving party's arguments regarding certain claims, the non-moving party has conceded that those claims fail."); *see also V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019) (explaining that "claims can be abandoned if their dismissal is unopposed"). Indeed, Martin essentially acknowledges as much, stating that he only "focuses on the class of unvaccinated."

### B. Jurisdiction Over State Law Claim

Martin's § 1985(3) claim is the only federal claim asserted in the Third Amended Complaint. As that claim has been dismissed, thus depriving the Court of federal question jurisdiction, and there is also no basis for diversity jurisdiction, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over the remaining state law claim for medical battery. *See Foster v. Wilson*, 504 F.3d 1046, 1051–52 (9th Cir. 2007). This case is at an early stage of the proceedings, and concerns over "judicial economy, convenience, fairness, and comity" weigh against exercising supplemental jurisdiction. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Accordingly, the medical battery claim is dismissed without prejudice for lack of subject matter jurisdiction, and the motions to dismiss that claim are denied as moot.

### IV. CONCLUSION

Based on the foregoing, the § 1985(3) claim is **DISMISSED WITH PREJUDICE**, and the medical battery claim is **DISMISSED WITHOUT PREJUDICE** to refiling in state court. The Clerk of the Court shall enter judgment in favor of Defendants and against Martin, and close the case.

**IT IS SO ORDERED.**

Dated: January 7, 2025

RITA F. LIN
United States District Judge

---

(*See* Dkt. Nos. 74 at 4, 75 at 7.) In any event, Martin does not allege sufficient facts to support a plausible inference that Defendants conspired against him because of his religion by instituting a vaccination requirement for employment. *See Sever*, 978 F.2d at 1538; *cf. Ford*, 2023 WL 2767780, at *10 (dismissing § 1985(3) claim where plaintiff "acknowledge[d] that the reason he was not permitted to work in the library was because he was not vaccinated, not because of his race"). As Martin identifies no reason to believe that he would be able to cure this defect, leave to amend would be futile. *See Kendall*, 518 F.3d at 1052.